IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>TEDDER INDUSTRIES, LLC,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 25-90805 (CML) |

**DEBTOR'S MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE SCHEDULES AND STATEMENT OF
<u>FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF</u>**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on January 12, 2025, at 1:00 p.m. (prevailing Central Time) in Courtroom 402, 4th floor, 515 Rusk Avenue, Houston, TX 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

1

Tedder Industries, LLC, as debtor and debtor-in-possession (the "**Debtor**"), files this *Debtor's Motion for Entry of an Order (I) Extending Time to File Schedules and Statement of Financial Affairs and (II) Granting Related Relief* (the "**Motion**"), and respectfully represents as follows:

## RELIEF REQUESTED

1. The Debtor requests an extension of the deadline for filing or providing schedules, statements and other documents (collectively, the "**Schedules and Statements**") required by, *inter alia*, § 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The current deadline for the Debtor to file its Schedules and Statements is December 22, 2025. The Debtor seeks an extension to file its Schedules and Statements by an additional thirty-two (32) days through and including **January 23, 2026**, for a total of 46 days from the Petition Date (as defined herein), without prejudice to the Debtor's ability to request an additional extension for cause shown.

2. The Debtor believes that the United States Trustee's Office does not oppose the relief requested in this Motion.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this chapter 11 case pursuant to 28 U.S.C. § 1334. This Motion constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

5. The Debtor confirms its consent to the entry of a final order by the Court in connection with this Motion.

6. The bases for the relief requested herein are sections 105(a) and 531 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9006, and rules 1001-1(d) and 9013(i) of the

Bankruptcy Rules for the Southern District of Texas (the "*Local Bankruptcy Rules*").

## BACKGROUND

7. The Debtor is a Texas limited liability company with its principal place of business in Idaho. Main Street Equity Interests and MSC Equity Holdings LLC, which together hold the majority of the Debtor's equity interest, are subsidiaries of Main Street Capital Corporation, the Debtor's secured lender. Main Street Capital Corporation is domiciled in Texas and Maryland.

8. The Debtor operates a consumer-brand manufacturing business within the firearms and accessories market, specializing in American-made, injection-molded gun holsters. Its products are distributed through multiple sales channels including institutional purchasers, business-to-business partners, and direct-to-consumer platforms. The Debtor operates in the marketplace as Alien Gear Holsters ("*Alien Gear*").

9. On December 8, 2025 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief (the "*Chapter 11 Case*"). The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case, and no statutory committee has been appointed.

## BASIS FOR RELIEF

### I. Cause Exists Under Rule 9006 to Extend the Time to File the Schedules and Statements

10. A debtor is required to file its Schedules and Statements within fourteen (14) days of the Petition Date. 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c). However, the bankruptcy court has authority to extend the debtor's time to file the Schedules and Statements upon a showing that "cause" exists. *See* Fed. R. Bankr. P. 1007(a)(5), 1007(c), and 9006(a). To show that cause exists for granting an extension, a debtor must only "demonstrate some justification for the issuance of

3

the order," and, absent a showing of bad faith or prejudice to an adverse party, the bankruptcy court will normally grant such extensions. *See Bryant v. Smith*, 165 B.R 176, 182 (W.D. Va. 1994).

11. The Debtor submits that cause exists to grant the requested extension to file its Schedules and Statements pursuant to Bankruptcy Rules 1007(c) and 9006(a). The Debtor believes that additional time beyond the current deadline is necessary to compile the significant number of documents and financial information necessary to accurately prepare the Schedules and Statements. The Debtor entered this Chapter 11 Case in a freefall. Accordingly, in the first week leading up to the first day hearing, the Debtor's management and professional advisors focused their efforts on preparing the various first day motions filed with the Court. [*See* Docket Nos. 3, 8, 9, 10, 11, 12, 13, 16, and 19]. After the first day hearing, the Debtor has focused on ensuring a smooth transition into this Chapter 11 Case, working to stabilize its operations and assure its employees, customers, and vendors that the Debtor will continue to operate in the ordinary course during the case. It is only in recent days that the Debtor's management has been able to turn its attention to gathering the information needed to prepare the Schedules and Statements. Realistically, however, the amount of time required to prepare the Schedules and Statements makes the December 22, 2025, deadline impossible for the Debtor and its proposed counsel to meet without causing significant disruption to its business and significant expense to the Debtor's estate.

12. The extension requested herein will not prejudice any creditor or other party in interest. The meeting of creditors has not yet been set. If this Motion is granted, the Debtor, with the assistance of its professionals, will continue to work diligently and expeditiously to prepare the Schedules and Statements within the additional time requested. Creditors and interested parties will not be harmed by the extension because the Debtor will file the Schedules and Statements in advance of any deadline for filing proofs of claim in this Chapter 11 Case.

13. Accordingly, the Debtor respectfully requests that the Court extend the deadline to file its Schedules and Statements for a total of forty-six (46) days from the Petition Date, without prejudice to its rights to request additional time for cause shown.

## **NOTICE**

14. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) all known secured creditors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtor; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the Southern District of Texas; (vi) the state attorneys general for the states in which the Debtor operates; and (vii) parties requesting notice under Bankruptcy Rule 2002. The Debtor submits that no further notice need be provided.

[*Remainder of page intentionally left blank*]

**PRAYER**

WHEREFORE, the Debtor respectfully requests entry of an order: (i) extending the Debtor's deadline to file the Schedules and Statements through and including **January 23, 2026,** and (ii) granting such further relief as is just and proper.

Dated: December 19, 2025                Respectfully submitted,

/s/ *Jeff P. Prostok*
Jeff P. Prostok (State Bar No. 16352500)
Mary Taylor Stanberry (State Bar No. 24143781)
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 214-4990
Email: jeff.prostok@vhh.law
           mary.stanberry@vhh.law

Candice M. Carson (State Bar No. 24074006)
J. Blake Glatstein (State Bar No. 24123295)
**VARTABEDIAN HESTER & HAYNES LLP**
2200 Ross Avenue, Suite 4600E
Dallas, Texas 75201
Telephone: (469) 654-1340
Email: candice.carson@vhh.law
           blake.glatstein@vhh.law

*Proposed Counsel to Debtor and Debtor-in-Possession*

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2025, a true and correct copy of the foregoing document was served upon (i) the Office of the U.S. Trustee for the Southern District of Texas; (ii) all known secured creditors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtor; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the Southern District of Texas; (vi) the State Attorneys' General for the States where the Debtor operates; and (vii) parties requesting notice under Bankruptcy Rule 2002.

/s/ Jeff P. Prostok
Jeff P. Prostok