IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| TEDDER INDUSTRIES, LLC,[1] | § | Case No. 25-90805 (CML) |
| | § | |
| | § | |
| Debtor. | § | |

**DEBTOR'S APPLICATION PURSUANT TO
11 U.S.C. § 327(a) FOR ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF VARTABEDIAN HESTER &
HAYNES LLP AS ATTORNEYS FOR THE DEBTOR AS OF DECEMBER 8, 2025**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Tedder Industries, LLC, as debtor and debtor-in-possession ("***Debtor***") hereby submits this application (the "***Application***") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to retain and employ Vartabedian Hester & Haynes LLP ("***VHH***") as bankruptcy attorneys for the Debtor, effective as of December 8, 2025. In support of this Application, the Debtor submits the declaration of Jeff P. Prostok, a partner of

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W. Riverbend Ave., Post Falls, ID 83854-8150.

VHH, which is attached hereto as **Exhibit B** (the "*Prostok Declaration*"). In further support of this Application, the Debtor respectfully states:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "*Court*") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief sought herein are sections 327(a) and 329 of title 11 of the United States Code (the "*Bankruptcy Code*"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "*Local Rules*"), and section R of the Procedures for Complex Cases in the Southern District of Texas (the "*Complex Case Procedures*").

## PROCEDURAL HISTORY

3. On December 8, 2025 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*").

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is authorized to operate its business and manage its properties as debtor in possession. No trustee or examiner has been requested or appointed in this Chapter 11 Case. No committee has been appointed in this Chapter 11 Case.

### VHH's Qualifications

5. The Debtor retained VHH as its bankruptcy counsel because of VHH's extensive experience and knowledge, both of matters relating to the issues at stake in this case

and the decades of experience in complex bankruptcy matters that the attorneys at VHH possess. The Debtor believes that VHH is both well-qualified and uniquely able to represent the Debtor in the most efficient and timely manner.

### SCOPE OF SERVICES

6. By this Application, the Debtor seeks authority to employ and retain VHH as of December 8, 2025, as its bankruptcy counsel to represent its interests regarding all matters related to this Chapter 11 Case (the "*Services*") pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

7. The Debtor submits that it is necessary and appropriate for it to employ and retain VHH to provide, among other things, the following Services:

   i. advise the Debtor with respect to its rights, duties, and powers in this Chapter 11 Case and as a debtor-in-possession continuing to operate and manage its business and assets;

   ii. assist and advise the Debtor concerning the negotiation and documentation of agreements, debt restructurings, and related transactions;

   iii. assist the Debtor in analyzing the claims of the Debtor's creditors and in negotiating with holders of claims;

   iv. review the nature and validity of liens asserted against property of the Debtor and advising the Debtor concerning the enforceability of such liens;

   v. assist the Debtor in its analysis of, and negotiations with, any creditors or third-party concerning matters related to, among other things, the assumption and rejection of executory contracts, asset dispositions, and financing or other transactions;

   vi. advise the Debtor concerning the actions that it might take to collect and to recover property for the benefit of the Debtor's estate;

   vii. represent the Debtor at hearings and other proceedings;

   viii. prepare, on behalf of the Debtor, all necessary and appropriate applications, motions, pleadings, proposed orders, schedules and other documents, and reviewing all financial and other reports to be filed in this Chapter 11 Case;

    ix.    counsel the Debtor in connection with the formulation, negotiation, and promulgation of one or more plans of reorganization Debtor and accompanying disclosure statements and related plan documents;

    x.    prepare, on behalf of the Debtor, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing;

    xi.    perform such other legal services as may be required or requested or as may otherwise be deemed in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law; and

    xii.    all such other legal services as may be necessary or appropriate in connection with the bankruptcy case.

8.    The Debtor requires knowledgeable counsel to render the above-described essential Services and believes that VHH is well-qualified to represent the Debtor's interests in this Chapter 11 Case.

## COMPENSATION RECEIVED BY VHH FROM THE DEBTOR

9.    Prior to the Petition Date, VHH received $150,000 as retainer advanced by the Debtor for work to be performed in connection with the preparation, filing, and prosecution of this Chapter 11 Case (the "***Retainer***"). Prior to the Petition Date, VHH applied a portion of the Retainer to pay its prepetition fees and expenses, including the filing fees incurred in connection with the commencement of the Chapter 11 Cases. As of the Petition Date, the Debtor did not owe VHH any amounts for legal services rendered before the Petition Date. VHH currently holds a Retainer in the amount of $71,856.00 and will hold such Retainer in trust pending further order of the Court. VHH has not received any other payments from the Debtor.

