IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>TEDDER INDUSTRIES, LLC,[1]<br>　　Debtor. | Chapter 11<br>Case No. 25-90805 (CML)<br>Re: Docket No. 52 |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION
CLAIMS OF CRITICAL VENDORS, AND (II) GRANTING RELATED RELIEF**

Upon the *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Pay Prepetition Claims of Critical Vendors, and (II) Granting Related Relief* [Docket No. 8] (the "**Motion**")[2] for a final order (this "**Final Order**"), pursuant to sections 105(a), 363 and 1107(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) authorizing, but not directing, the Debtor to pay, in the ordinary course of business, prepetition Critical Vendor Claims, and (ii) granting related relief, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1408; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and this Court having determined that the legal and factual

---

[1] The last four digits of the Debtor's federal tax identification number is 7652. The location of the debtor' service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion

bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby **GRANTED** on a final basis as set forth herein.

2. The Debtor is authorized, but not directed, to pay in the ordinary course of the Debtor's business some or all of the prepetition Critical Vendor Claims, *provided*, that the aggregate amount of such payments shall not exceed $220,000 more than the Interim Cap (the "***Final Cap***"); *provided, however,* in the Debtor's sole discretion, the Debtor may supplement the list or amount of Critical Vendor Claims by filing with the Court, and serving on all appeared counsel, the U.S. Trustee, and counsel for the Secured Lender, five (5) days' notice of any material change thereto. Without any objection after five (5) days, the Debtor may amend the list or amount of Critical Vendor Claims to be paid in accordance with such notice. The Debtors shall have the right to request authority from this Court, after notice and a hearing, to pay any objected-to amounts owed to Critical Vendors.

3. Any party that accepts payment from the Debtor on account of a Critical Vendor Claim, as applicable, shall be deemed to have agreed to the terms and provisions of this Final Order. Prior to making any payment pursuant to this Final Order, the Debtor shall provide the payee with a copy of this Final Order.

4. As a condition to receiving payment of its Critical Vendor Claim, the applicable Critical Vendor shall be required to continue—or recommence—providing goods and services to the Debtor on the most favorable terms in effect between such Critical Vendor and the Debtor in the 24-month period preceding the Petition Date or on such other terms as the Critical Vendor and

the Debtor may otherwise agree (collectively, the "**Customary Trade Terms**"). The Customary Trade Terms shall apply for the remaining term of such Critical Vendor agreement with the Debtor; *provided, however*, that the Debtor pays for the goods and services in accordance with the payment terms provided in any agreement between the Debtor and the Critical Vendor.

5. Any payment made under the authority granted by this Final Order to a Critical Vendor that, thereafter, does not continue to provide goods or services to the Debtor on the Customary Trade Terms shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtor in cash upon written request; *provided*, if there exists an outstanding postpetition balance due from the Debtor to such Critical Vendor, that the Debtor may elect to recharacterize and apply any such payment made pursuant to the authority granted hereunder to such outstanding postpetition balance and such Critical Vendor shall be required to repay the Debtor such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims or otherwise. Upon recovery or recharacterization and reapplication of any payment by the Debtor in accordance with the foregoing, the applicable Critical Vendor Claim shall be reinstated as a prepetition claim in the amount so recovered or recharacterized and reapplied, and the relevant Critical Vendor shall be entitled to file a proof of claim on account of its alleged prepetition claim by the later of (a) 30 days following notice of such reinstatement or (b) the general bar date.

6. Before issuing payment to a Critical Vendor, the Debtor is authorized, but not directed, to obtain written verification that such Critical Vendor will comply with paragraph 4 above and continue to provide goods or services to the Debtor on the Customary Trade Terms for the remaining term of such Critical Vendor's agreement with the Debtor; *provided, however*, that the absence of such written verification shall not limit the Debtor's rights hereunder.

7. This Final Order shall not be construed to limit, or in any way affect, the Debtor's ability to contest any invoice or other charge or claim of any Critical Vendor.

8. All banks and other financial institutions are authorized and required to receive, process, honor and pay any and all checks and other transfer requests with respect to payments made by the Debtor pursuant to this Final Order, whether presented before, on, or after the Petition Date. However, a bank or other financial institution is not required to honor any such check or transfer request if insufficient funds are on deposit to cover the requested payment.

9. All banks and financial institutions are authorized to rely on the representations of the Debtor and their agents as to whether a particular payment is authorized to be paid pursuant to this Final Order. The banks and financial institutions subject to this Final Order shall have no liability in connection with honoring any prepetition checks or transfer requests contemplated by this Final Order.

10. The Debtor is authorized, but not directed, in its sole discretion, to issue new postpetition checks, or effect new transfers, on account of the Critical Vendor Claims, to replace any prepetition checks or transfer requests issued that are dishonored or rejected as a result of the commencement of this Chapter 11 Cases. Any amounts that are dishonored or rejected and then paid pursuant to new postpetition checks or transfers shall not be credited against the Final Cap.

11. The Debtor shall maintain a matrix/schedule of all amounts directly or indirectly paid under the terms of this Order (the "*Claimant Matrix*"), including the following information: (a) the category of claim paid, applied, or set off; (b) the amount of the payment, application, or setoff by category; (c) the identity of the recipient of the payment, application, or setoff; and (d) the date of the payment, application, or setoff. Upon written request, the Debtor shall provide, within ten (10) business days, a copy of the Claimant Matrix to the U.S. Trustee, and on a confidential

and professional eyes' only basis (or on such other terms as mutually agreed) to counsel to the Secured Lender, and on terms to be mutually agreed with counsel to any statutory committee appointed in this Chapter 11 Case. The Debtor shall not be required to file or publish the Claimant Matrix.

12. Notwithstanding the relief granted in this Final Order, all authorizations herein and all payments and actions pursuant thereto shall be subject to each interim and final order entered by the Court in respect of the *Emergency Motion of the Debtor for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral; (II) Providing Adequate Protection to Agent; (III) Granting Lines and Providing Superpriority Administrative Expense Claims; (IV) Scheduling a Final Hearing; and (VI) Granting Related Relief* (collectively, such interim and final orders, the "**Cash Collateral Order**"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Order. To the extent there is any inconsistency between the terms of the Cash Collateral Order and the terms of this Final Order, the terms of the Cash Collateral Order shall control.

13. Nothing contained herein (nor any actions or payments pursuant to the relief granted herein) is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of any of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third-party under section 365 of the Bankruptcy Code. Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission

to the validity of any claim or a waiver of any of the Debtor's rights to dispute such claim.

14. Notwithstanding entry of this Final Order, the Debtor's rights to seek enforcement of the automatic stay provisions of section 362(a) of the Bankruptcy Code with respect to any creditor that demands payment of their prepetition debts as a condition to doing business with the Debtor postpetition are preserved.

15. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

16. The Debtor is authorized and empowered to take all actions it deems necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

18. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

19. Notwithstanding anything in the Bankruptcy Rules to the contrary, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

Signed: January 09, 2026

_____
Christopher Lopez
United States Bankruptcy Judge