United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[1] | Case No. 25-90805 (CML) |
| Debtor. | |

**FINAL ORDER
(I) AUTHORIZING THE DEBTOR TO (A) MAINTAIN
INSURANCE COVERAGE OBTAINED PREPETITION AND PAY
PREPETITION OBLIGATIONS RELATED THERETO, (B) RENEW,
AMEND, SUPPLEMENT, MODIFY, EXTEND, PURCHASE, CANCEL,
AND ENTER INTO NEW INSURANCE POLICIES, AND (C) CONTINUE
TO PAY BROKERAGE FEES, AND (II) GRANTING RELATED RELIEF**

Upon the *Debtor's Emergency Motion for Entry of an Order (I) Authorizing the Debtor to (A) Maintain Insurance Coverage Obtained Prepetition and Pay Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Modify, Extend, Purchase, Cancel, and Enter Into New Insurance Policies, and (C) Continue to Pay Brokerage Fees, and (II) Granting Related Relief* [Docket No. 13] (the "**Motion**")[2] for a final order (this "**Final Order**"), pursuant to sections 105(a), 363(b), 364(c), 503, 1107(a), 1108, and 1112(b)(4)(C) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 1075-1, 4002-1, and 9013-1(i) of the Local Bankruptcy Rules, (a) authorizing the Debtor to (i) maintain insurance coverage obtained prepetition and pay prepetition obligations related thereto, (ii) renew, amend, supplement, modify, extend, purchase, cancel, and enter into new insurance policies, and (iii) continue to pay brokerage fees, and

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the debtor' service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

(b) granting related relief, all as further described and more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1408 and; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is hereby **GRANTED** on as set forth herein.

    2.    The Debtor is authorized to continue the Insurance Policies and comply with paragraph three (3) below.

    3.    The Debtor is authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit 1** attached hereto and any related agreements, and in the Debtor's reasonable business judgment, to pay any related prepetition or postpetition obligations related to the Insurance Policies, including, but not limited to, the Insurance Premiums, Deductibles, Brokerage Fees, and any other amounts owed to the Insurance Carriers and other parties that come due in the ordinary course of business, to the extent that the

Debtor determines that such payment is necessary or appropriate.

4. The Debtor is authorized, in its reasonable business judgment, to renew, amend, supplement, or modify its existing Insurance Policies and to enter into new insurance policies, including ancillary policies, or any other agreements in connection therewith, including premium financing agreements, as well as to replace any of the Insurance Carriers or other parties as necessary, in the ordinary course of business; *provided* that the Debtor will notify the U.S. Trustee and any statutory committee appointed in this Chapter 11 Case (email being sufficient) at least three business days prior to materially modifying or terminating existing Insurance Policies or changing Insurance Carriers, entering into any new premium financing agreements, or obtaining additional insurance coverage.

5. The Debtor is authorized to honor any amounts owed on account of any Audits that take place in the ordinary course of business.

6. Notwithstanding the relief granted in this Order, all authorizations herein and all payments and actions pursuant thereto shall be subject to each interim and final order entered by the Court in respect of the *Emergency Motion of the Debtor for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral; (II) Providing Adequate Protection to Agent; (III) Granting Lines and Providing Superpriority Administrative Expense Claims; (IV) Scheduling a Final Hearing; and (VI) Granting Related Relief* (collectively, such interim and final orders, the "***Cash Collateral Order***"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Order. To the extent there is any inconsistency between the terms of the Cash Collateral Order and the terms of this Order, the terms of the Cash Collateral Order shall control.

7. Nothing contained herein (nor any actions or payments pursuant to the relief granted herein) is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of any of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third-party under section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any of the Debtor's rights to dispute such claim.

8. Notwithstanding entry of this Order, the Debtor's right to seek enforcement of the automatic stay provisions of section 362(a) of the Bankruptcy Code with respect to any creditor that demands payment of its prepetition debts as a condition to doing business with the Debtor postpetition are preserved.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

10. The Debtor is authorized and empowered to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

12. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

13. The notice requirements of Bankruptcy Rule 6004(a) are waived as to the Motion. Notwithstanding anything in the Bankruptcy Rules to the contrary, the terms and conditions of this

Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Signed: January 09, 2026

*Christopher M. Lopez*
Christopher Lopez
United States Bankruptcy Judge

# EXHIBIT 1

### Insurance Policies

| Type of Coverage | Insurance Carrier | Policy No. | Policy Term |
|---|---|---|---|
| Commercial Package - General Liability and Commercial Property | Hartford Fire Insurance Company (The Hartford) | 46 UUN AX6NDN | 08/31/25 to 08/31/26 |
| Commercial Automobile | Trumbull Insurance Company (The Hartford) | 46 UEN AX6ND5 | 08/31/25 to 08/31/26 |
| Crime | Federal Insurance Company (Chubb Group of Insurance Companies) | 8264-3611 | 06/15/25 to 06/15/26 |
| Crime Excess | Axis Insurance | P-001-001673243-01 | 06/15/25 to 06/15/26 |
| Umbrella | Hartford Casualty Insurance Company (The Hartford) | 46 XHU AX6TG7 | 08/31/25 to 08/31/26 |
| Cyber Liability | Evanston Insurance Company | MKLV7PCY000159 | 08/31/25 to 08/31/26 |
| D&O | Evanston Insurance Company | MKLV1WMA000984 | 06/15/25 to 06/15/26 |
| Marine Cargo and Inland Transit | The Continental Insurance Company (CAN) | NYCNA25-6469 | 08/31/25 to 06/15/26 |
| Foreign Commercial Package | Hartford Fire Insurance Company (The Hartford) | 46HIPEL2633 | 08/31/25 to 08/31/26 |