United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| TEDDER INDUSTRIES, LLC | § | Case No. 25-90805 |
| | § | |
| | § | |
| Debtor. | § | |

**FINAL ORDER
AUTHORIZING (I) CONTINUED USE
OF EXISTING CASH MANAGEMENT SYSTEM,
(II) MAINTENANCE OF EXISTING BANK ACCOUNTS,
(III) CONTINUED USE OF EXISTING BUSINESS FORMS, AND (IV) EXTENDING
TIME TO COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the *Debtor's Emergency Motion for Entry of an Order Authorizing (I) Continued Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing Business Forms, and (IV) the Waiver of the 11 U.S.C. §345(b) Deposit and Investment Requirements* [Docket No. 3] (the "***Motion***")[1] for an final order (this "***Final Order***"), pursuant to sections 105(a), 345, and 1108 of title 11 of the United States Code (the "***Bankruptcy Code***") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), (a) authorizing the Debtor to (i) continue to use its existing cash management system, (ii) maintain its existing bank accounts, (iii) continue to use its existing business forms, and (b) waiving the requirements of section 345(b) of the Bankruptcy Code, to the extent it is applicable, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

under 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby **GRANTED** on a final basis as set forth herein.

2. The Debtor is authorized to: (a) maintain and continue using in the ordinary course, subject to the terms of this Final Order and any other orders of this Court, the Cash Management System described in the Motion, including the Bank Accounts, and (b) open additional bank accounts and close any Bank Accounts in its sole discretion without further order of this Court; provided that the Debtor shall only open new Bank Accounts at financial institutions which are included on the list of USTP Authorized Depository Institutions for Region 7 and shall cause the bank to identify any new Bank Accounts as being held by a debtor in possession in a bankruptcy case.

3. The Debtor is authorized to continue to use the Bank Accounts under the existing account numbers without interruption.

4. To the extent that any of the Debtor's Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, the Debtors shall have until January 22, 2025 (the "*Extension Period*"), without prejudice to seeking an additional extension or extensions, to come

into compliance with section 345(b) of the Bankruptcy Code. The Debtor may obtain a further extension of the time period set forth in this paragraph by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order; provided, that nothing herein shall prevent the Debtor or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.

5. The Debtor and the Bank may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business (including the option to both the Debtor and the Bank of streamlining its Cash Management System by closing or consolidating Bank Accounts in accordance with the terms and conditions of the existing account and service agreements).

6. The Debtor is authorized, without further order of this Court, to pay Bank Fees owed to the Bank, whether arising prepetition or postpetition.

7. The Bank is authorized to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from automated clearing house transactions ("**ACH Transfers**"), wire transfers, or other electronic transfers of any kind (collectively, the "**Returned Items**") regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

8. The Bank is authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or ACH Transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or

other items issued prior to the Petition Date to the extent authorized by this Final Order or a further order of this Court.

9. The Bank shall not be required to honor any Disbursements unless there are collected and immediately available funds in the Bank Accounts sufficient to cover such requests. The Bank is authorized to rely on the representations of the Debtor as to which Disbursements are authorized to be honored or dishonored, whether or not such Disbursements are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is authorized by an order of the Court. The Bank shall not be liable to any party or otherwise deemed in violation of this Final Order on account of (a) following the Debtor's instructions or Debtor's representations as to any order of this Court; (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored despite implementation of reasonable item handling procedures; or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures.

10. To the extent that the Debtor directs that any Disbursement be dishonored or the Banks inadvertently dishonor any Disbursements, the Debtor is authorized to issue replacement Disbursements consistent with the orders of this Court.

11. The Bank is authorized to continue to honor any standing instructions of the Debtor with respect to daily or periodic wires, ACH Transfers, or other debits made to the Bank Accounts in accordance with the Debtor's prepetition instructions. The Bank is further authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtor's accounts which were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

12. The Debtor is authorized to continue to use its existing preprinted paper stock of

Business Forms, which shall not be required to include the "Debtor-in-Possession" or the Debtor's bankruptcy case number.

13. Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of any of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third-party under section 365 of the Bankruptcy Code. Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any of the Debtor's rights to dispute such claim.

14. The Debtor is authorized and empowered to take all actions it deems necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

16. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

17. Notwithstanding anything in the Bankruptcy Rules to the contrary, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

Signed: January 12, 2026

_____
Christopher Lopez
United States Bankruptcy Judge