IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>TEDDER INDUSTRIES, LLC,[1]<br><br>          Debtor. | Chapter 11<br><br>Case No. 25-90805 (CML) |

**STIPULATION AND AGREED ORDER
BETWEEN THE DEBTOR AND FIRST INTERSTATE BANK
REGARDING ADMINISTRATIVE EXPENSE STATUS
OF POSTPETITION CHARGES**

This stipulation and agreed order (the "*Stipulation and Agreed Order*") is entered into by and among (i) Tedder Industries, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "*Debtor*"), and (ii) First Interstate Bank (the "*Bank*" and together with the Debtor, the "*Parties*" and each, a "*Party*"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A.     On December 8, 2025 (the "*Petition Date*"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code ("*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*Bankruptcy Court*"). The Debtor continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

B.     The Bankruptcy Court has jurisdiction over the Debtor, its estate, and this chapter 11 case (the "*Chapter 11 Case*") pursuant to 28 U.S.C. § 1334, and this is a core proceeding within the meaning of 28 U.S.C. § 157(b).

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the debtor' service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

1

C. On December 15, 2025, the Court entered the *Interim Order Authorizing (I) Continued Use of its Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing Business Forms, and (IV) the Waiver of the 11 U.S.C. § 345(b) Deposit and Investment Requirements* [Docket No. 25] (the "**Interim Cash Management Order**" and, together with the final order thereto, the "**Cash Management Orders**"), pursuant to which the Debtor is authorized to continue its prepetition cash management system and maintain its accounts with the Bank.

D. On January 9, 2026, the Court entered the *Final Order (I) Authorizing the Debtor to Use Cash Collateral; (II) Providing Adequate Protection to Agent; (III) Granting Liens and Providing Superpriority Administrative Expense Claims; (IV) Scheduling a Final Hearing; and (VI) Granting Related Relief* (the "**Cash Collateral Order**") [Docket No. 61], authorizing the Debtor to use the cash collateral of its secured lenders pursuant to an approved budget, attached thereto as **Exhibit A** (the "**Approved Budget**").

E. Prior to the Petition Date, the Debtor had access to a revolving, unsecured line of credit through a credit card maintained with the Bank (the "**Credit Card**"). As set forth in the Approved Budget, the Debtor regularly uses the Credit Card to pay expenses to vendors that cannot be paid via check or ACH.

F. Shortly after the Petition Date, the Bank terminated the Debtor's access to the Credit Card pending further clarification of its status under the Debtor's Cash Collateral Order and Cash Management Orders.

G. The Parties have entered into this Stipulation and Agreed Order with respect to the Credit Card and any postpetition charges thereunder, as set forth below.

**NOW THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, it is hereby **ORDERED** that:

1. Subject to the Court's entry of this Stipulation and Agreed Order, the Bank agrees to provide the Debtor postpetition access to the Credit Card on the terms and conditions in place as of the Petition Date.

2. Subject to the Court's entry of this Stipulation and Agreed Order, the Debtor agrees to timely repay any postpetition extensions of credit under the Credit Card in accordance with the Approved Budget and Cash Collateral Order.

3. Any postpetition extensions of credit under the Credit Card shall constitute administrative expenses of the Debtor's estate pursuant to section 503(b)(1) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary herein, nothing in this Stipulation and Agreed Order shall waive the Parties rights to (i) challenge or contest any charges made on the Credit Card as unauthorized or fraudulent or (ii) reconcile outstanding charges in accordance with their past practice.

5. Notwithstanding anything to the contrary herein, this Stipulation and Agreed Order is subject to the Cash Collateral Order and the Cash Management Orders.

6. Nothing contained in this Stipulation and Agreed Order, and no actions taken pursuant hereto, shall be deemed (i) an agreement or admission by the Debtor as to the validity, categorization, amount, or priority of any other claims raised against the Debtor on any grounds; (ii) a waiver or impairment of any rights, claims, or defenses of the Debtor or any other party in interest to dispute any other claim on any grounds; (iii) a promise by the Debtor that any claim is payable pursuant to this Stipulation and Agreed Order; (iv) a waiver of the rights or

defenses of the Debtor or any other party in interest, including the Bank, under the Bankruptcy Code or any other law; (v) a grant of any third-party beneficiary status or bestowal of any additional rights on any third party; (vi) an implication, admission, or finding that any particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (vii) a request or authorization to assume, assign, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (viii) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estates; or (ix) an admission that any property does not constitute property of the estate. For the avoidance of doubt, nothing contained in this Stipulation and Agreed Order shall (i) create, nor is anything herein intended to create, any rights in favor of or enhance the status of any Claim (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action held by any person or entity or (ii) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

7. This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order. This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

9. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. The Parties each acknowledge that they have had the opportunity to seek advice of their own counsel in negotiating, drafting, and executing this Stipulation and Agreed Order. Each Party expressly disclaims any reliance on any statements or representations not expressly made in this Stipulation and Agreed Order in deciding whether to enter this stipulation and warrants that such Party will not assert that it was fraudulently induced into entering this Stipulation and Agreed Order by any Party or non-party.

11. Notwithstanding the provisions of rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

12. Each Party shall bear its own fees and costs in preparing and prosecuting this Stipulation and Agreed Order.

13. This Court retains exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Agreed Order.

[*Reminder of the Page Intentionally Left Blank*]

**STIPULATED AND AGREED TO BY:**

Dated: January 12, 2026

| | |
|---|---|
| */s/ Douglas J. Buncher* | */s/ Jeff P. Prostok* |
| **FERGUSON BRASWELL FRASER KUBASTA PC** | **VARTABEDIAN HESTER & HAYNES LLP** |
| Douglas J. Buncher (State Bar No. 03342700) | Jeff P. Prostok (State Bar No. 16352500) |
| 2500 Dallas Parkway, Suite 600 | Mary Taylor Stanberry (State Bar No. 24143781) |
| Plano, Texas 75093 | 301 Commerce Street, Suite 2200 |
| Telephone: (469) 480-7596 | Fort Worth, Texas 76102 |
| Email: dbuncher@fbfk.law | Telephone: (817) 214-4990 |
| | Email: jeff.prostok@vhh.law |
| | mary.stanberry@vhh.law |
| *Counsel to First Interstate Bank* | |
| | -and- |
| | **VARTABEDIAN HESTER & HAYNES LLP** |
| | Candice M. Carson (State Bar No. 24074006) |
| | J. Blake Glatstein (State Bar No. 24123295) |
| | 2200 Ross Avenue, Suite 4600E |
| | Dallas, Texas 75201 |
| | Telephone: (469) 654-1340 |
| | Email: candice.carson@vhh.law |
| | blake.glatstein@vhh.law |
| | *Proposed Counsel to Debtor and Debtor-in-Possession* |

Signed: January ___, 2026

_____
Christopher M. Lopez
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2026, a true and correct copy of the foregoing was served via the Court's Electronic Notification (ECF) system.

<em>/s/ Jeff P. Prostok</em><br>
Jeff P. Prostok (State Bar No. 16352500)