**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[1] | Case No. 25-90805 (CML) |
| Debtor. | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**FOR TEDDER INDUSTRIES, LLC (CASE NO. 25-90805)**

---

1 The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[2] | Case No. 25-90805 (CML) |
| Debtor. | |

## GLOBAL NOTES AND
## STATEMENTS OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Tedder Industries, LLC, as debtor and debtor in possession in the above-captioned Chapter 11 Case (the "***Debtor***"), is filing its Schedules of Assets and Liabilities ("***Schedules***") and Statements of Financial Affairs ("***Statements***", and together with the Schedules, "***Schedules and Statements***") with the United States Bankruptcy Court for the Southern District of Texas ("***Court***"). The Debtor's Schedules and Statements have been prepared pursuant to section 521 of title 11 of the United States Code, U.S.C. §§ 101, *et seq.* (the "***Bankruptcy Code***"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas ("***Local Rules***").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtor's Schedules and Statements (the "***Global Notes***") pertain to, and are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements. The Schedules and Statements are unaudited and contain information that is subject to further review and potential adjustment.

While the Debtor's management has made commercially reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on the financial data derived from their books and records that was available to them at the time of preparation, the subsequent receipt or discovery of information and/or further review and analysis of the Debtor's books and records may result in material changes to financial data and other information contained in the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtor and its directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, omissions, whether

---

2 The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of the Debtor's rights or an admission of any kind with respect to this Chapter 11 Case, including, without limitation, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. For the avoidance of doubt, the Debtor reserves all rights to amend and supplement the Schedules as may be necessary or appropriate.

The Schedules and Statements have been signed by Tommy Magrath, the President of the Debtor and an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Mr. Magrath has relied upon the efforts, statements, advice, and representations of personnel of the Debtor and the Debtor's advisors and other professionals. Given the scale of the Debtor's business, Mr. Magrath has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments

### **Global Notes and Overview of Methodology**

1. **Description of the Case.** The Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code on December 8, 2025 (the "***Petition Date***"). The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been requested or appointed in this Chapter 11 Case.

   The factual background regarding the Debtor, including its business, its capital structure, and the events leading to the commencement of this Chapter 11 Case is set forth in the *Declaration of Tommy Magrath in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [Docket No. 16] (the "***First Day Declaration***").

2. **Global Notes Controlling.** These Global Notes pertain to and comprise an integral part of the Debtor's Schedules and Statements and should be referenced in connection with any

review thereof. In the event that the Schedules and Statements conflict with the Global Notes, the Global Notes control.

3. **Reservation and Limitations.** While reasonable efforts were made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and supplement, or otherwise modify, the Schedules and Statements from time to time in all respects as may be necessary or appropriate but do not undertake any obligation to do so; *provided* that the Debtor, its agents, and its advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law, from time to time.

   a. **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Characterizations.** Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition. Disclosure of information in one or more Schedules, Statements, or one or more exhibits or attachments thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

   c. **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or contract counterparty, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract or to setoff such claim.

   d. **Claims Description.** Any failure to designate a claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or

"unliquidated." The Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its Schedules and Statements or described in these Global Notes on any grounds, including, without limitation, liability, or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, or priority of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed. The Debtor reserves all rights to amend its Schedules and Statements and Global Notes as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtor to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

f. **Causes of Action.** The Debtor, despite its best efforts, may not have identified or set forth all causes of action (filed or potential) as assets in its Schedules and Statements. The Debtor reserves all rights with respect to any causes of action it may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

g. **Executory Contracts and Unexpired Leases.** The Debtor is a party to numerous contracts, and in connection with preparation of the Schedules and Statements, the Debtor has not reviewed the terms of each and every contract and instead has relied on summaries of many of them. Although the Debtor made diligent efforts to identify contracts and unexpired leases as executory within the scope of section 365 of the Bankruptcy Code, in certain instances, the Debtor may have inadvertently failed to do so due to the complexity and size of the Debtor's business. Accordingly, the Debtor reserves all of its rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G at any time during the pendency of this Chapter 11 Case.

h. **Property Rights.** Exclusion of certain property rights, including without limitation intellectual, real, personal, or otherwise, from the Schedules and Statements should not be construed as an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

5

Conversely, inclusion of certain property rights shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

i. **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtor has included information with respect to certain individuals who served as officers and board members of the Debtor who exercised control over the Debtor and were compensated during the relevant time periods.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (i) the purposes of determining (A) control of the Debtor; (B) the extent to which any individual exercised management responsibilities or functions; (C) corporate decision-making authority over the Debtor; or (D) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.

j. **Agreements Subject to Confidentiality.** There may be instances within the Schedules and Statements where names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtor and the third party, concerns of confidentiality or concerns for the privacy of an individual, the Debtor may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts. This information is on file with the Debtor.

4. **"As Of" Information Date.** To the best of the Debtor's knowledge and except as otherwise noted herein, information provided herein with respect to the Debtor's assets is presented as of November 30, 2025, and information provided herein with respect to the Debtor's liabilities is presented as of the Petition Date.

Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtor reserves all rights to amend or adjust the value of each asset set forth herein. In addition, the aggregate amounts of liabilities exclude liabilities with values identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined." Actual aggregate amounts of liabilities may differ materially from the amounts provided in the Schedules and Statements.

5. **Methodology.**

   a. **Basis of Presentation.** While the Schedules and Statements, at times, incorporate information prepared in accordance with generally accepted accounting principles ("*GAAP*"), the Schedules and Statements do not purport to represent financial information prepared in accordance with GAAP.

   b. **Reporting Date.** The asset information provided herein, except as otherwise noted, represents the Debtor's assets as of November 30, 2025, the date of the Debtor's month-end closure to its balance sheet, and the Debtor's liabilities are as of the Petition Date. The scheduled liabilities may not include liabilities that were authorized to be paid and paid pursuant to orders of the Court, including but not limited to liabilities for pre-petition wages and employee benefits.

   c. **Duplication.** Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtor has endeavored to only list such assets, liabilities, and prepetition payments once.

