**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[1] | § | |
| | § | Case No. 25-90805 (CML) |
| *Debtor.* | § | |
| | § | |

**DEBTOR'S <u>EMERGENCY</u> MOTION FOR ENTRY
OF AN ORDER (I) CONDITIONALLY APPROVING THE
ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING
THE SOLICITATION PROCEDURES AND SOLICITATION PACKAGES,
(III) SCHEDULING A COMBINED HEARING, (IV) ESTABLISHING PROCEDURES
FOR OBJECTING TO THE PLAN AND FINAL APPROVAL OF THE DISCLOSURE
STATEMENT, (V) APPROVING THE FORM, MANNER, AND SUFFICIENCY OF
<u>NOTICE OF THE COMBINED HEARING, AND (V) GRANTING RELATED RELIEF</u>**

> **Emergency relief has been requested. Relief is requested not later than 4:00 p.m. on Monday, July 27, 2026.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within fourteen days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within fourteen days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Tedder Industries, LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**") hereby submits this emergency motion ("**Motion**") for entry of an order, substantially in the form attached hereto (the "**Order**"), and respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

**Preliminary Statement**

1.      The Debtor is a Texas limited liability company that operated a consumer-brand manufacturing business in the firearms and accessories market, specializing in American-made, injection-molded gun holsters marketed under the trade name Alien Gear Holsters. Faced with an unsustainable debt load and the liquidity constraints created by pending state court litigation (as described in the Plan) and the resulting prejudgment writ of attachment, the Debtor commenced this Chapter 11 Case[2] to pursue, with the support of its Secured Lenders, a sale process designed to maximize the value of its intellectual property and other assets.

2.      Following a robust marketing and auction process, the Debtor sold substantially all of its assets to Safariland, LLC, for a purchase price of approximately $10,300,000.00 in cash, with the sale closing on April 7, 2026. As a result of the Sale, the Debtor's remaining assets consist primarily of company records, accounts receivable that accrued prior to the closing of the Sale, and Causes of Action, all of which remain encumbered by the Liens of the Debtor's Secured Lenders. The Plan is a liquidating plan that implements a global settlement among the Debtor, its Secured Lenders, and Randy Watts, memorialized in part by the Watts Stipulation, pursuant to which the Secured Lenders have agreed to fund the general unsecured creditor's pool ("**GUC Pool**") for the benefit of the Debtor's general unsecured creditors and Watts will receive the Watts Assets in full and final satisfaction of the Watts Claim.

3.      By this Motion, the Debtor seeks conditional approval of the Disclosure Statement and approval of the solicitation and notice procedures described herein so that the Debtor may promptly solicit votes on the Plan and proceed to the Combined Hearing on final approval of the

---

[2] Capitalized terms used but not otherwise defined herein are ascribed the same meaning as found in the *Combined Disclosure Statement and Plan of Liquidation of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code*, filed contemporaneously herewith (the "**Plan**").

Disclosure Statement and confirmation of the Plan. The proposed schedule and procedures to confirm and consummate the Plan will move this Chapter 11 Case forward in a timely manner while ensuring due process and providing for the procedural safeguards mandated under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

### Relief Requested

4.      The Debtor seeks entry of an order, granting the following relief:

a.  *Plan & Disclosure Statement*. Conditionally approving the Disclosure Statement, filed contemporaneously herewith, as containing "adequate information" pursuant to section 1125 of title 11 of chapter 11 of the United States Code (the "**Bankruptcy Code**");

b.  *Scheduling Combined Hearing*. Scheduling a combined hearing ("**Combined Hearing**" or "**Confirmation Hearing**") to approve, on a final basis, the adequacy of disclosure continued in, and consider confirmation of, the Plan;

c.  *Combined Hearing Notice*. Approving the form and manner of notice of the Combined Hearing (the "**Combined Hearing Notice**"), substantially in the form attached to the Order as **Exhibit 1**;

d.  *Solicitation Procedures*. Approving (a) the Noticing Plan (as defined herein); and (b) the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan (collectively, the "**Solicitation Procedures**"), substantially in the form attached to the Order as **Exhibit 2**;

e.  *Ballots*. Approving the forms of the ballots (each, a "**Ballot**" and collectively, the "**Ballots**") for casting votes on the Plan, substantially in the form attached to the Order as **Exhibits 3A, 3B,** and **3C**;