## TERMS OF RETENTION

10.    The Debtor requests that all legal fees and related costs and expenses incurred

by the Debtor on account of the Services rendered by VHH in this Chapter 11 Case be paid as administrative expenses of the Debtor's estate pursuant to sections 328, 330(a), 331, 503(b), and 507(a)(2) of the Bankruptcy Code. The Debtor understands and has agreed that VHH will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"), and any further orders of the Court. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any further Court orders, and the Fee Guidelines, the Debtor proposes to compensate VHH for Services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Prostok Declaration, and to reimburse VHH according to its customary reimbursement policies. The Debtor respectfully submits that VHH's rates and policies stated in the Prostok Declaration are reasonable.

## **NO ADVERSE INTEREST**

11.     Based upon the Prostok Declaration, the Debtor is satisfied that VHH (i) does not represent any other entity having an adverse interest to the Debtor, its estate, or any other party-in-interest in connection with this case; and (ii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee.  To the best of the Debtor's knowledge, VHH has no connection with creditors or any other party-in-interest except as otherwise noted in the Prostok Declaration, and the Debtor believes VHH is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.  The Debtor submits that the employment of VHH would be in the best interests of the Debtor, its estate, and creditors.

## NO DUPLICATION OF SERVICES

12. VHH will coordinate responsibilities and services rendered to the Debtor with any other professional employed by the Debtor during the pendency of this Chapter 11 Case to avoid any unnecessary duplications of effort and inefficiencies.

## LEGAL AUTHORITY

13. The Debtor seeks approval of this Application pursuant to sections 327(a) of the Bankruptcy Code. Section 327(a) authorizes a debtor, with the Court's approval, to employ "one or more attorneys…that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent the [debtor] in carrying out the [debtor's] duties under this title." 11 U.S.C. § 327(a).

14. Additionally, the Debtor requests approval of the employment of VHH effective as of December 8, 2025. Such relief is warranted pursuant to Local Rule 2014-1(b) because this Application is made within 30 days of the commencement of services by VHH and will not prejudice any parties-in-interest pursuant to Local Rule 2014-1(b).

15. The Debtor submits that, for all the reasons stated above and in the Prostok Declaration, the employment and retention of VHH as counsel to the Debtor is warranted under sections 327(a), 328(a), and 329 of the Bankruptcy Code.

## NO PRIOR REQUEST

16. No prior application for relief requested herein has been presented in this Chapter 11 Case.

## NOTICE

17. Notice of this Application will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the thirty (30) largest unsecured

claims against the Debtor; and (iii) parties requesting notice; all as set forth below. The Debtor submits that no further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit A**, authorizing the employment and retention of VHH as counsel for the Debtor, effective as of December 8, 2025, on the terms set forth above and in the Prostok Declaration, and granting the Debtor all other just and proper relief.

DATED: January 7, 2026　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Jeff P. Prostok*
　　　　　　　　　　　　　　　　　　　　Jeff P. Prostok (State Bar No. 16352500)
　　　　　　　　　　　　　　　　　　　　Mary Taylor Stanberry (State Bar No. 24143781)
　　　　　　　　　　　　　　　　　　　　**VARTABEDIAN HESTER & HAYNES LLP**
　　　　　　　　　　　　　　　　　　　　301 Commerce Street, Suite 2200
　　　　　　　　　　　　　　　　　　　　Fort Worth, Texas 76102
　　　　　　　　　　　　　　　　　　　　Telephone: (817) 214-4990
　　　　　　　　　　　　　　　　　　　　Email: jeff.prostok@vhh.law
　　　　　　　　　　　　　　　　　　　　　　　mary.stanberry@vhh.law

　　　　　　　　　　　　　　　　　　　　Candice M. Carson (State Bar No. 24074006)
　　　　　　　　　　　　　　　　　　　　J. Blake Glatstein (State Bar No. 24123295)
　　　　　　　　　　　　　　　　　　　　**VARTABEDIAN HESTER & HAYNES LLP**
　　　　　　　　　　　　　　　　　　　　2200 Ross Avenue, Suite 4600E
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　Telephone: (469) 654-1340
　　　　　　　　　　　　　　　　　　　　Email: candice.carson@vhh.law
　　　　　　　　　　　　　　　　　　　　　　　blake.glatstein@vhh.law

　　　　　　　　　　　　　　　　　　　　*Proposed Counsel to Debtor and*
　　　　　　　　　　　　　　　　　　　　*Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Application to Employ Vartabedian, Hester, & Haynes LLP was served upon the parties registered for service via the Court's ECF Electronic Notice and upon the parties on the attached Service List via United States Mail, first class postage prepaid, on January 7, 2026.

*/s/ Jeff P. Prostok*
Jeff P. Prostok