   d. **Current Value of Assets.** It would be prohibitively expensive, unduly burdensome and an inefficient use of resources for the Debtor to obtain current valuations of all of its assets. Accordingly, unless otherwise indicated, net book values, rather than current market valuations, of the Debtor's interests in assets are reflected on the Schedules. Additionally, some of the values are listed as "price paid" by the Debtor for the asset. For these reasons, amounts ultimately realized may vary from net book value and such variance may be material. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

   e. **Undetermined Amounts.** The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

   f. **Totals.** All totals that are included in the Schedules and Statements represent totals of known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

   g. **Paid Claims.** The Bankruptcy Court has authorized (but not directed) the Debtor to pay, in its discretion, certain outstanding claims on a postpetition basis to (i) prevent interruptions with the Debtor's business; (ii) ease the strain on the Debtor's relationships with certain essential constituents, including employees, vendors, customers, insurance providers, cash management bank, taxing authorities, and utility providers, and (iii) provide access to critical financing and capital (the "*First Day Orders*"). Pursuant to such First Day Orders, certain

prepetition liabilities that the Debtor has paid postpetition or those which the Debtor plans to pay via this authorization may not be listed in the Schedules and Statements, or the amounts reflected in the Schedules and Statements may not reflect the amounts already paid by the Debtor pursuant to the First Day Orders.

h. **Other Paid Claims.** To the extent the Debtor has reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable agreement by all parties, subject to Court approval (to the extent Court approval is necessary). To the extent the Debtor pays any of the claims listed in the Schedules and Statements pursuant to any order of the Court, including the *Final Order (I) Authorizing the Debtor to Pay Prepetition Claims of Critical Vendors, and (II) Granting Related Relief* [Docket No. 9], the Debtor reserves all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities

i. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtor or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtor on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtor reserves all of its rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

j. **Currency.** All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

6. <u>**Specific Schedules Disclosures.**</u>

a. **Schedule A/B, Part 1 – Cash and Cash Equivalents.** Details with respect to the Debtor's cash management system and bank accounts are provided in the *Debtor's Emergency Motion for Interim and Final Orders Authorizing (I) Continued Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing Business Forms, and (IV) the Waiver of the 11 U.S.C. § 345(b) Deposit and Investment Requirements* [Docket No. 3] (the "***Cash Management Motion***"). The Debtor's cash balances are listed as of the Petition Date as bank balances.

b. **Schedule A/B, Part 3 – Accounts Receivable.** The Debtor's accounts receivable information includes receivables from the Debtor's customers, vendors, or third parties, and notes receivable which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtor's customer programs and day-to-day operations or may, in the Debtor's opinion, be difficult to collect from such parties due to the passage of time or other circumstances.

c. **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** The Debtor has used purchase price without depreciation as of the Petition Date for reporting office furniture and equipment. There have been no valuations on any of such assets. These amounts may include leasehold improvements. The Debtor reserves all of its rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtor determines that such holdings were improperly listed or at such time as a valuation and/or audit, if any, is conducted on a postpetition basis concerning these assets.

d. **Schedule A/B, Part 10 – Other Intangibles, or Intellectual Property.** The attached Addendum 4 includes leasehold improvements as intangible assets of the Debtor.

e. **Schedule D – Creditors Holding Secured Claims.** The Debtor has not included on Schedule D entities that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor, or inchoate statutory lien rights. Although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument related to such creditor's claim (except as otherwise agreed to or stated pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final).

The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation, or an acknowledgment of the terms of such agreements or related documents.

f. **Schedule E/F – Creditors Holding Unsecured Claims.** The Debtor has made reasonable efforts to report all priority and general unsecured claims against the Debtor on Schedule E/F based on the Debtor's books and records as of the Petition Date. However, the actual value of claims against the Debtor may vary significantly

from the represented liabilities. Certain claims on E/F may have been satisfied post-petition by the Debtor (including employee wages in the ordinary course) or third parties. Furthermore, accrued interest for some claims may not have been possible to determine. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in this case will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financial information and data the Debtor believes to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout this Chapter 11 Case.

The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, updating that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtor has not listed a date for each claim listed on Schedule E/F.

In the ordinary course of business, the Debtor generally receives invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtor may not have received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Furthermore, payments to vendors and lienholders made subsequent to the filing of these Schedules will not be reflected in these Schedules. The Debtor reserves the right, but are not required, to amend Schedules E/F if they receive such invoices and/or make such payments. The claims of individual creditors are generally listed at the amounts recorded on the Debtor's books and records and may not reflect all credits or allowances due from the creditor. The Debtor reserves all of their rights concerning credits or allowances.

***Part 1 – Creditors with Priority Unsecured Claims.*** The Debtor scheduled certain claims owing to various taxing authorities to which the Debtor may be liable. Certain priority unsecured tax claims the Debtor believes were owed as of the Petition Date may have been paid through the First Day Orders. Moreover, the inclusion of any amounts owed to taxing authorities does not constitute an admission by the Debtor of such liability.

The Debtor also scheduled certain claims owed as of the Petition Date for wages and salaries of Employees and Non-Employee Contractors. These claims may have been paid through the First Day Orders. Moreover, the inclusion of any amounts owed to Employees or Non-Employee Contractors does not constitute an admission by the Debtor of such liability.

The Debtor reserves the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

*Part 2 – Creditors with Nonpriority Unsecured Claims.* The Debtor has used reasonable efforts to report all general unsecured claims against the Debtor in Schedule E/F, Part 2, based upon the Debtor's books and records as of the Petition Date. However, the actual amount of claims against the Debtor may vary from those liabilities listed on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, some prepetition amounts may have been or will be paid in accordance with the First Day Orders. Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

g. **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred. The Debtor may have entered into various types of agreements in the ordinary course of business which arguably could constitute an executory contract. The Debtor reserves the right to amend Schedule G to include any such executory contract. Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, agreements or leases are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease. For any executory contract or unexpired lease that purportedly may have been assigned to the Debtor, but for which there is no documentation to support the purported assignment, neither the executory contract nor unexpired lease (or related claim) has been included on the Schedules. Any and

all of the Debtor's rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtor is continuing its review of all relevant documents and expressly reserves its right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

Certain information, such as contact information or addresses of the counterparty, may not be included where such information could not be obtained using the Debtor's reasonable efforts. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

7. **Specific Statements Disclosures.**

    a. **Statements Part 1, Question 1 and 2 – Gross Revenue from business.** Revenue amounts listed for current fiscal year are through November 30, 2025.

    b. **Statements, Part 2, Question 3 – Certain Payments or Transfers to Creditors within 90 days before the filing.** The disclosed charges include certain refunds and credits described in the *Debtor's Emergency Motion for Entry of an Order (A) Authorizing the Debtor to Maintain and Administer its Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (B) for Related Relief* [Docket no. 12].

    c. **Statements, Part 2, Question 4 – Payments and Transfers to Certain Insiders within 1 year before the filing.** The Debtor reported payments made directly to individuals who were insiders within the year prior to the Petition Date. Out of an abundance of caution, this includes payments made to Lane Tobiassen, whose role with the Debtor is "Board Observer." Mr. Tobiassen does not have any voting responsibilities but rather acts in a more advisory role to the board of managers and the members holding all voting interests (the "***Board***" and the members and managers thereof, the "***Members***") and receives quarterly compensation for such services.