f.  *Solicitation Packages*. Finding that the solicitation materials and documents included in the solicitation packages (the "**Solicitation Packages**") that will be sent to Holders of Claims entitled to vote to accept or reject the Plan are in compliance with Bankruptcy Rules 2002(b) and 3017(d);

g.  *Confirmation Schedule*. Establishing the following dates and deadlines related to the confirmation of the Plan and final approval of the Disclosure Statement, subject to modification as necessary (the "**Confirmation Schedule**"):

| Event | Date | Description |
|---|---|---|
| Voting Record Date | July 24, 2026 | The date for determining which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan (the "**Voting Record Date**"). |
| Solicitation Materials Mailing Deadline | Three (3) business days from entry of the Order (or as soon as reasonably practicable thereafter) | The deadline by which the Debtor must distribute the Solicitation Packages, including the applicable Ballot to Holders of Claims entitled to vote to accept or reject the Plan (the "**Solicitation Materials Mailing Deadline**"). |
| Plan Supplement Filing Deadline | August 17, 2026 | The deadline by which the Debtor shall file any Plan Supplement (the "**Plan Supplement Filing Deadline**"). |
| Voting Deadline | August 27, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline for submitting ballots to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code |
| Plan and Disclosure Statement Objection Deadline | August 27, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline by which parties in interest may file objections to confirmation of the Plan or the adequacy of the Disclosure Statement (the "**Plan and Disclosure Statement Deadline**"). |
| Deadline to File Voting Report | August 31, 2026, at 11:59 p.m. (prevailing Central Time) | The date by which the Debtor will file the report tabulating the votes on the Plan (the "**Voting Report**"). |
| Confirmation Brief Deadline | [September 3 or 4], 2026, at 11:59 p.m. (prevailing Central Time) | The date by which the Debtor may file its brief in support of confirmation of the Plan and final approval of the adequacy of the Disclosure Statement in response to objections thereto (the "**Confirmation Brief Deadline**"). |
| Combined Hearing Date | [September 8 or 9], 2026 | The date for the hearing at which the Court will consider confirmation of the Plan and approval of the Disclosure Statement (such hearing, the "**Combined Hearing**," and such date, the "**Combined Hearing Date**"). |

5.    For further reference, below is a list of the various exhibits and documents cited throughout this Motion:

| Document | Exhibit |
|---|---|
| Plan and Disclosure Statement | Filed Contemporaneously Herewith |
| Form of Combined Hearing Notice | Exhibit 1 to the Order |
| Form of Solicitation Procedures | Exhibit 2 to the Order |
| Form of Class 2 Ballot | Exhibit 3-A to the Order |
| Form of Class 3 Ballot | Exhibit 3-B to the Order |
| Form of Class 4 Ballot | Exhibit 3-C to the Order |

### Jurisdiction and Venue

6.    The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference to Bankruptcy Judges from the United States District Court for the Southern District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.    The bases for the relief requested herein are sections 105, 363, 365, 502, 1123, 1125, 1126, and 1128 of Bankruptcy Code, rules 2002, 3001, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rules 1075-1, 2002-1, 3016-1, and 3016-2 of the Bankruptcy Local Rules for the Southern District of Texas

(the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**").

## Background

1.      On December 8, 2025, Tedder Industries, LLC, as debtor and debtor-in-possession in the above captioned chapter 11 case filed a voluntary petition for relief pursuant to chapter 11 of the United States Code.

2.      On March 17, 2026, the Debtor filed the *Notice of Designation of Stalking Horse Bidder* [Dkt. Nos. 126 (restricted) and 128], naming Safariland, LLC as the stalking horse bidder.

3.      On March 25, 2026, the Debtor filed the *Notice of Occurrence of Auction, Designation of Successful Bidder, and Designation of Backup Bidder* [Dkt. No. 134], naming Safariland, LLC as the successful bidder for substantially all of the Debtor's Assets.

4.      On March 30, 2026, the Debtor filed the *Notice of Proposed Sale Order* [Dkt. No. 147], attaching a proposed order approving the sale transaction with Safariland, LLC.

5.      On April 1, 2026, the Court entered the *Order (I) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to §§ 363(b) and (f) of the Bankruptcy Code; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to § 365 of the Bankruptcy Code; and (III) Granting Related Relief* [Dkt. No. 156].