The Debtor has not reported payments made by the Debtor to individuals who do not hold the role of a corporate officer or Board Member. Certain individuals may be afforded the title of "Vice President" solely with respect to their respective roles in a particular division but otherwise do not take part in the overall management of the Debtor, direct or implement company policy, or report to the Board, and for this

reason these individuals are not included in the Debtor's disclosures of payment to insiders.

d. **Statements, Part 3, Question 7 – Legal Actions or Assignments.** The Debtor has made reasonable best efforts to identify all current pending litigation and legal proceedings involving the Debtor. The Debtor reserves all of its rights and defenses with respect to any and all listed lawsuits and legal proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor.

e. **Statements, Part 6, Question 13 – Transfers Not Already Listed On This Statement.** Certain of these payments may also be captured and reflected in Question 4.

f. **Statements, Part 9, Question 16 – Personally Identifiable Information.** The Debtor collects and retains customer contact and account information, order and payment-related details, shopping and loyalty activity, customer support communications, website and device usage data (including via cookies and tracking technologies), and information provided by third-party service providers that support the Debtor's website, payments, marketing, and fulfillment.

g. **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtor has used its reasonable efforts to identify the beginning and ending dates of all accountants and bookkeepers who maintained the Debtor's books and records within the two (2) years before commencement of this case; however, the Debtor does not warrant the accuracy of these dates and reserves the right to conduct further investigations as it sees fit, in its sole discretion, to verify the accuracy of these dates.

Additionally, the Debtor has used its reasonable efforts to identify the beginning and ending of service dates provided by the firms or individuals who audited, compiled, or reviewed the Debtor's books of account and records or prepared a financial statement within two (2) years before commencement of this case. The Debtor has been unable to locate this information, and for that reason these dates remain blank. To the extent the Debtor is able to locate this information after the filing of the Statements, the Debtor will amend or supplement the Statements as necessary to include these dates.

h. **Statements, Part 13, Question 28 – List Controlling Parties of the Debtor.** The Debtor has listed the officers, managing members, general partners, members in control, controlling shareholders, or other people in control of the Debtor at the time of filing this case. Out of an abundance of caution, the Debtor has included

Lane Tobiassen, a Board Observer who does not have any voting rights in the Board but acts in an advisory capacity with the Board.

Additionally, the Debtor has included the Profit Units Plan as a 1.15% interest owner of the Debtor. The Profit Units Plan is an optional employee benefits program instituted by the Debtor wherein Employees have the option to receive investment stocks in the Debtor as part of their overall compensation. The participants of the Profit Units Plan do not have any control over the Debtor, nor do they have any voting rights.

i. **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Refer to Section 5 (*Methodology*) regarding all payments to insiders and Global Notes, Statements, Part 2, Question 4 (above).

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Tedder Industries, LLC** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| Case number (if known): | **25-90805** |

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:  Income

**1.    Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From <u>01/01/2025</u>  to  Filing date<br>MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | $20,908,172.42 |
| For prior year: | From <u>01/01/2024</u>  to  <u>12/31/2024</u><br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | $23,061,447.88 |
| For the year before that: | From <u>01/01/2023</u>  to  <u>12/31/2023</u><br>MM/ DD/ YYYY    MM/ DD/ YYYY | ☑ Operating a business<br>☐ Other _____ | $21,798,206.87 |

**2.    Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From <u>01/01/2025</u>  to  Filing date<br>MM/ DD/ YYYY | Interest Income | $27,940.00 |
| | | Cashback | $82,851.28 |
| | | Sale of Equipment | $6,600.00 |
| | | Lawsuit/Restitution | $6,430.49 |
| | | Total Gross Revenue: | $123,821.77 |

Debtor  **Tedder Industries, LLC**                                        Case number *(if known)*    **25-90805**
      Name

| For prior year: | From **01/01/2024** to **12/31/2024** | Interest Income | $94,893.85 |
|---|---|---|---|
| | MM/ DD/ YYYY     MM/ DD/ YYYY | **Cashback** | **$439.87** |
| | | Total Gross Revenue: | $95,333.72 |
| For the year before that: | From **01/01/2023** to **12/31/2023** | Interest Income | $2,875.77 |
| | MM/ DD/ YYYY     MM/ DD/ YYYY | **IRS/ERC Funds** | **$4,232,810.44** |
| | | Total Gross Revenue: | $4,235,686.21 |

---

**Part 2:** List Certain Transfers Made Before Filing for Bankruptcy

**3.**    Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. **See attached Addendum 1** <br> Creditor's name <br><br> Street <br><br> City     State     ZIP Code | | | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☑ Other _____ |

**4.**    Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| | | | |

4.1. **See attached Addendum 2**

Creditor's name

Street

_____
City     State    ZIP Code

Relationship to debtor

---

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|

5.1.

Creditor's name

Street

_____
City     State    ZIP Code

---

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

6.1.

Creditor's name

XXXX–__ __ __ __

Street

_____
City     State    ZIP Code

---

**Part 3: Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Debtor | **Tedder Industries, LLC** | | Case number *(if known)* | **25-90805** |
|---|---|---|---|---|
| | Name | | | |

| 7.1. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **Arden Silverman dba Capital Asset Protection v. Tedder Acquisition, LLC, et al.** | **Federal civil contract dispute originally filed in Los Angeles County Superior Court and removed to federal court.** | **United States District Court for the Central District of California** <br> Name <br><br> **3470 12th Street** <br> Street | ☑ Pending <br><br> ☐ On appeal <br><br> ☐ Concluded |
| | Case number <br><br> **2:24-cv-06989-MRA-MAA** | | **Riverside, CA 92501** <br> City                    State      ZIP Code | |

| 7.2. | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| | **Tedder Industries, LLC v. Goldman Sachs Capital LLC, et al.** | **Civil action asserting RICO, fraud, and contract claims relating to ERC services** | **United States District Court for the Central District of California** <br> Name <br><br> **3470 12th Street** <br> Street | ☑ Pending <br><br> ☐ On appeal <br><br> ☐ Concluded |
| | Case number <br><br> **TBD** | | **Riverside, CA 92501** <br> City                    State      ZIP Code | |

**8.** **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| 8.1. | Custodian's name and address | Description of the property | Value |
|---|---|---|---|
| | Custodian's name | Case title | Court name and address |
| | Street | | Name |
| | | Case number | Street |
| | City         State      ZIP Code | Date of order or assignment | City            State      ZIP Code |

---

**Part 4:** **Certain Gifts and Charitable Contributions**

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

Debtor    **Tedder Industries, LLC**                                    Case number *(If known)*    **25-90805**
　　　　　Name

| 9.1. Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

Recipient's name

Street

City　　　　　　　State　　ZIP Code

**Recipient's relationship to debtor**

---

## Part 5:　Certain Losses

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |

10.1.