6.      Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Tommy Magrath in Support of Debtor's Chapter 11 Petition and First Day Pleadings* [Dkt. No. 16], (the "**First Day Declaration**"), incorporated by reference herein.

**Plan Summary**

9.      The Plan and the Disclosure Statement describe in detail the transactions contemplated by the Plan. Specifically, the Plan provides for the following treatment of prepetition Claims and Interests:[3]

- Administrative Expense Claim and Priority Tax Claims. Except to the extent that a holder of such Claim agrees to a less favorable treatment, each holder of an Allowed Administrative Expense Claim or an Allowed Priority Tax Claim will receive, in full and final satisfaction of such Allowed Claim, cash in the amount equal to such Allowed Claim on the Effective Date or as soon as practicable thereafter or such other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code.

- DIP Claims. On the Effective Date, all DIP Claims, if any, shall be deemed satisfied based on the treatment of the Allowed Secured Lender Claim.

- Other Priority Claims (Class 1): Unless the Holder of an Allowed Other Priority Claim agrees to less favorable treatment of such Claim, each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of, and in exchange for such Allowed Other Priority Claim Cash in an amount equal to the Allowed amount of such Allowed Other Priority Claim as soon as reasonably practicable after the latest of (A) the Effective Date, (B) the date that such Claim becomes an Allowed Other Priority Claim, and (C) a date agreed to by the Holder of such Allowed Other Priority Claim.

- Secured Lender Claim (Class 2): The Secured Lender Claim shall be Allowed pursuant to this Plan in the total amount of $25,050,000.00.  Each Holder of the Allowed Secured Lender Claim shall receive the following on account of its Allowed Secured Lender Claim:

  o On the Effective Date, all Cash remaining in the Debtor's Estate after payment of Administrative Expense Claims (including Allowed Professional Fee Claims), Allowed Priority Tax Claims, Allowed Other Priority Claims, funding the GUC Pool, and funding the Wind Down Amount; and

  o Thereafter, any Remaining Assets after payments made pursuant to the above and the completion of the Wind Down pursuant to this Plan. For the avoidance of doubt, the Secured Lenders waive the right to receive any recovery from the GUC Pool under the Plan.

---

[3] The summary of the Plan provided herein is intended to provide a summary of distributions under the Plan. To the extent there are any inconsistencies between this summary and the Plan, the Plan shall govern.

- <u>General Unsecured Claims (Class 3)</u>: On the Effective Date or as soon as practicable thereafter, except to the extent such Holder agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction, compromise, settlement, release and discharge of and in exchange for such Allowed General Unsecured Claim its Pro Rata Share of the GUC Pool.

- <u>Watts Claim (Class 4)</u>: The Watts Claim shall be Allowed. On the Effective Date or as soon as practicable thereafter, the Holder of an Allowed Watts Claim shall receive, in full and final satisfaction, compromise, settlement, release and discharge of and in exchange for such Allowed Watts Claim, the Watts Assets.

- <u>Existing Interests (Class 5)</u>: The legal, equitable, and contractual rights of the Holders of Existing Interests are unaltered by the Plan and will remain effective and outstanding for administrative convenience and shall be owned and held by the same applicable Entity that held and/or owed such Existing Interests immediately prior to the Effective Date. No property will be distributed to the Holders of Existing Interests on account of such interests.

10.     Pursuant to the Plan, the Debtor is soliciting the votes of Holders of Claims in Class 2 (Secured Lender Claim), Class 3 (General Unsecured Claims), and Class 4 (Watts Claim), which are the only Classes of Claims entitled to vote on the Plan (each, a "**Voting Class**," and collectively, the "**Voting Classes**"). Holders of Claims and Interests in Class 1 (Other Priority Claims) and Class 5 (Existing Interests) are Unimpaired and conclusively presumed to accept the Plan and, therefore, are not entitled to vote on the Plan (each, a "**Nonvoting Class**," and collectively, the "**Nonvoting Classes**"). The following chart summarizes the Classes of Claims and Interests under the Plan and their status and voting rights:[4]

| Class | Designation | Impairment | Voting Status |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Secured Lender Claim | Impaired | Entitled to Vote |
| Class 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 | Watts Claim | Impaired | Entitled to Vote |
| Class 5 | Existing Interests | Unimpaired | Not Entitled to Vote (Presumed to Accept) |

---

[4] The Debtor reserves the right to modify the Plan in accordance with the terms thereof, including the right to withdraw the Plan at any time prior to the Confirmation Date.