---

## Part 6:　Certain Payments or Transfers

**11.  Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

❏ None

| 11.1. Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| **Vartabedian Hester & Haynes LLP** | | **12/08/2025** | **$150,000.00** |

**Address**

**301 Commerce Street, Suite 2200**
Street

**Fort Worth, TX 76102**
City　　　　　　　State　　ZIP Code

**Email or website address**

**vhh.law**

**Who made the payment, if not debtor?**

---

Debtor    **Tedder Industries, LLC**                                      Case number *(if known)*    **25-90805**
          Name

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| 12.1. | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| | | | | |
| | Trustee | | | |
| | | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| 13.1. | Who received the transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| | | | | |
| | Address | | | |
| | | | | |
| | Street | | | |
| | | | | |
| | City          State    ZIP Code | | | |
| | Relationship to debtor | | | |
| | | | | |

---

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1.  **4411 W Riverbend Ave** | From **March 2016** To **Current** |
| Street | |
| | |
| **Post Falls, ID 83854** | |
| City          State    ZIP Code | |

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
—diagnosing or treating injury, deformity, or disease, or
—providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ <br> Facility name _____ | _____ | _____ |
| Street _____ | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City _____ State ___ ZIP Code ___ | _____ | *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes.

State the nature of the information collected and retained. **We collect and retain customer contact and account information, order and payment-related details, shopping and loyalty activity, customer support communications, website and device usage data (including via cookies and tracking technologies), and information provided by third-party service providers that support our website, payments, marketing, and fulfillment.**

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

☑ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | _____ Name _____ Street _____ City       State    ZIP Code | XXXX– __ __ __ __ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | _____ Name _____ Street _____ City       State    ZIP Code | _____ _____ _____ **Address** _____ | _____ _____ _____ _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | _____ Name _____ Street _____ City       State    ZIP Code | _____ _____ _____ **Address** _____ | _____ _____ _____ _____ | ☐ No ☐ Yes |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

Debtor  **Tedder Industries, LLC**                                    Case number *(if known)*    **25-90805**
　　　Name

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Name | _____ | _____ | _____ |
| Street | _____ | _____ | |
| City　　　State　ZIP Code | _____ | _____ | |

---

**Part 12:**  **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | _____ | ☐ Pending |
| **Case number** | Name | _____ | ☐ On appeal |
| _____ | Street | _____ | ☐ Concluded |
| | City　　　State　ZIP Code | _____ | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City　　State　ZIP Code | City　　State　ZIP Code | _____ | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

---

Debtor **Tedder Industries, LLC**                                    Case number *(if known)*   **25-90805**
Name

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State     ZIP Code | City                    State     ZIP Code | | |

---

### Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. | | EIN: __ __ – __ __ __ __ __ __ __ |
| Name | | **Dates business existed** |
| Street | | From _____ To _____ |
| City          State     ZIP Code | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. **James Schlosser**<br>Name | From **5/8/2025**   To **Present** |
| **Address on file**<br>Street | |
| City                    State          ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26a.2. **Brian Hagues**<br>Name | From **1/27/2025**   To **5/5/2025** |
| **Address on file**<br>Street | |
| City                    State          ZIP Code | |

| Debtor | Tedder Industries, LLC | | Case number *(if known)* | 25-90805 |

Name

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.3. | **Andrew Williams** | | From **2/26/2024** | To **11/13/2024** |
| | Name | | | |
| | **Address on file** | | | |
| | Street | | | |
| | | | | |
| | | | | |
| | City | State | ZIP Code | |

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.4. | **Ashley Caples** | | From **1/19/2024** | To **Present** |
| | Name | | | |
| | **Address on file** | | | |
| | Street | | | |
| | | | | |
| | | | | |
| | City | State | ZIP Code | |

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.5. | **Ryan Smith** | | From **1/29/2024** | To **Present** |
| | Name | | | |
| | **Address on file** | | | |
| | Street | | | |
| | | | | |
| | | | | |
| | City | State | ZIP Code | |

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.6. | **Lauren Averhart** | | From **7/11/2024** | To **Present** |
| | Name | | | |
| | **Address on file** | | | |
| | Street | | | |
| | | | | |
| | | | | |
| | City | State | ZIP Code | |

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.7. | **Carolyn Dykstra** | | From **1/2/2025** | To **Present** |
| | Name | | | |
| | **Address on file** | | | |
| | Street | | | |
| | | | | |
| | | | | |
| | City | State | ZIP Code | |

| Name and address | | | Dates of service | |
|---|---|---|---|---|
| 26a.8. | **Mia Coumyer** | | From **6/28/2023** | To **11/08/2024** |
| | Name | | | |
| | **Address on file** | | | |
| | Street | | | |
| | | | | |
| | | | | |
| | City | State | ZIP Code | |

Debtor   **Tedder Industries, LLC**                                          Case number *(if known)*      **25-90805**
Name

| Name and address | Dates of service |
|---|---|

26a.9.   **Scott Mayfield**                                          From **6/1/2016**   To **12/29/2023**
Name

**Address on file**
Street

_____
City                State        ZIP Code

| Name and address | Dates of service |
|---|---|

26a.10.   **Daniel Duce**                                          From **5/21/2021**   To **11/20/2024**
Name

**Address on file**
Street

_____
City                State        ZIP Code

| Name and address | Dates of service |
|---|---|

26a.11.   **Dayna Coll**                                          From **6/5/2023**   To **6/05/2024**
Name

**Address on file**
Street

_____
City                State        ZIP Code

| Name and address | Dates of service |
|---|---|

26a.12.   **Corrina Zion - Robert Half Temp**                      From **8/26/2024**   To **10/18/2024**
Name

**Address on file**
Street

_____
City                State        ZIP Code

| Name and address | Dates of service |
|---|---|

26a.13.   **William Scott Garner - Robert Half Temp**              From **7/1/2024**   To **8/22/2024**
Name

**Address on file**
Street

_____
City                State        ZIP Code

| Name and address | Dates of service |
|---|---|

26a.14.   **Steve Rosvold - CFO.University**                       From **12/10/2024**   To **5/16/2024**
Name