**The Debtor's Noticing Plan**

11.     The Debtor has designed a notice plan (the "**Noticing Plan**") intended to afford all parties in interest the maximum notice and opportunity to be heard as is practicable under the circumstances and, for Holders of Claims in the Voting Classes, the greatest possible opportunity to vote on the Plan.

12.     *Distribution of Solicitation Packages and Notices*. The Debtor requests authorization, as soon as reasonably practicable after entry of the Order, to distribute: (a) the Solicitation Packages to Holders of Claims in the Voting Classes; and (b) the form of Confirmation Hearing Notice to Holders of Claims and Interests in the Nonvoting Classes.

13.     *Notice Provided to the Voting Classes*. By the Solicitation Materials Mailing Deadline, the Debtor will commence solicitation of votes on the Plan by distributing the Solicitation Packages to the Voting Classes. The Solicitation Packages will include instructions for completing the Ballot, and the Disclosure Statement and Ballots will provide that an eligible Holder of a Claim in a Voting Class must submit its Ballot so that it is actually received by Vartabedian Katz Hester & Haynes LLP (the "**Solicitation Agent**"), on or before the Voting Deadline for such Holder's vote to be counted. Following expiration of the Voting Deadline, the Debtor, with the assistance of the Solicitation Agent, will complete a final tabulation of the Ballots and file the Voting Report.

14.     *Notice Provided to the Nonvoting Classes*. The Debtor will deliver the form of Confirmation Hearing Notice, substantially in the forms attached to the Order as **Exhibit 1,** to the Nonvoting Classes. The Confirmation Hearing Notice will inform recipients of their status as Holders of Claims or Interests in a Nonvoting Class and provide instructions on how to obtain copies of the Disclosure Statement, the Plan, and the other solicitation materials.

**Basis for Relief**

**A.  The Court Should Conditionally Approve the Debtor's Disclosure Statement.**

15.     The Debtor has filed the *Combined Disclosure Statement and Plan of Liquidation of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code*, which includes both the Plan and the proposed disclosure statement in support of the Plan (the "**Disclosure Statement**").

16.     The Debtor seeks to confirm the Plan promptly after completion of solicitation to minimize expenses and finalize the wind down of the Debtor's estate. The Debtor's ability to comply with this deadline will be greatly facilitated through conditional approval of the Disclosure Statement.

17.     Under section P of the Complex Case Procedures, a plan proponent may combine the disclosure statement and plan into a single document and may further file a motion requesting (a) conditional approval of the disclosure statement; (b) approval of solicitation procedures; (c) the scheduling of a hearing on shortened notice to consider conditional approval of the proposed disclosure statement; and (d) the scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan.

18.     Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide "adequate information" regarding the plan to holders of impaired claims and interests entitled to vote on the plan. The primary purpose of a disclosure statement is to provide all material information for creditors and interest holders to make an informed decision regarding whether or not to vote for the plan. *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988).

10

19.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case. 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records[.]"); *see also In re Divine Ripe, LLC*, 554 B.R. 395, 400-02 (Bankr. S.D. Tex. 2016) (analyzing factors used to determine the adequacy of information provided in a proposed disclosure statement).

20.     When determining whether a disclosure statement contains adequate information, courts typically look for disclosures related to the following topics, if applicable:

a.   the events that led to the filing of the bankruptcy petition;

b.   a description of the available assets and their value;

c.   the debtor's anticipated future;

d.   the source of information stated in the disclosure statement;

e.   the present condition of the debtor while in chapter 11;

f.   claims asserted against the debtor;

g.   the estimated returns to creditors under a hypothetical chapter 7 liquidation;

h.   the future management of the debtor;

i.   the chapter 11 plan or a summary thereof;

j.   financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

k.   information relevant to the risks posed to creditors under the plan;

l.   the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

m.   litigation likely to arise in a nonbankruptcy context;

n.   tax attributes of the debtor; and

o.   the relationship of the debtor with its affiliates.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996).