**Address on file**
Street

_____
City                State        ZIP Code

Debtor **Tedder Industries, LLC**
Name

Case number *(if known)* **25-90805**

| Name and address | Dates of service |
|---|---|
| 26a.15. **Charma Belle**<br>Name<br><br>**Address on file**<br>Street<br><br><br>City          State          ZIP Code | From **1/8/2024** To **2/23/2024** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. **Eide Bailly**<br>Name<br><br>**4310 17th Avenue South**<br>Street<br><br><br>**Fargo, ND 58103**<br>City          State          ZIP Code | From _____ To _____ |
| 26b.2. **Firestone Tax Credit Solutions LLC**<br>Name<br><br>**618 N 4th Street**<br>Street<br><br><br>**83814**<br>City          State          ZIP Code | From _____ To _____ |
| 26b.3. **Geffen Mesher & Company, P.C.**<br>Name<br><br>**888 SW 5th Avenue Suite 800**<br>Street<br><br><br>**Portland, OR 97204**<br>City          State          ZIP Code | From _____ To _____ |
| 26b.4. **Moss Adams LLP**<br>Name<br><br>**999 3rd Avenue Suite 2800**<br>Street<br><br><br>**98104**<br>City          State          ZIP Code | From _____ To _____ |

| Debtor | Tedder Industries, LLC | Case number *(if known)* | 25-90805 |
|---|---|---|---|
| | Name | | |

| Name and address | Dates of service |
|---|---|

**26b.5.** **CFO.University**
Name

**Unknown**
Street

| City | State | ZIP Code |
|---|---|---|

From _____ To _____

| Name and address | Dates of service |
|---|---|

**26b.6.** **Main Street Capital Corporation**
Name

**1300 Post Oak Blvd. Suite 800**
Street

**Houston, TX 77056-3011**

| City | State | ZIP Code |
|---|---|---|

From _____ To _____

**26c.** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

**26c.1.** **Eide Bailly**
Name

**4310 17th Avenue South**
Street

**Fargo, ND 58103**

| City | State | ZIP Code |
|---|---|---|

**26c.2.** **Firestone Tax Credit Solutions LLC**
Name

**618 N 4th St**
Street

**Coeur D Alene, ID 83814-3021**

| City | State | ZIP Code |
|---|---|---|

**26c.3.** **Geffen Mesher & Company, P.C.**
Name

**888 SW 5th Avenue Suite 800**
Street

**Portland, OR 97204**

| City | State | ZIP Code |
|---|---|---|

Debtor **Tedder Industries, LLC**
Name

Case number *(if known)*   **25-90805**

| | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.4. **Name and address** | |

**Moss Adams LLP**
Name

**999 3rd Avenue Suite 2800**
Street

_____

**98104**
City                         State            ZIP Code

| | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.5. **Name and address** | |

**CFO.University**
Name

**Unknown**
Street

_____

_____
City                         State            ZIP Code

| | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.6. **Name and address** | |

**Main Street Capital Corporation**
Name

**1300 Post Oak Blvd. Suite 800**
Street

_____

**Houston, TX 77056-3011**
City                         State            ZIP Code

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. **Paypal Inc** |

Name

**211 North 1st Street**
Street

_____

**San Jose, CA 95131**
City                         State            ZIP Code

| Name and address |
|---|
| 26d.2. **Insperity** |

Name

**19001 Crescent Springs Dr**
Street

_____

**Kingwood, TX 77339-3802**
City                         State            ZIP Code

Debtor   **Tedder Industries, LLC**
Name

Case number *(if known)*   **25-90805**

| Name and address |
| --- |

26d.3.   **Ramp**
Name

**28 W 23rd St Fl 2**
Street

**New York, NY 10010-5260**
City                             State                    ZIP Code

**27.  Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- |
| | | |

| Name and address of the person who has possession of inventory records |
| --- |

27.1.

Name

Street

City                             State                    ZIP Code

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- | --- |
| **Main Street Equity Interests, Inc.** | **1300 Post Oak Blvd. Suite 800 Houston, TX 77056-3011** | **Interest Owner,** | **43.87%** |
| **MSC Equity Holding LLC** | **1300 Post Oak Blvd. Suite 800 Houston, TX 77056-3011** | **Interest Owner,** | **10.97%** |
| **TI Holdings, LLC** | **4300 W Riverbend Ave Post Falls, ID 83854** | **Interest Owner,** | **44.01%** |
| **Profit Units Plan** | **Address on file** | **Interest Owner,** | **1.15%** |
| **Thomas J Magrath** | **Address on file** | **President ,** | **0.00%** |
| **Jesse E. Morris** | **Address on file** | **Board member,** | **0.00%** |
| **Todd A. Leitgeb** | **Address on file** | **Board member,** | **0.00%** |
| **Thomas Tedder** | **Address on file** | **Board member,** | **0.00%** |
| **Lane Tobiassen** | **Address on file** | **Board observer,** | **0.00%** |

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| | | | |

| Debtor | Tedder Industries, LLC | | Case number *(if known)* | 25-90805 |

Name

| | | | From _____ |
| | | | To _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

30.1. **See attached Addendum 2**
Name

Street

City                    State        ZIP Code

Relationship to debtor

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: \_\_ \_\_ – \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: \_\_ \_\_ – \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ |

---

**Part 14:   Signature and Declaration**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/23/2026
                  MM/  DD/  YYYY

**X** /s/ Thomas Magrath                         Printed name        **Thomas Magrath**
Signature of individual signing on behalf of the debtor

Position or relationship to debtor        **President**

Debtor  **Tedder Industries, LLC**                                          Case number *(if known)*      **25-90805**