21.     The Disclosure Statement contains each of the foregoing categories of information, including, without limitation: (a) the Debtor's corporate history, business operations, and the events leading to the Chapter 11 Case (Article II); (b) the classification and treatment of Claims and Interests (Article III); (c) the means for implementation of the Plan, including the wind down of the Debtor's affairs (Article IV); (d) the timing, source, and manner of Distributions to Holders of Allowed Claims (Article V); (e) a liquidation analysis comparing recoveries under the Plan to a hypothetical chapter 7 liquidation (Article XI.B.1); (f) the statutory requirements and voting procedures for confirmation of the Plan (Article XI); (g) risk factors associated with the Debtor's business, the Plan, and forward-looking statements (Article XII); (h) certain United States federal income tax consequences of the Plan (Article XIII); and (i) the Debtor's recommendation that Holders of Claims entitled to vote accept the Plan (Article XIV).

22.     The Disclosure Statement contains sufficient information for a reasonable Holder of a Claim in the Voting Classes to make an informed judgment about the Plan and complies with section 1125 of the Bankruptcy Code. The Debtor requests that the Court conditionally approve the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code, for solicitation purposes only.

23.     The Debtor also requests that the Court determine, on a final basis, at the Combined Hearing, that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code. As part of its brief in support of confirmation of the Plan, the Debtor will provide the necessary support for the Court to determine the adequacy of the Disclosure Statement on a final basis.

24.     For the avoidance of doubt, final approval of the Disclosure Statement will be determined at the Combined Hearing, and the Debtor seeks only conditional approval of the

Disclosure Statement through this Motion to adhere to the dates set forth in the Confirmation Schedule. The Debtor is not requesting that entry of the Order be a determination as to the adequacy of the Disclosure Statement; rather, such approval will be sought at the Combined Hearing, and all parties' rights to object to the adequacy of the Disclosure Statement, subject to and in accordance with the deadlines and procedures set forth in the Order, are reserved.

**B. The Disclosure Statement Provides Sufficient Notice of Injunction, Release, and Exculpation Provisions in the Plan.**

25. Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction. Fed. R. Bankr. P. 3016(c). Similarly, Bankruptcy Rule 2002(c) requires that such disclosure be provided in the notice of the time fixed for filing objections and the hearing to consider confirmation of the plan. Fed. R. Bankr. P. 2002(c).

26. The Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the acts to be enjoined, released, or exculpated under the Plan and identifying the entities subject thereto, and the Combined Hearing Notice will comply with Bankruptcy Rule 2002(c) by conspicuously describing the nature of, and entities subject to, the injunction and releases under the Plan.

27. Article IX of the Plan describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing, including bolded language related to the Debtor Releases, the exculpation of the Exculpated Parties, and the continuation of the injunction and automatic stay. Specifically, Article IX.C and Article IX.D of the Plan describe in detail the entities subject to, or providing, a release under the Plan and the Claims and Causes of Action so released.

28.     The Ballots and the Combined Hearing Notice will describe in detail and in conspicuous, bold typeface the entities that are subject to or providing a release under the Plan and the Claims and Causes of Action that are so released under the Plan.

**C.  The Confirmation Schedule Complies with Applicable Bankruptcy Law.**

29.     Bankruptcy Rule 3017(a) provides that the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders, and other parties in interest to consider the disclosure statement and any objections or modifications thereto. Fed. R. Bankr. P. 3017(a). Section 1128(a) of the Bankruptcy Code provides that, after notice, the court shall hold a hearing on confirmation of a plan. 11 U.S.C. § 1128(a). Similarly, Bankruptcy Rule 2002(b) requires that notice be given to the debtor, the trustee, all creditors, and indenture trustees not less than 28 days by mail of the time fixed for filing objections and the hearing to consider approval of a disclosure statement.

30.     Bankruptcy Rule 3020(b)(1) requires that objections to confirmation of a plan be filed and served within a time fixed by the court. Fed. R. Bankr. P. 3020(b)(1). The Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan. See 11 U.S.C. § 105(d)(2)(B)(vi); Bankruptcy Local Rule 3016-2; Complex Case Procedures, par. P.