Name

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☐ No

☑ Yes

# Addendum 1

**SOFA 2.3 CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS WITHIN 90 DAYS BEFORE FILING THIS CASE**

| DEBTOR ENTITY NAME | CREDITOR NAME1 | DATE OF PAYMENT/TRANSFER (MM/DD/YYYY) | TOTAL AMOUNT OR VALUE $ | REASON FOR PAYMENT OR TRANSFER: SECURED DEBT (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: UNSECURED LOAN REPAYMENTS (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: SUPPLIERS OR VENDORS (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: SERVICES (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: OTHER (SPECIFY) *Check ALL that apply* |
|---|---|---|---|---|---|---|---|---|
| Tedder Industries, LLC | Avalara Inc | 9/17/2025 | $3,242.53 | | | | X | |
| Tedder Industries, LLC | Avalara Inc | 10/17/2025 | $4,849.62 | | | | X | |
| Tedder Industries, LLC | Avalara Inc | 11/18/2025 | $4,849.62 | | | | X | |
| Tedder Industries, LLC | Avalara Inc | 11/18/2025 | $3,242.53 | | | | X | |
| Tedder Industries, LLC | Avista | 9/19/2025 | $9,105.49 | | | | X | |
| Tedder Industries, LLC | Avista | 10/22/2025 | $10,057.70 | | | | X | |
| Tedder Industries, LLC | Avista | 11/20/2025 | $9,483.61 | | | | X | |
| Tedder Industries, LLC | Buchalter, A Professional Corporation | 10/2/2025 | $33,018.79 | | | | X | |
| Tedder Industries, LLC | Covenant Arms & Coatings | 9/12/2025 | $20,700.00 | | | | X | |
| Tedder Industries, LLC | Covenant Arms & Coatings | 9/25/2025 | $20,700.00 | | | | X | |
| Tedder Industries, LLC | Covenant Arms & Coatings | 10/2/2025 | $575.00 | | | | X | |
| Tedder Industries, LLC | Covenant Arms & Coatings | 10/17/2025 | $4,485.00 | | | | X | |
| Tedder Industries, LLC | Covenant Arms & Coatings | 10/23/2025 | $3,795.00 | | | | X | |
| Tedder Industries, LLC | Covenant Arms & Coatings | 11/28/2025 | $184.00 | | | | X | |
| Tedder Industries, LLC | Curbell Plastics | 11/20/2025 | $10,347.96 | | | X | | |
| Tedder Industries, LLC | DataPro Solutions, Inc. | 10/9/2025 | $4,372.50 | | | | X | |
| Tedder Industries, LLC | DataPro Solutions, Inc. | 11/6/2025 | $4,372.50 | | | | X | |
| Tedder Industries, LLC | Empire Bolt & Screw | 9/10/2025 | $637.80 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 9/25/2025 | $4,371.01 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 10/2/2025 | $1,370.70 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 10/9/2025 | $1,263.10 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 10/17/2025 | $1,702.20 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 10/23/2025 | $2,852.50 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 10/31/2025 | $950.60 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 11/6/2025 | $2,097.00 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 11/14/2025 | $4,919.00 | | | X | | |
| Tedder Industries, LLC | Empire Bolt & Screw | 11/20/2025 | $1,966.60 | | | X | | |
| Tedder Industries, LLC | ExpertVoice, Inc. | 9/12/2025 | $1,750.00 | | | | X | |
| Tedder Industries, LLC | ExpertVoice, Inc. | 10/2/2025 | $3,755.26 | | | | X | |
| Tedder Industries, LLC | ExpertVoice, Inc. | 10/31/2025 | $3,153.42 | | | | X | |
| Tedder Industries, LLC | ExpertVoice, Inc. | 11/28/2025 | $2,712.52 | | | | X | |
| Tedder Industries, LLC | Hi-Tech Fasteners | 9/10/2025 | $1,708.05 | | | X | | |
| Tedder Industries, LLC | Hi-Tech Fasteners | 9/17/2025 | $3,100.00 | | | X | | |
| Tedder Industries, LLC | Hi-Tech Fasteners | 10/9/2025 | $7,967.84 | | | X | | |
| Tedder Industries, LLC | Hi-Tech Fasteners | 10/23/2025 | $2,668.75 | | | X | | |
| Tedder Industries, LLC | Hi-Tech Fasteners | 10/31/2025 | $6,103.88 | | | X | | |
| Tedder Industries, LLC | Hi-Tech Fasteners | 11/6/2025 | $1,784.49 | | | X | | |
| Tedder Industries, LLC | Humanix Corp | 9/12/2025 | $1,053.79 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 9/25/2025 | $1,894.79 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 10/2/2025 | $4,630.21 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 10/17/2025 | $3,306.00 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 10/23/2025 | $7,156.12 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 10/31/2025 | $7,211.95 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 11/6/2025 | $26,028.23 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 11/20/2025 | $24,233.49 | | | | X | |
| Tedder Industries, LLC | Humanix Corp | 11/28/2025 | $23,787.98 | | | | X | |
| Tedder Industries, LLC | John Howard Company | 9/12/2025 | $1,574.20 | | | X | | |
| Tedder Industries, LLC | John Howard Company | 9/25/2025 | $972.18 | | | X | | |
| Tedder Industries, LLC | John Howard Company | 10/9/2025 | $1,602.40 | | | X | | |
| Tedder Industries, LLC | John Howard Company | 10/23/2025 | $7,304.00 | | | X | | |
| Tedder Industries, LLC | John Howard Company | 11/14/2025 | $712.80 | | | X | | |

**SOFA 2.3 CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS WITHIN 90 DAYS BEFORE FILING THIS CASE**

| DEBTOR ENTITY NAME | CREDITOR NAME1 | DATE OF PAYMENT/TRANSFER (MM/DD/YYYY) | TOTAL AMOUNT OR VALUE $ | REASON FOR PAYMENT OR TRANSFER: SECURED DEBT (X) *Check ALL that apply | REASON FOR PAYMENT OR TRANSFER: UNSECURED LOAN REPAYMENTS (X) *Check ALL that apply | REASON FOR PAYMENT OR TRANSFER: SUPPLIERS OR VENDORS (X) *Check ALL that apply | REASON FOR PAYMENT OR TRANSFER: SERVICES (X) *Check ALL that apply | REASON FOR PAYMENT OR TRANSFER: OTHER (SPECIFY) *Check ALL that apply |
|---|---|---|---|---|---|---|---|---|
| Tedder Industries, LLC | John Howard Company | 11/28/2025 | $140.12 | | | X | | |
| Tedder Industries, LLC | Klaviyo | 9/30/2025 | $8,840.00 | | | | X | |
| Tedder Industries, LLC | Klaviyo | 10/31/2025 | $8,840.00 | | | | X | |
| Tedder Industries, LLC | Klaviyo | 11/20/2025 | $168.09 | | | | X | |
| Tedder Industries, LLC | Klaviyo | 11/20/2025 | $2,975.00 | | | | X | |
| Tedder Industries, LLC | Klaviyo | 11/30/2025 | $15,045.00 | | | | X | |
| Tedder Industries, LLC | Klaviyo | 11/30/2025 | $390.00 | | | | X | |
| Tedder Industries, LLC | Locke Lord LLP | 9/17/2025 | $16,825.49 | | | | X | |
| Tedder Industries, LLC | Nunya Business, LLC | 10/17/2025 | $8,333.00 | | | | X | |
| Tedder Industries, LLC | Nunya Business, LLC | 11/6/2025 | $798.00 | | | | X | |
| Tedder Industries, LLC | Nunya Business, LLC | 11/14/2025 | $8,333.00 | | | | X | |
| Tedder Industries, LLC | Oracle America - 1499827093 | 11/28/2025 | $41,039.81 | | | | X | |
| Tedder Industries, LLC | Randy Watts | 10/2/2025 | $4,101.59 | | | | | Product Licensing |
| Tedder Industries, LLC | Randy Watts | 10/31/2025 | $6,079.10 | | | | | Product Licensing |
| Tedder Industries, LLC | Randy Watts | 11/28/2025 | $3,434.68 | | | | | Product Licensing |
| Tedder Industries, LLC | Tackett Brothers Inc. | 10/24/2025 | $3,768.58 | | | | | Commissions |
| Tedder Industries, LLC | Tackett Brothers Inc. | 11/21/2025 | $6,576.37 | | | | | Commissions |
| Tedder Industries, LLC | Truk TMS | 9/16/2025 | $1,080.92 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 9/16/2025 | $684.38 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 9/16/2025 | $291.78 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 9/16/2025 | $1,327.00 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/1/2025 | $381.22 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/1/2025 | $321.94 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/1/2025 | $739.30 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/7/2025 | $330.30 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/14/2025 | $2,046.94 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/14/2025 | $1,518.18 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/14/2025 | $256.75 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/14/2025 | $228.19 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 10/29/2025 | $965.93 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $24,984.12 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $230.48 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $512.64 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $325.82 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $194.65 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $1,636.25 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $325.82 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/7/2025 | $399.95 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $1,803.00 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $348.78 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $284.58 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $1,577.96 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $23,590.73 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $227.80 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $2,322.35 | | | | X | |
| Tedder Industries, LLC | Truk TMS | 11/17/2025 | $322.07 | | | | X | |
| Tedder Industries, LLC | Uline | 9/24/2025 | $88.57 | | | X | | |
| Tedder Industries, LLC | Uline | 9/24/2025 | $527.77 | | | X | | |
| Tedder Industries, LLC | Uline | 10/7/2025 | $606.82 | | | X | | |
| Tedder Industries, LLC | Uline | 10/7/2025 | $1,833.71 | | | X | | |
| Tedder Industries, LLC | Uline | 10/14/2025 | $606.82 | | | X | | |
| Tedder Industries, LLC | Uline | 11/7/2025 | $799.71 | | | X | | |