31.     The Debtor requests that the Court schedule the Combined Hearing and set the Plan and Disclosure Statement Objection Deadline in accordance with the Confirmation Schedule set forth above. The Debtor further requests that the Court require that all objections to the adequacy of the Disclosure Statement or confirmation of the Plan: (a) be in writing; (b) conform to the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the name and address of the objecting party and the amount and nature

of the Claim or Interest beneficially owned by such entity; (d) state, with particularity, the legal and factual basis for such objection and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (e) be filed with the Court with proof of service and served upon the Debtor so as to be actually received by the Plan and Disclosure Statement Objection Deadline.

32.     The proposed Confirmation Schedule affords the Court, the Debtor, and other parties in interest reasonable time to consider objections and proposed modifications to the Plan prior to the Combined Hearing. Holders of Claims and Interests not entitled to vote will not be denied due process, because such Holders will be served with the applicable Nonvoting Status Notice, which includes notice of the applicable deadlines. In addition, the Debtor's Noticing Plan will provide all known parties in interest with notice of the Combined Hearing and the material terms of the Plan. For the foregoing reasons, the Confirmation Schedule is reasonable, appropriate, complies with applicable law, and affords due process to the Debtor's stakeholders.

### D. The Court Should Approve the Voting Record Date, Solicitation Materials Mailing Deadline, and Voting Deadline

33.     Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in connection with confirmation of a plan, creditors and equity security holders include holders of record on the date the order approving the disclosure statement is entered or another date fixed by the court. Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding the record date for voting purposes, and Bankruptcy Rule 3017(c) provides that, before approving a disclosure statement, the court must fix a time within which holders of claims and interests may accept or reject a plan. Fed. R. Bankr. P. 3017(c), 3018(a).

34.     The Debtor requests that the Court exercise its authority under Bankruptcy Rules 3017(c), 3017(d), and 3018(a) to establish the Voting Record Date, the Solicitation Materials

15

Mailing Deadline, and the Voting Deadline set forth in the Confirmation Schedule above. The Debtor further requests that the Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots in accordance with the instructions thereon so that such Ballots are actually received by the Solicitation Agent on or before the Voting Deadline.

### E. The Court Should Approve the Form of the Ballots

35.     Bankruptcy Rule 3018(c) requires that an acceptance or rejection of a plan be in writing, identify the plan accepted or rejected, be signed by the creditor or an authorized agent, and conform to the appropriate Official Form. Fed. R. Bankr. P. 3018(c). In accordance with Bankruptcy Rule 3018(c), the Debtor has prepared customized Ballots, substantially in the forms attached to the Order as Exhibits 3A through 3C, to provide Holders of Claims in the Voting Classes with information regarding the applicable Class treatment. Ballots may be submitted to the Solicitation Agent by email, first-class mail, overnight courier, or hand delivery; Ballots submitted by facsimile or other means of electronic transmission will not be counted. Accordingly, the form of the Ballots complies with Bankruptcy Rule 3018(c) and should be approved.

### F. The Court Should Approve the Form and Distribution of the Solicitation Packages

36.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of claims upon approval of a disclosure statement, including the plan or a court-approved summary of the plan, the disclosure statement, and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d). Consistent with this requirement, by the Solicitation Materials Mailing Deadline, the Debtor, with the assistance of the Solicitation Agent, will distribute the Solicitation Packages to Holders of Claims in the Voting Classes. Each Solicitation Package will include: (a) the entered Order (excluding exhibits, except as set forth below); (b) the conditionally approved Disclosure Statement, including the Plan, filed concurrently

16

herewith; (c) the Solicitation Procedures, attached to the Order as **Exhibit 2**; (d) the applicable form of Ballot, attached to the Order as **Exhibits 3A through 3C**; (e) the Combined Hearing Notice, attached to the Order as **Exhibit 1**. The Solicitation Packages therefore comply with Bankruptcy Rule 3017(d) and should be approved.

### G. The Court Should Approve the Form of the Combined Hearing Notice

37.     The Debtor will serve the Combined Hearing Notice, substantially in the form attached to the Order as **Exhibit 1**, on all known Holders of Claims and Interests no later than the Solicitation Materials Mailing Deadline. The Combined Hearing Notice will include: (a) notice of the Voting Deadline; (b) notice of the Plan and Disclosure Statement Objection Deadline; (c) notice of the date by which the Debtor will file a Plan Supplement, if any; and (d) the Combined Hearing Date and related information. Accordingly, the Combined Hearing Notice should be approved as appropriate and in compliance with the Bankruptcy Code and the Bankruptcy Rules.