**SOFA 2.3 CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS WITHIN 90 DAYS BEFORE FILING THIS CASE**

| DEBTOR ENTITY NAME | CREDITOR NAME1 | DATE OF PAYMENT/TRANSFER (MM/DD/YYYY) | TOTAL AMOUNT OR VALUE $ | REASON FOR PAYMENT OR TRANSFER: SECURED DEBT (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: UNSECURED LOAN REPAYMENTS (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: SUPPLIERS OR VENDORS (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: SERVICES (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: OTHER (SPECIFY) *Check ALL that apply* |
|---|---|---|---|---|---|---|---|---|
| Tedder Industries, LLC | Uline | 11/7/2025 | $1,976.81 | | | X | | |
| Tedder Industries, LLC | Uline | 11/19/2025 | $131.91 | | | X | | |
| Tedder Industries, LLC | Uline | 11/19/2025 | $606.53 | | | X | | |
| Tedder Industries, LLC | Uline | 11/25/2025 | $606.23 | | | X | | |
| Tedder Industries, LLC | Uline | 11/25/2025 | $606.23 | | | X | | |
| Tedder Industries, LLC | Uline | 11/25/2025 | $227.76 | | | X | | |
| Tedder Industries, LLC | Uline | 11/26/2025 | $281.64 | | | X | | |
| Tedder Industries, LLC | Uline | 11/26/2025 | $606.53 | | | X | | |
| Tedder Industries, LLC | Veritiv Operating Company | 9/17/2025 | $4,899.84 | | | | X | |
| Tedder Industries, LLC | Veritiv Operating Company | 9/25/2025 | $7,064.54 | | | | X | |
| Tedder Industries, LLC | Veritiv Operating Company | 11/14/2025 | $1,828.50 | | | | X | |
| Tedder Industries, LLC | Willis Towers Watson Northeast, Inc. | 9/12/2025 | $23,209.50 | | | | X | |
| Tedder Industries, LLC | Willis Towers Watson Northeast, Inc. | 10/9/2025 | $11,400.00 | | | | X | |
| Tedder Industries, LLC | Willis Towers Watson Northeast, Inc. | 10/23/2025 | $19,828.80 | | | | X | |
| Tedder Industries, LLC | Willis Towers Watson Northeast, Inc. | 11/6/2025 | $7,110.00 | | | | X | |
| Tedder Industries, LLC | Allegra | 9/16/2025 | $12,080.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 9/23/2025 | $3,480.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 10/14/2025 | $1,400.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 10/29/2025 | $6,446.88 | | | X | | |
| Tedder Industries, LLC | Allegra | 10/29/2025 | $11,435.65 | | | X | | |
| Tedder Industries, LLC | Allegra | 11/7/2025 | $1,050.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 11/13/2025 | $1,025.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 11/13/2025 | $987.50 | | | X | | |
| Tedder Industries, LLC | Allegra | 11/13/2025 | $5,550.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 11/25/2025 | $1,080.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 11/25/2025 | $855.00 | | | X | | |
| Tedder Industries, LLC | Allegra | 11/25/2025 | $1,450.00 | | | X | | |
| Tedder Industries, LLC | Alternative Molding Concepts, Inc | 11/13/2025 | $25,953.00 | | | | X | |
| Tedder Industries, LLC | Alternative Molding Concepts, Inc | 11/20/2025 | $2,334.41 | | | | X | |
| Tedder Industries, LLC | Alternative Molding Concepts, Inc | 11/28/2025 | $12,288.01 | | | | X | |
| Tedder Industries, LLC | Avient Corporation (colorant division) | 10/30/2025 | $23,892.12 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 9/9/2025 | $31,878.86 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 9/9/2025 | $8,046.51 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 9/16/2025 | $26,907.52 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 9/23/2025 | $22,348.98 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 9/30/2025 | $36,724.70 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 10/3/2025 | $5.79 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 10/7/2025 | $34,415.85 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 10/14/2025 | $32,272.82 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 10/21/2025 | $37,121.10 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 10/29/2025 | $59,425.51 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 11/4/2025 | $27,822.69 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 11/12/2025 | $80,310.28 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 11/14/2025 | $12.81 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 11/18/2025 | $1,448.00 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 11/18/2025 | $50,081.25 | | | | X | |
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 11/25/2025 | $35,192.53 | | | | X | |