### H. The Court Should Approve the Form of the Nonvoting Status Notice

38.     As discussed above, Holders of Claims and Interests in the Nonvoting Classes are Unimpaired and conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code and, therefore, are not entitled to vote on the Plan. In lieu of the Solicitation Package, the Debtor proposes to provide such Holders with the Combined Hearing Notice, substantially in the form attached to the Order as **Exhibit 1**, which will include, among other things: (a) information on the recipient's status as a Holder of a Claim or Interest in a Nonvoting Class; (b) instructions on how to obtain copies of the Disclosure Statement, the Plan, the Order, and the other solicitation materials; (c) notice of the Plan and Disclosure Statement Objection Deadline; and (d) notice of the Combined Hearing Date.

39.     The Debtor requests that the Court waive the requirement that it distribute a copy of the Solicitation Package to Holders of Claims presumed to accept the Plan. *See* 11 U.S.C. § 1126(f) (providing that solicitation of parties presumed to accept a plan is unnecessary); Fed. R. Bankr. P. 3017(d). Distributing the Solicitation Package to Nonvoting Holders would be a time-consuming and unnecessary expense, and the Debtor's resources are better preserved for the benefit of all stakeholders. Accordingly, mailing Confirmation Hearing Notice in lieu of Solicitation Packages to the Nonvoting Classes complies with Bankruptcy Rule 3017(d) and should be approved.

## I.   The Court Should Approve the Solicitation Procedures

40.     Section 1126(c) of the Bankruptcy Code provides that a class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section 1126(e) of the Bankruptcy Code, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class that have voted to accept or reject the plan. 11 U.S.C. § 1126(c). Bankruptcy Rule 3018(c) further requires that an acceptance or rejection of a plan be in writing, identify the plan, be signed by the creditor or an authorized agent, and conform to the appropriate Official Form. Fed. R. Bankr. P. 3018(c).

41.     Consistent with these requirements, the Debtor proposes to use the Solicitation Procedures to facilitate the process of tabulating votes received on the Plan. The Solicitation Procedures provide that a Ballot will not be counted if it is illegible, submitted by or on behalf of a Holder of a Claim that is not entitled to vote on the Plan, unsigned, or not clearly marked, and, subject to a contrary order of the Court, the Debtor may waive any defects or irregularities as to any particular Ballot, with any such waivers documented in the Voting Report.

42.     The proposed Solicitation Procedures will facilitate the confirmation process by setting forth which Holders of Claims are entitled to vote, clarifying the obligations of Holders entitled to vote to accept or reject the Plan, and creating a straightforward process for the Debtor to determine whether it has satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code. Accordingly, the Solicitation Procedures are in the best interests of the Debtor, its estate, and other parties in interest, and good cause supports the relief requested herein.

## Non-Substantive Modifications

43.     The Debtor requests authorization to make non-substantive changes to the Plan, the Disclosure Statement, the Solicitation Procedures, the Solicitation Packages, the Ballots, the Combined Hearing Notice, any notices approved by the Order, and any related documents without further order of the Court (in accordance with applicable consent rights), including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Plan, the Disclosure Statement, and any other materials in the Solicitation Package prior to distribution.

## Notice

44.     The Debtor will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtor (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) the state attorneys general for states in which the Debtor conducted business; (f) counsel to the Secured Lender, Porter Hedges, LLP, 1000 Main St., 36th Floor, Houston, Texas 77002, Attn.: Joshua W. Wolfshohl (jwolfshohl@porterhedges.com); and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

**Prayer for Relief**

The Debtor requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Candice M. Carson*
Jeff P. Prostok (State Bar No. 16352500)
Mary Taylor Stanberry (State Bar No. 24143781)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Ste. 2200
Fort Worth, Texas 76107
Telephone: (817) 214-4990
jeff.prostok@vkhh.com
mary.stanberry@vkhh.com

Candice M. Carson (State Bar No. 24074006)
J. Blake Glatstein (State Bar No. 24123295)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue, Ste 4200W
Dallas, Texas 75201
Telephone: (469) 654-1340
candice.carson@vkhh.com
blake.glatstein@vkhh.com

*Counsel to the Debtor and Debtor-in-Possession*

20

**<u>Certificate of Service</u>**

I certify that on July 21, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Candice M. Carson*
Candice M. Carson