**SOFA 2.3 CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS WITHIN 90 DAYS BEFORE FILING THIS CASE**

| DEBTOR ENTITY NAME | CREDITOR NAME1 | DATE OF PAYMENT/TRANSFER (MM/DD/YYYY) | TOTAL AMOUNT OR VALUE $ | REASON FOR PAYMENT OR TRANSFER: SECURED DEBT (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: UNSECURED LOAN REPAYMENTS (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: SUPPLIERS OR VENDORS (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: SERVICES (X) *Check ALL that apply* | REASON FOR PAYMENT OR TRANSFER: OTHER (SPECIFY) *Check ALL that apply* |
|---|---|---|---|---|---|---|---|---|
| Tedder Industries, LLC | FedEx - 8836-1422-4 | 12/2/2025 | $40,632.27 | | | | X | |
| Tedder Industries, LLC | Formerra, LLC | 9/10/2025 | $11,152.24 | | | X | | |
| Tedder Industries, LLC | Formerra, LLC | 9/17/2025 | $22,304.49 | | | X | | |
| Tedder Industries, LLC | Formerra, LLC | 10/9/2025 | $52,389.07 | | | X | | |
| Tedder Industries, LLC | Formerra, LLC | 10/17/2025 | $33,456.72 | | | X | | |
| Tedder Industries, LLC | Formerra, LLC | 11/13/2025 | $57,259.93 | | | X | | |
| Tedder Industries, LLC | Formerra, LLC | 11/20/2025 | $29,754.00 | | | X | | |
| Tedder Industries, LLC | Formerra, LLC | 11/28/2025 | $44,330.17 | | | X | | |
| Tedder Industries, LLC | Shenzhen Chiheng Precision Co., LTD | 9/25/2025 | $49,870.00 | | | X | | |
| Tedder Industries, LLC | Shenzhen Chiheng Precision Co., LTD | 10/17/2025 | $20,430.00 | | | X | | |
| Tedder Industries, LLC | Shenzhen Chiheng Precision Co., LTD | 11/13/2025 | $63,982.05 | | | X | | |
| Tedder Industries, LLC | Shenzhen Chiheng Precision Co., LTD | 11/28/2025 | $63,982.05 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 9/10/2025 | $2,889.00 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 9/25/2025 | $3,257.46 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 10/9/2025 | $772.50 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 10/17/2025 | $8,331.92 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 10/22/2025 | $30,269.60 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 10/30/2025 | $9,832.81 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 11/14/2025 | $3,158.31 | | | X | | |
| Tedder Industries, LLC | Spokane Packaging/Econobox | 11/28/2025 | $2,327.81 | | | X | | |
| Tedder Industries, LLC | Tetiri, LLC | 10/1/2025 | $62,123.49 | | | | X | |
| Tedder Industries, LLC | Tetiri, LLC | 11/5/2025 | $62,123.49 | | | | X | |
| Tedder Industries, LLC | VisiPak - Sinclair & Rush Co | 9/12/2025 | $6,275.00 | | | X | | |
| Tedder Industries, LLC | VisiPak - Sinclair & Rush Co | 9/17/2025 | $474.35 | | | X | | |
| Tedder Industries, LLC | VisiPak - Sinclair & Rush Co | 10/2/2025 | $6,275.00 | | | X | | |
| Tedder Industries, LLC | VisiPak - Sinclair & Rush Co | 10/9/2025 | $1,377.00 | | | X | | |
| Tedder Industries, LLC | VisiPak - Sinclair & Rush Co | 11/6/2025 | $619.62 | | | X | | |
| Tedder Industries, LLC | VisiPak - Sinclair & Rush Co | 11/14/2025 | $9,304.60 | | | X | | |
| Tedder Industries, LLC | VisiPak - Sinclair & Rush Co | 11/20/2025 | $5,647.50 | | | X | | |
| Tedder Industries, LLC | Kingson Mold and Machine | 9/24/2025 | $3,150.00 | | | X | | |
| Tedder Industries, LLC | Kingson Mold and Machine | 9/24/2025 | $9,450.00 | | | X | | |
| Tedder Industries, LLC | RFSmart - Info & Computing Services, Inc. | 10/2/2025 | $763.75 | | | | X | |
| Tedder Industries, LLC | RFSmart - Info & Computing Services, Inc. | 10/29/2025 | $21,545.59 | | | | X | |
| Tedder Industries, LLC | RFSmart - Info & Computing Services, Inc. | 11/26/2025 | $235.00 | | | | X | |
| Tedder Industries, LLC | Centre Technologies | 10/2/2025 | $17,670.66 | | | | X | |
| Tedder Industries, LLC | Centre Technologies | 11/6/2025 | $17,211.66 | | | | X | |
| Tedder Industries, LLC | Centre Technologies | 11/28/2025 | $100.00 | | | | X | |
| Tedder Industries, LLC | Baker Tilly - Moss Adams LLP | 9/11/2025 | $7,500.00 | | | | X | |
| Tedder Industries, LLC | Baker Tilly - Moss Adams LLP | 10/8/2025 | $13,500.00 | | | | X | |
| Tedder Industries, LLC | Baker Tilly - Moss Adams LLP | 10/8/2025 | $4,000.00 | | | | X | |
| Tedder Industries, LLC | Baker Tilly - Moss Adams LLP | 11/7/2025 | $1,500.00 | | | | X | |
| Tedder Industries, LLC | The Trade Group | 10/9/2025 | $36,838.01 | | | | X | |
| Tedder Industries, LLC | The Trade Group | 10/30/2025 | $36,838.01 | | | | X | |
| Tedder Industries, LLC | The Trade Group | 11/28/2025 | $36,838.01 | | | | X | |
| Tedder Industries, LLC | Genesis Arms LLC | 11/6/2025 | $16,546.88 | | | | X | |

# Addendum 2

**SOFA 2.4 PAYMENTS OR OTHER TRANSFERS OF PROPERTY MADE WITHIN 1 YEAR BEFORE FILING THIS CASE THAT BENEFITED ANY INSIDER**

| DEBTOR ENTITY NAME | RELATIONSHIP TO DEBTOR | INSIDER'S NAME1 | TOTAL AMOUNT OR VALUE $ | REASON FOR PAYMENT OR TRANSFER |
|---|---|---|---|---|
| Tedder Industries, LLC | PRESIDENT OF ALIEN GEAR HOLSTERS | Thomas Magrath | $6,806.60 | Expense Reimbursment |
| Tedder Industries, LLC | PRESIDENT OF ALIEN GEAR HOLSTERS | Thomas Magrath | $100,000.00 | Bonus |
| Tedder Industries, LLC | PRESIDENT OF ALIEN GEAR HOLSTERS | Thomas Magrath | $225,014.40 | Salary |
| Tedder Industries, LLC | BOARD MEMBER | Lane Tobiassen | $15,000.00 | Salary |
| Tedder Industries, LLC | BOARD MEMBER | Todd A. Leitgeb | $22,500.00 | Salary |
| Tedder Industries, LLC | INTEREST OWNER | Main Street Capital Corporation | $42,599.10 | Expense Reimbursment |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |