United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[1] | § | |
| | § | Case No. 25-90805 (CML) |
| *Debtor.* | § | |
| | § | |

**ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (II) CONDITIONALLY APPROVING DISCLOSURE STATEMENT AND FORM AND MANNER OF NOTICE OF CONDITIONAL DISCLOSURE STATEMENT HEARING; (III) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; (IV) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (V) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (VI) GRANTING RELATED RELIEF**

Upon the motion ("**Motion**")[2] of Tedder Industries, LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), for entry of an order (this "**Order**"), pursuant to sections 105, 365, 1124, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, 6004 and 9006, and Local Bankruptcy Rules 2002-1 and 3016-1,(a) scheduling a combined hearing for approval of the Disclosure Statement and confirmation of the Plan; (b) conditionally approving the Disclosure Statement; (c) establishing a deadline to object to confirmation of the Plan and approval of the Disclosure Statement and related procedures; (d) approving the Solicitation Procedures and form of Ballots; (e) approving the Combined Notice and Notice of Nonvoting Status; and (f) granting related relief,  each as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

    **I.**       **The Motion is GRANTED.**

    1.      The Disclosure Statement is hereby conditionally approved as providing holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan within the meaning of section 1125 of the Bankruptcy Code and complies with Bankruptcy Rule 3016(c) and is subject to final approval of the Court at the Combined Hearing. No further or additional information is necessary or required.

    2.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims and Interests and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

3.      The procedures pursuant to which the Debtor provided notice to the parties entitled to notice of the time, date, and place of the Hearing provided due, proper, and adequate notice, comport with due process, and comply with all applicable Bankruptcy Rules and Local Bankruptcy Rules. No further notice is required or necessary.

**II.     Approval of the Procedures, Materials, and Timeline for Soliciting Votes on and Confirming the Plan.**

**A.  Approval of Solicitation Procedures.**

4.      The Solicitation Procedures, attached hereto as **Exhibit 2**, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018 and are hereby approved in their entirety.

5.      The Debtor is authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures.

**B.  Approval of Certain Dates and Deadlines with Respect to the Plan and the Disclosure Statement.**

6.      The following dates are hereby established (subject to modification as necessary) and approved with respect to the solicitation of the Plan, voting on the Plan, and confirmation of the Plan, as well as filing objections to confirmation of the Plan and approving the Disclosure Statement on a final basis:

| Event | Date | Description |
|---|---|---|
| **Voting Record Date** | July 27, 2026 | The date for determining which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan (the "**Voting Record Date**"). |

| **Solicitation Materials Mailing Deadline** | Three (3) business days from entry of the Order (or as soon as reasonably practicable thereafter) | The deadline by which the Debtor must distribute the Solicitation Packages, including the applicable Ballot, to Holders of Claims entitled to vote to accept or reject the Plan (the "**Solicitation Materials Mailing Deadline**"). |
|---|---|---|
| **Plan Supplement Filing Deadline** | August 17, 2026 | The deadline by which the Debtor shall file any Plan Supplement (the "**Plan Supplement Filing Deadline**"). |
| **Voting Deadline** | August 27, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline for submitting Ballots to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code (the "**Voting Deadline**"). |
| **Plan and Disclosure Statement Objection Deadline** | August 27, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline by which parties in interest may file objections to confirmation of the Plan or the adequacy of the Disclosure Statement (the "**Plan and Disclosure Statement Objection Deadline**"). |
| **Deadline to File Voting Report** | August 31, 2026, at 11:59 p.m. (prevailing Central Time) | The date by which the Debtor will file the Voting Report tabulating the votes on the Plan. |
| **Confirmation Brief Deadline** | September 3, 2026, at 12:00 p.m. (prevailing Central Time) | The date by which the Debtor shall file its brief in support of confirmation of the Plan and final approval of the adequacy of the Disclosure Statement in response to objections thereto (the "**Confirmation Brief Deadline**"). |
| **Combined Hearing Date** | September 8, 2026, at 1:00 p.m. (prevailing Central Time) | The date for the hearing at which the Court will consider confirmation of the Plan and final approval of the adequacy of the Disclosure Statement (such hearing, the "**Combined Hearing**," and such date, the "**Combined Hearing Date**"). |

**C. Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

7.     The Solicitation Packages to be transmitted on or before the Solicitation Mailing Deadline, or as soon as reasonably practicable thereafter, to those Holders of Claims entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

    a.   this Order (excluding schedules);

    b.   the proposed Plan and Disclosure Statement and any exhibits and schedules thereto;

    c.   the Combined Hearing Notice (attached hereto as **Exhibit 1**);
    d.   the Solicitation Procedures (attached hereto as **Exhibit 2**);

    e.   the applicable form of Ballot for the Holder's Class (**Exhibits 3A**, **3B**, and **3C** attached hereto, as applicable);

    f.   a pre-addressed, postage pre-paid reply envelope; and

8.     The Solicitation Packages provide Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Bankruptcy Local Rules.

9.     The Debtor shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Mailing Deadline, or as soon as reasonably practicable thereafter. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

10.     The Solicitation Agent is authorized to assist the Debtor in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtor; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Plan and Disclosure Statement, the

Solicitation Packages (including the Ballots), and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan or the adequacy of the Disclosure Statement; (d) soliciting votes on the Plan; and (e) if necessary, contacting Holders of Claims and Interests regarding the Plan and the Disclosure Statement.

11.     The Solicitation Agent is also authorized to accept (a) Ballots from voters submitted via e-mail to TedderBalloting@vkhh.com, with reference to Tedder Industries, LLC Ballot in the subject line. Instructions for electronic transmission of Ballots are set forth on the applicable forms of Ballots.

### D.  Approval of the Confirmation Hearing Notice.

12.     The Confirmation Hearing Notice, in the form attached hereto as **Exhibit 1**, which shall be filed by the Debtor and served upon parties in interest in this Chapter 11 Cases within three (3) business days after entry of this Order (or as soon as reasonably practicable thereafter) constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

### E.  Approval of the Form of Confirmation Hearing Notice Applicable to Nonvoting Classes.

13.     Except to the extent the Debtor determines otherwise, the Debtor is not required to provide Solicitation Packages to Holders of Claims or Interests in Nonvoting Classes, as such Holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Mailing Deadline, or as soon as reasonably practicable thereafter, the Solicitation Agent shall mail (first-class postage prepaid) the Confirmation Hearing Notice, including additional information relevant to Nonvoting

Classes and a form by which Holders can elect to opt out of the Third-Party Release included in the Plan, in lieu of Solicitation Packages, the form of each of which is approved, to Holders of Claims or Interests in Classes 1 and 5, who are not entitled to vote on the Plan.

14.     The Debtor is not required to mail Solicitation Packages, other solicitation materials, or a Confirmation Hearing Notice to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases; or (b) any party to whom the notice of this Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date.

### F.  Approval of the Procedures for Filing Objections to the Plan.

15.     Objections to the Plan and Disclosure Statement will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state, with particularity, the legal or factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Court by the Confirmation Objection Deadline (**August 27, 2026, at 4:00 p.m. (prevailing Central Time)**).

16.     The Debtor (and other parties in support of the Plan) are authorized and permitted to file a reply to any objections to Confirmation of the Plan and a memorandum in support of Confirmation by **September 3, 2026 at 12:00 p.m. (prevailing Central Time)**.

**G. Approval of Procedures and Notice Regarding Assumption or Rejection of Executory Contracts and Unexpired Leases.**

17.     The procedures set forth in the Motion regarding notice to all parties of the assumption or rejection of the applicable Debtor's Executory Contracts and Unexpired Leases, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002, 3017 and 3020, and are hereby approved. No further or additional notice is required or necessary.

**H. Non-Substantive Modifications.**

18.     The Debtor is authorized to make non-substantive changes to the Plan and Disclosure Statement, Solicitation Procedures, Ballots, Solicitation Packages, any notice attached to the Order, and any related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Plan and Disclosure Statement, and any other materials in the Solicitation Packages prior to distribution. Subject to the foregoing, the Debtor is authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Court.

19.     The Debtor's rights are reserved to modify the Plan without further order of the Court in accordance with Article X of the Plan, including the right to withdraw the Plan at any time before the Confirmation Date.

20.     Nothing in this Order shall be construed as a waiver of the right of the Debtor or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

21.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

23.     Notwithstanding anything in the Bankruptcy Rules or Local Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

24.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

25.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SO ORDERED.**

Signed: July 29, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**EXHIBIT 1**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEDDER INDUSTRIES, LLC, | Case No. 25-90805 (CML) |
| Debtor.[1] | Re: Docket No. |

---

**PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED. [HOLDERS OF CLAIMS WHO ARE UNIMPAIRED BUT DO NOT TIMELY OPT OUT OF THE RELEASES BY SUBMITTING THE OPT OUT ELECTION FORM ATTACHED HERETO ARE DEEMED TO PROVIDE SUCH RELEASES. HOLDERS OF CLAIMS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN THAT DO NOT TIMELY OPT OUT OF THE RELEASES BY SUBMITTING THE OPT OUT ELECTION ON THEIR RESPECTIVE BALLOTS ARE DEEMED TO PROVIDE SUCH RELEASES.][2]**

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

2 [To tailor to specific Holder (*i.e.*, Voting or Non-Voting Class)].

2

**NOTICE OF (A) HEARING TO CONSIDER FINAL APPROVAL
OF PROPOSED DISCLOSURE STATEMENT AND CONFIRMATION
OF THE DEBTOR'S CHAPTER 11 PLAN, (B) DEADLINE FOR SUBMITTING
BALLOTS TO ACCEPT OR REJECT THE PLAN, (C) DEADLINE FOR FILING
AND SERVICE OF OBJECTIONS TO THE PLAN, AND (D) RELATED MATTERS**

**NOTICE IF HEREBY GIVEN** as follows:

1.      On December 8, 2025, Tedder Industries, LLC, as debtor and debtor-in-possession in the above captioned chapter 11 case ("**Debtor**") filed a voluntary petition for relief pursuant to chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

2.      On July 21, 2026, the Debtor filed the *Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 185] (as revised on July 27, 2026, and as may be further amended, supplemented, or otherwise modified from time to time, the "**Plan and Disclosure Statement**," the "**Plan**" or the "**Disclosure Statement**," as applicable), pursuant to sections 1125 and 1126 of the Bankruptcy Code.

3.      On July 27, 2026, the Court entered an order conditionally approving the Disclosure Statement for purposes of solicitation [Dkt. No. [●]] (the "**Solicitation Order**").

**PLEASE TAKE FURTHER NOTICE OF THE FOLLOWING:**

**I.      HEARING TO CONSIDER ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**

1.      *Confirmation Hearing*. A hearing to consider confirmation of the Plan and final approval of the Disclosure Statement (the "**Confirmation Hearing**") has been scheduled for **September 8, 2026, at 1:00 p.m. (prevailing Central Time)** before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, in Courtroom 402, 4th floor, 515 Rusk, Houston, Texas, 77002.  You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez".

2.      The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than by a Court announcement providing for such adjournment or continuation on its agenda. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3.      *Voting Record Date*. Holders of Claims in Class 2 (Secured Lender Claim), Class 3 (General Unsecured Claims), and Class 4 (Watts Claim) who are otherwise eligible to vote shall be entitled to vote to accept or reject the Plan as of **July 27, 2026** (the "**Voting Record Date**").

3

4.      ***Voting Deadline***. If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you must: (i) follow the instructions carefully; (ii) complete all of the required information on the Ballot; and (iii) execute and return your completed Ballot according to and as set forth in detail in the voting instructions on your Ballot so that it is actually received by the Debtor's solicitation and noticing agent, Vartabedian Katz Hester & Haynes LLP. (the "**Solicitation Agent**") on or before **August 27, 2026, at 4:00 p.m. (prevailing Central Time)** (the "**Voting Deadline**"). **ANY FAILURE TO FOLLOW THE VOTING INSTRUCTIONS INCLUDED WITH YOUR BALLOT MAY DISQUALIFY YOUR BALLOT AND YOUR VOTE.**

5.      ***Parties in Interest Not Entitled to Vote***. Holders of Claims or Interests in Class 1 (Other Priority Claims) and Class 5 (Existing Interests) are not entitled to vote on the Plan and will not receive a Ballot. Pursuant to the Solicitation Procedures, if any creditor seeks to challenge the Allowed amount of its Claim for voting purposes, such creditor must file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018(a) Motion**"). Any Rule 3018(a) Motion must be filed with the Court not later than **August 17, 2026, at 4:00 p.m. (prevailing Central Time).** Upon the filing of any such Rule 3018(a) Motion, such creditor's Ballot shall be counted in accordance with the guidelines provided in the Solicitation Procedures attached as **Exhibit 2** to the Solicitation Order, unless temporarily Allowed in a different amount by an order of the Court entered prior to or concurrent with entry of an order confirming the Plan.

6.      ***Objections to Confirmation***. The deadline to object or respond to confirmation of the Plan or final approval of the Disclosure Statement is **August 27, 2026, at 4:00 p.m. (prevailing Central Time)** (the "**Confirmation Objection Deadline**").

7.      ***Form and Manner of Objections to Confirmation***. Objections and responses, if any, to confirmation of the Plan or final approval of the Disclosure Statement, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and any order of the Court; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtor's estates or property; (iv) provide the basis for the objection and the specific grounds therefor, and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Court (with proof of service) via ECF or by mailing to the Bankruptcy Court at United States Bankruptcy Court Clerk's Office, United States Courthouse, 515 Rusk Avenue, Courtroom 402, 4th Floor, Houston, Texas 77002, so as to be actually received no later than the Confirmation Objection Deadline. In addition to being filed with the Court, any responses or objections must be served on the following parties (collectively, the "**Notice Parties**") so as to be received by such deadline:

      a.  Counsel for the Debtors, Vartabedian Katz Hester & Haynes, 301 Commerce Street, Ste 2200, Fort Worth, Texas, 76102, Attn: Jeff Prostok, Esq. (jeff.prostok@vkhh.com); Candice Carson, Esq. (candice.carson@vkhh.com); Mary Taylor Stanberry (mary.stanberry@vkhh.com); and J. Blake Glatstein (blake.glatstein@vkhh.com);

4

b. the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, TX 77002;

c. counsel to the Secured Lender, Porter Hedges, LLP, 1000 Main St., 36th Floor, Houston, Texas 77002, Attn.: Joshua W. Wolfshohl (jwolfshohl@porterhedges.com); and

d. any other party entitled to notice under Bankruptcy Rule 2002.

**IF AN OBJECTION TO CONFIRMATION OF THE PLAN OR FINAL APPROVAL OF THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THEN THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN OR FINAL APPROVAL OF THE DISCLOSURE STATEMENT OR THE ADEQUACY THEREOF AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

[**PLEASE TAKE FURTHER NOTICE** that, because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, you are a Holder of a Claim or Interest (as currently asserted against the Debtor) that is in a Class that is either Impaired and conclusively deemed to have rejected the Plan or Unimpaired and conclusively deemed to have accepted the Plan. Thus, pursuant to sections 1126(f) or 1126(g) of the Bankruptcy Code, as applicable, you are **not** entitled to vote on the Plan. Please see the additional information for Holders of Claims or Interests in Non-Voting Classes annexed hereto.][3]

## II. NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

1. You or one of your affiliates may be a counterparty to one or more contracts or leases that may be an Executory Contract or Unexpired Lease with the Debtor. Except as otherwise provided in the Plan, as of the Effective Date, the Debtor shall be deemed to have rejected each Executory Contract and Unexpired Lease to which it is a party in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (i) was previously assumed or rejected by the Debtor, pursuant to a Final Order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to reject filed by the Debtor on or before the Confirmation Date, or (iv) is specifically designated by the Debtor as a contract or lease to be assumed on the Schedule of Assumed Executory Contracts and Unexpired Leases.

---

[3] [Only to be included in notice sent to non-voting creditors.]

5

2.	The Debtor will serve the Schedule of Assumed Executory Contract and Unexpired Leases together with any "cure amounts" on counterparties to such contracts or leases by **August 17, 2026**.

3.	Each Executory Contract and Unexpired Lease assumed or assumed and assigned pursuant to this Plan, or by Bankruptcy Court order, will transfer to and be fully enforceable by the Liquidating Debtor or its assignees in accordance with its terms, except as such terms may have been modified by order of the Bankruptcy Court. Notwithstanding the foregoing paragraph or anything to the contrary herein, the Debtor reserves the right to supplement the Schedule of Assumed Executory Contracts and Unexpired Leases prior to the Effective Date.

4.	**Objections to the Assumption of Executory Contracts and Unexpired Leases**: If you believe any further amounts are due as a result of the Debtor's monetary defaults under an Executory Contract or Unexpired Lease or you wish to object to the assumption of an Executory Contract or Unexpired Lease under the Plan, including an objection regarding the ability of the Liquidating Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) (each, an "**Assumption Rejection**"), you may assert an Assumption Rejection against the Debtor or Liquidating Debtor, as applicable, subject to all defenses the Debtor or Liquidating Debtor may have with respect to such Assumption Objection. Your Assumption Objection must: (i) be in writing; (ii) conform to the applicable Federal Rules and the Bankruptcy Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof and (d) be filed with the Court and served on the Notice Parties so as to be received by **August 27, 2026, at 4:00 p.m. (prevailing Central Time)** (or such other date as may be established by the Court) (the "**Assumption Objection Deadline**"). Any counterparty to an assumed Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of such Executory Contract or Unexpired Lease, including an objection regarding the ability of the Liquidating Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), prior to the Assumption Objection Deadline (i) shall be deemed to have assented to such proposed assumption and shall be deemed to have forever released and waived such Assumption Objection and shall be precluded from being heard at the Confirmation Hearing with respect to such objection, and (ii) shall be forever barred from imposing or charging against the Liquidating Debtor any accelerations, increases or any other fees as a result of any assumption pursuant to the Plan. For the avoidance of doubt, all rights of a counterparty to assert that further amounts are due as a result of the Debtor's monetary default under an Executory Contract or Unexpired Lease are preserved after the Effective Date and can be asserted in the ordinary course of business, regardless of whether such counterparty files an Assumption Objection, subject to all defenses the Debtor or Liquidating Debtor may have with respect to such claims.

**ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT DOES NOT TIMELY OBJECT TO THE PROPOSED ASSUMPTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE BY THE ASSUMPTION OBJECTION DEADLINE WILL BE DEEMED TO HAVE CONSENTED TO SUCH ASSUMPTION. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE COURT.**

### III. SUMMARY OF PLAN

1.      The table below provides a summary of the classification, description and treatment, of Claims and Interests under the Plan. Anticipated recoveries for such Claims and Interests will be included in the Plan Supplement. This information is provided in summary form below for illustrative purposes only and is qualified in its entirety by reference to the provisions of the Plan.

| Class | Designation | Impairment | Voting Status |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Secured Lender Claim | Impaired | Entitled to Vote |
| Class 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 | Watts Claim | Impaired | Entitled to Vote |
| Class 5 | Existing Interests | Unimpaired | Not Entitled to Vote (Presumed to Accept) |

2.      Key components of the Plan are as follows:

    a.   <u>Administrative Expense Claim and Priority Tax Claims</u>: Except to the extent that a holder of such Claim agrees to a less favorable treatment, each holder of an Allowed Administrative Expense Claim or an Allowed Priority Tax Claim will receive, in full and final satisfaction of such Allowed Claim, cash in the amount equal to such Allowed Claim on the Effective Date or as soon as practicable thereafter or such other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code.

    b.   <u>DIP Claims</u>: On the Effective Date, all DIP Claims, if any, shall be deemed satisfied based on the treatment of the Allowed Secured Lender Claim.

    c.   <u>Other Priority Claims (Class 1)</u>: Unless the Holder of an Allowed Other Priority Claim agrees to less favorable treatment of such Claim, each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of, and in exchange for such Allowed Other Priority Claim Cash in an amount equal to the Allowed amount of such Allowed Other Priority Claim as soon as reasonably practicable after the latest of (A) the Effective Date, (B) the date that such Claim becomes an Allowed Other Priority Claim, and (C) a date agreed to by the Holder of such Allowed Other Priority Claim.

    d.   <u>Secured Lender Claim (Class 2)</u>: The Secured Lender Claim shall be Allowed pursuant to this Plan in the total amount of $25,050,000.00. Each Holder of the Allowed Secured Lender Claim shall receive the following on account of its Allowed Secured Lender Claim:

        i.   On the Effective Date, all Cash remaining in the Debtor's Estate after payment of Administrative Expense Claims (including Allowed Professional Fee Claims), Allowed Priority Tax Claims, Allowed Other

7

Priority Claims, funding the GUC Pool, and funding the Wind Down Amount; and

ii. Thereafter, any Remaining Assets after payments made pursuant to the above and the completion of the Wind Down pursuant to this Plan. For the avoidance of doubt, the Secured Lenders waive the right to receive any recovery from the GUC Pool under this Plan.

e. <u>General Unsecured Claims (Class 3)</u>: On the Effective Date or as soon as practicable thereafter, except to the extent such Holder agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction, compromise, settlement, release and discharge of and in exchange for such Allowed General Unsecured Claim its Pro Rata Share of the GUC Pool.

f. <u>Watts Claim (Class 4)</u>: The Watts Claim shall be Allowed. On the Effective Date or as soon as practicable thereafter, the Holder of an Allowed Watts Claim shall receive, in full and final satisfaction, compromise, settlement, release and discharge of and in exchange for such Allowed Watts Claim, the Watts Assets.

g. <u>Existing Interests (Class 5)</u>: The legal, equitable, and contractual rights of the Holders of Existing Interests are unaltered by the Plan and will remain effective and outstanding for administrative convenience and shall be owned and held by the same applicable Entity that held and/or owed such Existing Interests immediately prior to the Effective Date. No property will be distributed to the Holders of Existing Interests on account of such interests.

IV. **NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.

<u>**Injunction and Continuation of the Automatic Stay**</u>

**Except as otherwise specifically provided in the Plan or the Confirmation Order, and subject to section 524(a) of the Bankruptcy Code, all Persons or Entities who have held, hold or may hold (a) Claims or Interests that arose prior to the Effective Date, (b) Causes of Action that are subject to exculpation pursuant to the Plan (but only to the extent of the exculpation provided in Section IX.C of the Plan), or (c) Claims, Interests or Causes of Action that are otherwise discharged, satisfied, stayed or terminated pursuant to the terms of the Plan and all other parties-in-interest seeking to enforce such Claims, Interests, or Causes of Action are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim (including a Subordinated Claim) against or Interest in the Debtor, other than**

8

to enforce any right to a distribution pursuant to the Plan, (ii) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or the Liquidating Debtor with respect to any such Claim or Interest, other than to enforce any right to a distribution pursuant to the Plan, (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against the Debtor or the Liquidating Debtor, other than to enforce any right to a distribution pursuant to this Plan, or (iv) asserting any right of setoff (except for setoffs validly exercised prepetition) or subrogation of any kind against any obligation due from the Debtor or the Liquidating Debtor with respect to any such Claim or Interest. Such injunction shall extend to any successors or assignees of the Debtor or the Liquidating Debtor and their respective properties and interests in properties.  Unless otherwise provided in the Plan or by Final Order of the Bankruptcy Court, all injunctions or automatic stays provided for in the Chapter 11 Case pursuant to section 105, if any, or section 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until entry of a Final Decree in these Chapter 11 Case at which time all such injunctions and automatic stays shall no longer be in effect.

## Exculpation

Effective as of the Effective Date, the Exculpated Party shall not have or incur liability for, and is exculpated from any Cause of Action related to any act or omission taking place between the Petition Date and the Effective Date, in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of this Plan and Disclosure Statement, the Plan Supplement, or any transaction under the Plan, contract, instrument, or document or transaction approved by the Bankruptcy Court in the Chapter 11 Case, except for (a) any Cause of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted fraud, willful misconduct, or gross negligence of such Person, and (b) any Cause of Action related to any liability of professionals to their clients pursuant to Texas Disciplinary Rules of Professional Conduct Rule 1.08(g).

## Releases

a.     <u>Debtor Releases</u>. **NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO BANKRUPTCY CODE SECTION 1123(B) AND TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS DEEMED RELEASED AND DISCHARGED BY THE DEBTOR AND ITS ESTATE FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTOR OR ITS ESTATE, THAT THE DEBTOR AND ITS ESTATE WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), ANY SECURITIES ISSUED BY THE DEBTOR AND THE OWNERSHIP THEREOF,**

9

**THE DEBTOR'S IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASE, THE WIND DOWN, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING, AS APPLICABLE, OF THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE WIND DOWN, OR ANY RESTRUCTURING TRANSACTION CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE CHAPTER 11 CASE, THE FILING OF THE CHAPTER 11 CASE, THE DIP FINANCING DOCUMENTS, SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE TRANSFER OR DISTRIBUTION OF ANY SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, PURSUANT TO THE WIND DOWN, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN AND SHALL NOT RESULT IN A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE DEBTOR OR THE LIQUIDATING DEBTOR WITH RESPECT TO SUCH POST-EFFECTIVE DATE OBLIGATIONS OR (B) CLAIMS OR CAUSE OF ACTIONS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.**

b. <u>Releases by Releasing Parties</u>. **NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, OTHER THAN THE ALLOWED SECURED LENDER CLAIM HELD BY THE SECURED LENDERS, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ITSELF OR THE DEBTOR OR ITS ESTATE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), ANY SECURITIES ISSUED BY THE DEBTOR AND THE OWNERSHIP THEREOF, THE DEBTOR'S IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASE, THE WIND DOWN, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, OR THE WIND DOWN, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN**

10

CONNECTION WITH THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE CHAPTER 11 CASE, THE FILING OF THE CHAPTER 11 CASE, THE DIP FINANCING DOCUMENTS, SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE TRANSFER OR DISTRIBUTION OF ANY SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, PURSUANT TO THE WIND DOWN, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN AND SHALL NOT RESULT IN A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE DEBTOR, THE LIQUIDATING DEBTOR, OR THE PLAN SPONSOR WITH RESPECT TO SUCH POST-EFFECTIVE DATE OBLIGATIONS OR (B) CLAIMS OR CAUSE OF ACTIONS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.

Article I of the Plan contains the following definitions:

"**Exculpated Party**" means the Debtor.

"**Related Parties**" means collectively, with respect to any Entity or Person, including each Released Party and Exculpated Party, such Entity or Person's, current, former and future Affiliates, member firms and associated entities, and with respect to each of the foregoing, their Affiliates, current directors, current managers, current officers and current equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, participants, successors, assigns, subsidiaries, affiliates, managed accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, employees, agents, trustees, advisory board members, investment fund advisors or managers, investment managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

"**Released Parties**" means collectively: (a) the Debtor and its Estate; (b) the Liquidating Debtor and its Estate; (c) the DIP Lenders; (d) any Professional; (e) the Secured Lenders; and (f) with respect to (a) through (e), such Entities' Related Parties.

"**Releasing Parties**" means collectively: (a) each Released Party; (b) each holder of a Claim that is given the opportunity to, but does not, opt out of the Release provisions herein in accordance with this Plan; and (c) to the extent the Entities in clauses (a) and (b) of this definition may legally bind them to the releases herein, the Related Parties of such Entities in clauses (a) and (b).

11

"**Representatives**" means, with respect to any Person, any current and former Affiliates, equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals of such Person, in each case, in such capacity.

Dated: [●], 2026

Respectfully submitted,

*/s/ DRAFT*
Jeff P. Prostok (State Bar No. 16352500)
Mary Taylor Stanberry (State Bar No. 24143781)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Ste. 2200
Fort Worth, Texas 76107
Telephone: (817) 214-4990
jeff.prostok@vkhh.com
mary.stanberry@vkhh.com

Candice M. Carson (State Bar No. 24074006)
J. Blake Glatstein (State Bar No. 24123295)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue, Ste 4200W
Dallas, Texas 75201
Telephone: (469) 654-1340
candice.carson@vkhh.com
blake.glatstein@vkhh.com

*Counsel to the Debtor and Debtor-in-Possession*

<u>ANNEX</u>

**[SUPPLEMENTAL INFORMATION AND OPT OUT ELECTION FORM FOR HOLDERS IN NONVOTING CLASSES]**[4]

**<u>Nonvoting Status</u>**

You are receiving this notice as a Holder or potential Holder of a Claim against or Interest in the Debtor that, due to the nature and treatment of such Claim or Interest under the Plan, is not entitled to vote on the Plan. Specifically, under the terms of the Plan, (i) Claims in Class 1 (Other Priority Claims) (ii) Interests in Class 5 (Existing Interests) are Unimpaired under the Plan and Disclosure Statement and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan (the "**Nonvoting Classes**").

As set forth in the above notice, if you would like copies of the Plan and Disclosure Statement, and related documents, you may obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: https://ecf.txsb.uscourts.gov/ or (for free) by emailing the Debtor's Solicitation Agent at TedderBalloting@vkhh.com.

**UNLESS YOU MAKE THE OPT OUT ELECTION BELOW, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX OF THE PLAN, AS SET FORTH ABOVE. YOU MAY ELECT NOT TO GRANT SUCH RELEASES <u>ONLY IF</u> YOU CHECK THE BOX BELOW. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.**

**<u>Release Opt Out Election</u>**

**<u>OPTIONAL RELEASE ELECTION</u>. YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE IX OF THE PLAN (THE "<u>THIRD-PARTY RELEASES</u>") ONLY <u>IF</u> YOU CHECK THE BOX BELOW:**

> ☐ **The undersigned Holder of the Claim or Interest elects to <u>OPT OUT of the Third-Party Release</u>**

**Certifications.**

By signing this Opt Out Election Form, the undersigned certifies to the Court and the Debtor that:

1. as of the Voting Record Date, either (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of the Claim or Interest;

2. the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Confirmation Hearing Notice* and that this Opt Out Election Form;

---

[4] [Only to be included for holders in Nonvoting Classes.]

3.  the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

4.  no other Opt Out Election Form has been submitted or, if any other Opt Out Election Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt Out Election Forms are hereby revoked.

Name of Holder: _____
(Print or Type)

Signature: _____

Name of Signatory: _____
(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

*IF YOU HAVE MADE THIS OPTIONAL OPT OUT ELECTION,* **PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT ELECTION FORM AND RETURN IT** *PROMPTLY* **BY** *ONLY ONE* **OF THE METHODS BELOW:**

**Via First Class mail, overnight courier, or hand delivery:**

Tedder Industries, LLC
c/o Vartabedian Katz Hester & Haynes LLP
Attn: Kristina Hartogh
301 Commerce Street, St. 2200
Fort Worth, Texas 76102

*- OR –*

14

**Via electronic submission:**

Email: TedderBalloting@vkhh.com

---

**THE VOTING DEADLINE IS AUGUST 27, 2026, AT 4:00 P.M. (PREVAILING CENTRAL TIME).** THE SOLICITATION AGENT MUST *ACTUALLY RECEIVE* YOUR OPT OUT ELECTION ON OR BEFORE THE VOTING DEADLINE.

---

\*      \*      \*      \*      \*

15

**EXHIBIT 2**
**Solicitation Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **TEDDER INDUSTRIES, LLC.,**[1] | § § | **Case No. 25-90805 (CML)** |
| **Debtor.** | § § § § § | |

**SOLICITATION PROCEDURES**

The following solicitation procedures (these "**Solicitation Procedures**") shall govern the solicitation of votes to accept or reject the *Combined Disclosure Statement and Plan of Liquidation of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**" or "**Plan**")[2] of Tedder Industries, LLC (the "**Debtor**") filed in the Debtor's chapter 11 case pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**"), which Disclosure Statement has been conditionally approved by the Court pursuant to the order to which these Solicitation Procedures are attached as **Exhibit 2** (the "**Order**").

The following dates and deadlines shall apply in connection with solicitation of votes on, and confirmation of, the Plan, subject to modification as necessary in accordance with section E below (the "**Confirmation Schedule**"):

| Event | Date | Description |
|---|---|---|
| **Voting Record Date** | July 27, 2026 | The date for determining which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan (the "**Voting Record Date**"). |
| **Solicitation Materials Mailing Deadline** | Three (3) business days from entry of the Order (or as soon as reasonably practicable thereafter) | The deadline by which the Debtor must distribute the Solicitation Packages, including the applicable Ballot, to Holders of Claims entitled to vote to accept or reject the Plan (the "**Solicitation Materials Mailing Deadline**"). |

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Order, as applicable.

2

| Plan Supplement Filing Deadline | August 17, 2026 | The deadline by which the Debtor shall file any Plan Supplement (the "**Plan Supplement Filing Deadline**"). |
|---|---|---|
| **Voting Deadline** | August 27, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline for submitting Ballots to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code (the "**Voting Deadline**"). |
| **Plan and Disclosure Statement Objection Deadline** | August 27, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline by which parties in interest may file objections to confirmation of the Plan or the adequacy of the Disclosure Statement (the "**Plan and Disclosure Statement Objection Deadline**"). |
| **Deadline to File Voting Report** | August 31, 2026, at 11:59 p.m. (prevailing Central Time) | The date by which the Debtor will file the Voting Report tabulating the votes on the Plan. |
| **Confirmation Brief Deadline** | September 3, 2026, at 12:00 p.m. (prevailing Central Time) | The date by which the Debtor shall file its brief in support of confirmation of the Plan and final approval of the adequacy of the Disclosure Statement in response to objections thereto (the "**Confirmation Brief Deadline**"). |
| **Combined Hearing Date** | September 8, 2026, at 1:00 p.m. (prevailing Central Time) | The date for the hearing at which the Court will consider confirmation of the Plan and final approval of the adequacy of the Disclosure Statement (such hearing, the "**Combined Hearing**," and such date, the "**Combined Hearing Date**"). |

### A. The Voting Record Date

The Court has established **July 27, 2026** as the voting record date (the "**Voting Record Date**"), which is the date for determining which Holders of Claims in the Voting Classes (as defined below) are entitled to vote to accept or reject the Plan. Only Holders of Claims in the Voting Classes as of the Voting Record Date are entitled to receive a Solicitation Package and to cast a Ballot to accept or reject the Plan.

### B. The Voting Deadline

The Court has established **August 27, 2026, at 4:00 p.m. (prevailing Central Time)** as the deadline for submitting Ballots to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code (the "**Voting Deadline**"). To be counted, a Ballot cast by a Holder of a Claim in a Voting Class must be properly executed, completed, and delivered so that it is *actually received* by Vartabedian Katz Hester & Haynes LLP (the Debtor's notice, claims, and solicitation agent (the "**Solicitation Agent**"), on or before the Voting Deadline by: (i) email to TedderBalloting@vkhh.com ; (ii) first-class mail; (iii) overnight courier; or (iv) hand delivery. **Ballots submitted by facsimile or other electronic transmission will not be counted.**

Any Ballot received *after* the Voting Deadline, or otherwise not actually received by the Solicitation Agent in accordance with these Solicitation Procedures on or before the Voting Deadline, **will not be counted**, except as set forth in Section D.3 below.

**C. Form, Content, and Manner of Notices**

1. The Solicitation Package

Consistent with Bankruptcy Rule 3017(d), by the Solicitation Materials Mailing Deadline (as defined below), the Debtor will distribute a solicitation package (each, a "**Solicitation Package**") to Holders of Claims in the Voting Classes. Each Solicitation Package will include:

a. the Order (excluding schedules);

b. the conditionally approved Disclosure Statement, including the Plan;

c. these Solicitation Procedures (**Exhibit 2** to the Order);

d. the applicable form of Ballot for the Holder's Class (**Exhibits 3A**, **3B**, and **3C** to the Order, as applicable);

e. the Combined Hearing Notice (as defined below);

f. a pre-addressed, postage pre-paid reply envelope; and

g. any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

Each Solicitation Package will include instructions for completing and returning the applicable Ballot, and the Disclosure Statement and Ballots will provide that a Holder of a Claim in a Voting Class must submit its Ballot so that it is *actually received* by Vartabedian Katz Hester & Haynes LLP on or before the Voting Deadline for such Holder's vote to be counted.

2. Distribution of the Solicitation Packages

As soon as reasonably practicable after entry of the Order, the Debtor will distribute: (a) the Solicitation Packages to Holders of Claims in the Voting Classes; and (b) the Notice of Nonvoting Status (as defined below) to Holders of Claims and Interests in the Nonvoting Classes (as defined below). To avoid duplication and reduce expenses, the Debtor will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicative Proofs of Claim against the Debtor that are classified under the Plan in the same Voting Class receive no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claims and with respect to that Class as against the Debtor.

Within three (3) business days from entry of the Order (or as soon as reasonably practicable thereafter) (the "**Solicitation Materials Mailing Deadline**"), the Debtor will commence solicitation of votes on the Plan by distributing the Solicitation Packages, including the applicable Ballot, to Holders of Claims entitled to vote to accept or reject the Plan. The Debtor will also serve notice of the hearing on confirmation of the Plan and final approval of the adequacy of the Disclosure Statement (the "**Combined Hearing Notice**") on all known Holders of Claims and

4

Interests no later than the Solicitation Materials Mailing Deadline. Following expiration of the Voting Deadline, the Debtor, with the assistance of the Solicitation Agent, will complete a final tabulation of the Ballots and file with the Court a report tabulating the votes received on the Plan (the "**Voting Report**") by **August 31, 2026, at 11:59 p.m. (prevailing Central Time)**.

3.   Notices for the Nonvoting Classes

Holders of Claims and Interests in Class 1 (Other Priority Claims) and Class 5 (Existing Interests) are Unimpaired and conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code and, therefore, are not entitled to vote on the Plan (each, a "**Nonvoting Class**" and, collectively, the "**Nonvoting Classes**"). Consistent with section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), and in lieu of a full Solicitation Package, the Debtor will deliver to Holders of Claims and Interests in the Nonvoting Classes a notice of nonvoting status (the "**Notice of Nonvoting Status**"), together with the Combined Hearing Notice.

The Notice of Nonvoting Status will inform the recipient of: (a) its status as a Holder of a Claim or Interest in a Nonvoting Class; (b) instructions on how to obtain copies of the Disclosure Statement, the Plan, the Order, and the other solicitation materials; (c) notice of the Plan and Disclosure Statement Objection Deadline; and (d) notice of the Combined Hearing Date.

Distribution of the Notice of Nonvoting Status and the Combined Hearing Notice, in lieu of a full Solicitation Package, to Holders of Claims and Interests in the Nonvoting Classes is consistent with Bankruptcy Rule 3017(d) and section 1126(f) of the Bankruptcy Code, as solicitation of Holders conclusively presumed to accept the Plan is unnecessary.

The Debtor will serve the Combined Hearing Notice on all known Holders of Claims and Interests no later than the Solicitation Materials Mailing Deadline. The Combined Hearing Notice will include: (a) notice of the Voting Deadline; (b) notice of the Plan and Disclosure Statement Objection Deadline; (c) notice of the date by which the Debtor will file any Plan Supplements; and (d) the date of the hearing at which the Court will consider confirmation of the Plan and final approval of the adequacy of the Disclosure Statement (such hearing, the "**Combined Hearing**," and such date, the "**Combined Hearing Date**"), together with related information.

**D.   Voting and Tabulation Procedures**

1.   Holders of Claims Entitled to Vote

Pursuant to the Plan, the Debtor is soliciting votes on the Plan only from Holders of Claims in Class 2 (Secured Lender Claim), Class 3 (General Unsecured Claims), and Class 4 (Watts Claim), which are the only Classes of Claims impaired under the Plan and entitled to vote to accept or reject the Plan (each, a "**Voting Class**" and, collectively, the "**Voting Classes**"). Holders of Claims and Interests in the Nonvoting Classes are not entitled to vote on the Plan and will not receive a Ballot.

(a)   Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been satisfied, expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date and (ii) is not the subject of a pending objection, request for estimation, or adversary proceeding filed by the Debtor with the Court at least fourteen (14) days prior to the Voting Deadline (such a Claim,

a "**Potentially Disallowed Claim**"), subject to decision on a Rule 3018 Motion (as defined herein); *provided that* a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

(b) Holders of Claims that are listed in the Schedules; *provided that* Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been superseded by a timely Filed Proof of Claim) or that have been paid pursuant to a prior Order of the Court shall be disallowed for voting purposes;

(c) Holders whose Claims arise (i) pursuant to an agreement or settlement with the Debtor, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtor pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

(d) Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

(e) the assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; *provided that* such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.   Establishing Claim Amounts for Voting Purposes

**Secured Lender Claim**. The Secured Lender Claim (Class 2) is Allowed in the aggregate amount of $25,050,000.00, and the Holder of the Secured Lender Claim has agreed to waive any right to recovery from the GUC Pool.

**General Unsecured Claims**. Each Holder of a General Unsecured Claim as of the Voting Record Date shall be entitled to vote the amount of its Claim established in accordance with the procedures set forth below for Filed and Scheduled Claims.

**Filed and Scheduled Claims**. The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtor, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

(a) the Claim amount (i) settled and/or agreed upon by the Debtor, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, (iii) set forth in a document executed by the Debtor pursuant to authority granted by the Court, or (iv) set forth in emailed instructions from the Debtor's counsel to the Solicitation Agent with the applicable voter copied;

(b) the Claim amount Allowed (temporarily or otherwise) pursuant to a ruling on a Rule 3018 Motion;

6

(c) the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided that* any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly unliquidated or unknown amount (based on a reasonable review by the Debtor) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code and (ii) a partially liquidated and partially unliquidated Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further,* that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes; *provided, further,* that any Claim filed in an amount denominated by a currency other than USD will vote at $1.00;

(d) the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided that* such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided, further, that* a Claim listed in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00;

(e) Proofs of Claim filed or claims scheduled for $0.00 are not entitled to vote;

(f) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

(g) if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later-filed amending Claim shall be entitled to vote in a manner consistent with these Solicitation Procedures, and the earlier-filed Claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Solicitation Procedures; and

(h) in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

3. <u>Resolution of Disputed Claims for Voting Purposes</u>.

(a) If a Claim in a Voting Class is subject to an objection by the Debtor that is filed with the Court less than fourteen (14) days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the

7

Court orders otherwise; provided that any such Claim that is contingent, disputed, or unliquidated shall vote at $1.00, consistent with 2(d) above.

(b) If any Holder of a Potentially Disallowed Claim seeks to challenge the allowance of its Claim or Interest for voting purposes, such Holder must file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018 Motion**"). If a Claim in a Voting Class is a Potentially Disallowed Claim, the Holder of such Claim will receive a Ballot (such Ballot, a "**Provisional Ballot**") and such Holder shall be subject to the same requirements set forth in the Solicitation Order applicable to the Class in which such Holder's Claim is included. The Provisional Ballot shall only be included in the tabulation of votes if (i) such Holder submits a Rule 3018 Motion by no later than **August 17, 2026, at 4:00 p.m. (prevailing Central Time)** and (ii) the Court grants the relief requested in such Holder's Rule 3018 Motion.

4. <u>Tabulation of Ballots</u>

Section 1126(c) of the Bankruptcy Code provides that a class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section 1126(e) of the Bankruptcy Code, that hold at least two-thirds in amount and more than one-half in number of the Allowed Claims of such class that have voted to accept or reject the plan. Bankruptcy Rule 3018(c) requires that an acceptance or rejection of a plan be in writing, identify the plan, be signed by the creditor or an authorized agent, and conform to the appropriate Official Form. The Debtor has prepared, and the Order approves, customized Ballots (**Exhibits 3A**, **3B**, and **3C** to the Order) reflecting the applicable treatment of Claims in Class 2, Class 3, and Class 4, respectively.

A Ballot will not be counted toward satisfaction of section 1126(c) of the Bankruptcy Code if it is:

a. illegible;

b. submitted by or on behalf of a Holder of a Claim that is not entitled to vote on the Plan;

c. unsigned; or

d. not clearly marked.

Subject to a contrary order of the Court, the Debtor may waive any defects or irregularities as to any particular Ballot, and any such waiver will be documented in the Voting Report. Following expiration of the Voting Deadline, the Debtor, with the assistance of the Solicitation Agent, will complete a final tabulation of the Ballots cast on the Plan and will file the Voting Report with the Court by **August 31, 2026**.

These Solicitation Procedures are intended to (a) set forth which Holders of Claims are entitled to vote on the Plan, (b) clarify the obligations of Holders of Claims entitled to vote to accept or reject the Plan, and (c) create a straightforward process for the Debtor to determine whether it has satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code.

8

### E.  Amendments to the Plan and Solicitation Procedures

The Debtor may make non-substantive changes to the Plan, the Disclosure Statement, these Solicitation Procedures, the Solicitation Packages, the Ballots, the Cover Letter, the Combined Hearing Notice, and any other related documents without further order of the Court (in accordance with applicable consent rights), including formatting changes, changes to correct typographical or grammatical errors, and conforming changes to the Plan, the Disclosure Statement, or any other materials in the Solicitation Package prior to distribution.

Except as set forth above, any other amendment or modification to the Plan or these Solicitation Procedures shall be made in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court.

\* \* \* \* \*

**EXHIBIT 3-A**

**Form of Class 2 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[1] | § | |
| | § | Case No. 25-90805 (CML) |
| *Debtor.* | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**PLAN OF LIQUIDATION OF TEDDER INDUSTRIES, LLC,**
<u>**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**</u>

**BALLOT FOR HOLDERS OF CLASS 2 SECURED LENDER CLAIM**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 27, 2026, AT 1:00 P.M., PREVAILING CENTRAL TIME (THE "<u>VOTING DEADLINE</u>"), IN ACCORDANCE WITH THE FOLLOWING:**

---

Tedder Industries, LLC, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), is soliciting votes with respect to the *Combined Disclosure Statement and Plan of Liquidation of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 185] (as revised on July 27, 2026 [Dkt. No. 194], and as may be amended, supplemented, or otherwise modified from time to time, the "**Plan and Disclosure Statement**", the "**Plan**" or the "**Disclosure Statement**", as applicable). The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**") has conditionally approved the Disclosure Statement for purposes of solicitation, by entry of an order on July 27, 2026 [Dkt. No. ●] (the "**Order**"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan or final approval of the Disclosure Statement by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

2

You are receiving this ballot (this "**Class 2 Ballot**") because you are the Holder of the Secured Lender Claim ("**Secured Lender Claim**") as of July 27, 2026 ("the "**Voting Record Date**"). Accordingly, you have a right to execute this Class 2 Ballot and to vote to accept or reject the Plan.

Your rights are described in the Plan and Disclosure Statement, which is included in the package (the "**Solicitation Package**") you are receiving with this Class 2 Ballot (as well as the Solicitation Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them for a fee via PACER at https://ecf.txsb.uscourts.gov/.

This Class 2 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 2 Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and Disclosure Statement, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Secured Lender Claim has been placed in Class 2 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

## Item 1.        Aggregate Amount of Secured Lender Claim and Vote on Plan.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of the Secured Lender Claim in Class 2. You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for Class 2 in order to have your vote counted.

Please note that you are voting all of your Claims in Class 2 either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote in Class 2 will not be counted. If you indicate that you both accept and reject the Plan for your Class 2 Claim by checking both boxes below, your Class 2 vote will not be counted.

The Holder of the Secured Lender Claim in Class 2 votes to (*please check <u>one and only one box</u>*):

| Voting Class | Description | Amount | Vote to Accept or Reject the Plan |
|---|---|---|---|
| Class 2 | Secured Lender Claim | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

3

**Item 2.**    **Important information regarding the Third-Party Release.**

**Article IX of the Plan contains the following provision**:

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, OTHER THAN THE ALLOWED SECURED LENDER CLAIM HELD BY THE SECURED LENDERS, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ITSELF OR THE DEBTOR OR ITS ESTATE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), ANY SECURITIES ISSUED BY THE DEBTOR AND THE OWNERSHIP THEREOF, THE DEBTOR'S IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASE, THE WIND DOWN, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, OR THE WIND DOWN, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE CHAPTER 11 CASE, THE FILING OF THE CHAPTER 11 CASE, THE DIP FINANCING DOCUMENTS, SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE TRANSFER OR DISTRIBUTION OF ANY SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, PURSUANT TO THE WIND DOWN, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN AND SHALL NOT RESULT IN A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE DEBTOR, THE LIQUIDATING DEBTOR, OR THE PLAN SPONSOR WITH RESPECT TO SUCH POST-EFFECTIVE DATE OBLIGATIONS OR (B) CLAIMS OR CAUSE OF ACTIONS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.**

\*     \*     \*

4

UNDER THE PLAN, "RELEASED PARTIES" MEANS COLLECTIVELY: (A) THE DEBTOR AND ITS ESTATE; (B) THE LIQUIDATING DEBTOR AND ITS ESTATE; (C) THE DIP LENDERS; (D) ANY PROFESSIONAL; (E) THE SECURED LENDERS; AND (F) WITH RESPECT TO (A) THROUGH (E), SUCH ENTITIES' RELATED PARTIES.

UNDER THE PLAN, "RELEASING PARTIES" MEANS COLLECTIVELY: (A) EACH RELEASED PARTY; (B) EACH HOLDER OF A CLAIM THAT IS GIVEN THE OPPORTUNITY TO, BUT DOES NOT, OPT OUT OF THE RELEASE PROVISIONS HEREIN IN ACCORDANCE WITH THIS PLAN; AND (C) TO THE EXTENT THE ENTITIES IN CLAUSES (A) AND (B) OF THIS DEFINITION MAY LEGALLY BIND THEM TO THE RELEASES HEREIN, THE RELATED PARTIES OF SUCH ENTITIES IN CLAUSES (A) AND (B).

UNDER THE PLAN, "RELATED PARTIES" MEANS COLLECTIVELY, WITH RESPECT TO ANY ENTITY OR PERSON, INCLUDING EACH RELEASED PARTY AND EXCULPATED PARTY, SUCH ENTITY OR PERSON'S, CURRENT, FORMER AND FUTURE AFFILIATES, MEMBER FIRMS AND ASSOCIATED ENTITIES, AND WITH RESPECT TO EACH OF THE FOREGOING, THEIR AFFILIATES, CURRENT DIRECTORS, CURRENT MANAGERS, CURRENT OFFICERS AND CURRENT EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, INVESTMENT FUND ADVISORS OR MANAGERS, INVESTMENT MANAGERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

NOTWITHSTANDING THE FOREGOING, AN ENTITY SHALL NOT BE A RELEASING PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN.

UNLESS YOU MAKE THE OPT OUT ELECTION BELOW, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY ELECT NOT TO GRANT SUCH RELEASES ONLY IF YOU CHECK THE BOX BELOW. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.

**The Holder of the Class 2 Secured Lender Claim identified in Item 1 elects to:**

☐ **OPT OUT of the Third-Party Release**

5

**Item 3.**        **Certifications.**

By signing this Class 2 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

(a) as of the Voting Record Date, either (i) the Entity is the Holder of the Secured Lender Claim being voted pursuant to this Class 2 Ballot; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Secured Lender Claim being voted pursuant to this Class 2 Ballot;

(b) the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the Entity has cast the same vote with respect to all its Class 2 Secured Lender Claim; and

(d) no other Class 2 Ballot with respect to the amount of the Secured Lender Claim identified in Item 1 has been cast or, if any other Class 2 Ballot has been cast with respect to such Secured Lender Claim, then any such earlier Class 2 Ballot is hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

6

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**<u>Via Paper Ballot</u>. Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:**

Tedder Industries, LLC
c/o Vartabedian Katz Hester & Haynes LLP
Attn: Kristina Hartogh
301 Commerce Street, St. 2200
Fort Worth, Texas 76102

*- OR –*

**<u>Via E-Mail Ballot</u>. Complete, sign, and date this Ballot and return it (with an original signature) promptly via e-mail to: TedderBalloting@vkhh.com**

**<u>PLEASE SUBMIT YOUR CLASS 2 BALLOT PROMPTLY</u>**

> **IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE <u>AUGUST 27, 2026, AT 4:00 P.M. (PREVAILING CENTRAL TIME)</u>, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

\*     \*     \*     \*     \*     \*

**EXHIBIT 3-B**

**Form of Class 3 Ballot**

1

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[1] | § | |
| | § | Case No. 25-90805 (CML) |
| *Debtor.* | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR**
**REJECT PLAN OF LIQUIDATION OF TEDDER INDUSTRIES, LLC,**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR HOLDERS OF CLASS 3 GENERAL UNSECURED CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 27, 2026, AT 4:00 P.M., PREVAILING CENTRAL TIME (THE "VOTING DEADLINE"), IN ACCORDANCE WITH THE FOLLOWING:**

Tedder Industries, LLC, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), are soliciting votes with respect to the *Combined Disclosure Statement and Plan of Liquidation of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 185] (as revised on July 27, 2026 [Dkt. No. 194], and as may be amended, supplemented, or otherwise modified from time to time, the "**Plan and Disclosure Statement**", the "**Plan**" or the "**Disclosure Statement**", as applicable). The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**") has conditionally approved the Disclosure Statement for purposes of solicitation, by entry of an order on July 27, 2026 [Dkt. No. ●] (the "**Order**"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan or final approval of the Disclosure Statement by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (this "**Class 3 Ballot**") because you are the Holder of a General Unsecured Claim ("**General Unsecured Claim**") as of July 27, 2026 ("the "**Voting Record**

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

2

**Date**"). Accordingly, you have a right to execute this Class 3 Ballot and to vote to accept or reject the Plan.

Your rights are described in the Plan and Disclosure Statement, which is included in the package (the "**Solicitation Package**") you are receiving with this Class 3 Ballot (as well as the Solicitation Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them for a fee via PACER at https://ecf.txsb.uscourts.gov/.

This Class 3 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 3 Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and Disclosure Statement, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your General Unsecured Claim has been placed in Class 3 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

<u>**Item 1.**</u>          **Aggregate Amount of General Unsecured Claims and Vote on Plan.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Geneal Unsecured Claim in Class 3. You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for Class 3 in order to have your vote counted.

Please note that you are voting all of your Claims in Class 3 either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote in Class 3 will not be counted. If you indicate that you both accept and reject the Plan for your Class 3 Claim by checking both boxes below, your Class 3 vote will not be counted.

The Holder of General Unsecured Claims in Class 3 votes to (*please check <u>one and only one box</u>*):

| Voting Class | Description | Amount | Vote to Accept or Reject the Plan |
|---|---|---|---|
| Class 3 | General Unsecured Claim | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

3

**Item 2.**        **Important information regarding the Third-Party Release.**

**Article IX of the Plan contains the following provision**:

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, OTHER THAN THE ALLOWED SECURED LENDER CLAIM HELD BY THE SECURED LENDERS, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ITSELF OR THE DEBTOR OR ITS ESTATE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), ANY SECURITIES ISSUED BY THE DEBTOR AND THE OWNERSHIP THEREOF, THE DEBTOR'S IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASE, THE WIND DOWN, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, OR THE WIND DOWN, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE CHAPTER 11 CASE, THE FILING OF THE CHAPTER 11 CASE, THE DIP FINANCING DOCUMENTS, SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE TRANSFER OR DISTRIBUTION OF ANY SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, PURSUANT TO THE WIND DOWN, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN AND SHALL NOT RESULT IN A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE DEBTOR, THE LIQUIDATING DEBTOR, OR THE PLAN SPONSOR WITH RESPECT TO SUCH POST-EFFECTIVE DATE OBLIGATIONS OR (B) CLAIMS OR CAUSE OF ACTIONS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.**

*     *     *

4

UNDER THE PLAN, "RELEASED PARTIES" MEANS COLLECTIVELY: (A) THE DEBTOR AND ITS ESTATE; (B) THE LIQUIDATING DEBTOR AND ITS ESTATE; (C) THE DIP LENDERS; (D) ANY PROFESSIONAL; (E) THE SECURED LENDERS; AND (F) WITH RESPECT TO (A) THROUGH (E), SUCH ENTITIES' RELATED PARTIES.

UNDER THE PLAN, "RELEASING PARTIES" MEANS COLLECTIVELY: (A) EACH RELEASED PARTY; (B) EACH HOLDER OF A CLAIM THAT IS GIVEN THE OPPORTUNITY TO, BUT DOES NOT, OPT OUT OF THE RELEASE PROVISIONS HEREIN IN ACCORDANCE WITH THIS PLAN; AND (C) TO THE EXTENT THE ENTITIES IN CLAUSES (A) AND (B) OF THIS DEFINITION MAY LEGALLY BIND THEM TO THE RELEASES HEREIN, THE RELATED PARTIES OF SUCH ENTITIES IN CLAUSES (A) AND (B).

UNDER THE PLAN, "RELATED PARTIES" MEANS COLLECTIVELY, WITH RESPECT TO ANY ENTITY OR PERSON, INCLUDING EACH RELEASED PARTY AND EXCULPATED PARTY, SUCH ENTITY OR PERSON'S, CURRENT, FORMER AND FUTURE AFFILIATES, MEMBER FIRMS AND ASSOCIATED ENTITIES, AND WITH RESPECT TO EACH OF THE FOREGOING, THEIR AFFILIATES, CURRENT DIRECTORS, CURRENT MANAGERS, CURRENT OFFICERS AND CURRENT EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, INVESTMENT FUND ADVISORS OR MANAGERS, INVESTMENT MANAGERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

NOTWITHSTANDING THE FOREGOING, AN ENTITY SHALL NOT BE A RELEASING PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN.

UNLESS YOU MAKE THE OPT OUT ELECTION BELOW, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY ELECT NOT TO GRANT SUCH RELEASES ONLY IF YOU CHECK THE BOX BELOW. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.

The Holder of the Class 3 General Unsecured Claims identified in Item 1 elects to:

☐ **OPT OUT of the Third-Party Release**

5

**Item 3.**        **Certifications.**

By signing this Class 3 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

(a) as of the Voting Record Date, either (i) the Entity is the Holder of a General Unsecured Claim being voted pursuant to this Class 3 Ballot; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of a General Unsecured Claim being voted pursuant to this Class 3 Ballot;

(b) the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the Entity has cast the same vote with respect to all its Class 3 General Unsecured Claim; and

(d) no other Class 3 Ballot with respect to the amount of the General Unsecured Claim identified in Item 1 has been cast or, if any other Class 3 Ballot has been cast with respect to such General Unsecured Claim, then any such earlier Class 3 Ballot is hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

6

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>**Via Paper Ballot**</u>**. Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:**

Tedder Industries, LLC
c/o Vartabedian Katz Hester & Haynes LLP
Attn: Kristina Hartogh
301 Commerce Street, St. 2200
Fort Worth, Texas 76102

*- OR –*

<u>**Via E-Mail Ballot**</u>**. Complete, sign, and date this Ballot and return it (with an original signature) promptly via e-mail to: TedderBalloting@vkhh.com**

<u>**PLEASE SUBMIT YOUR CLASS 3 BALLOT PROMPTLY**</u>

---

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE <u>AUGUST 27, 2026, AT 4:00 P.M., (PREVAILING CENTRAL TIME)</u>, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

---

\*   \*   \*   \*   \*   \*

**EXHIBIT 3-C**

**Form of Class 4 Ballot**

1

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| TEDDER INDUSTRIES, LLC,[1] | § | |
| | § | Case No. 25-90805 (CML) |
| *Debtor.* | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR**
**REJECT PLAN OF LIQUIDATION OF TEDDER INDUSTRIES, LLC,**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR HOLDER OF CLASS 4 WATTS CLAIM**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY August 27, 2026, AT 1:00 p.m., PREVAILING CENTRAL TIME (THE "VOTING DEADLINE"), IN ACCORDANCE WITH THE FOLLOWING:**

---

Tedder Industries, LLC, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), is soliciting votes with respect to the *Combined Disclosure Statement and Plan of Liquidation of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 185] (as revised July 27, 2026 [Dkt No. 194], and as may be amended, supplemented, or otherwise modified from time to time, the "**Plan and Disclosure Statement**", the "**Plan**" or the "**Disclosure Statement**", as applicable). The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**") has conditionally approved the Disclosure Statement for purposes of solicitation, by entry of an order on July 27, 2026 [Dkt. No. ●] (the "**Order**"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan or final approval of the Disclosure Statement by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

You are receiving this ballot (this "**Class 4 Ballot**") because you are the Holder of the Watts Claim ("**Watts Claim**") as of July 27, 2026 ("the "**Voting Record Date**"). Accordingly, you have a right to execute this Class 4 Ballot and to vote to accept or reject the Plan.

Your rights are described in the Plan and Disclosure Statement, which is included in the package (the "**Solicitation Package**") you are receiving with this Class 4 Ballot (as well as the Solicitation Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them for a fee via PACER at https://ecf.txsb.uscourts.gov/.

This Class 4 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 4 Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and Disclosure Statement, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Watts Claim has been placed in Class 4 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

## <u>Item 1.</u>        **Aggregate Amount of Watts Claim and Vote on Plan.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of the Watts Claim in Class 4. You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for Class 4 in order to have your vote counted.

Please note that you are voting all of your Claims in Class 4 either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote in Class 4 will not be counted. If you indicate that you both accept and reject the Plan for your Class 4 Claim by checking both boxes below, your Class 4 vote will not be counted.

The Holder of Watts Claim in Class 4 votes to (*please check <u>one and only one box</u>*):

| Voting Class | Description | Amount | Vote to Accept or Reject the Plan |
|---|---|---|---|
| Class 4 | Watts Claim | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2.**        **Important information regarding the Third-Party Release.**

**Article IX of the Plan contains the following provision**:

NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, OTHER THAN THE ALLOWED SECURED LENDER CLAIM HELD BY THE SECURED LENDERS, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ITSELF OR THE DEBTOR OR ITS ESTATE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), ANY SECURITIES ISSUED BY THE DEBTOR AND THE OWNERSHIP THEREOF, THE DEBTOR'S IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASE, THE WIND DOWN, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, OR THE WIND DOWN, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE CHAPTER 11 CASE, THE FILING OF THE CHAPTER 11 CASE, THE DIP FINANCING DOCUMENTS, SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE TRANSFER OR DISTRIBUTION OF ANY SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, PURSUANT TO THE WIND DOWN, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN AND SHALL NOT RESULT IN A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE DEBTOR, THE LIQUIDATING DEBTOR, OR THE PLAN SPONSOR WITH RESPECT TO SUCH POST-EFFECTIVE DATE OBLIGATIONS OR (B) CLAIMS OR CAUSE OF ACTIONS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.

*        *        *

4

UNDER THE PLAN, "<u>RELEASED PARTIES</u>" MEANS COLLECTIVELY: (A) THE DEBTOR AND ITS ESTATE; (B) THE LIQUIDATING DEBTOR AND ITS ESTATE; (C) THE DIP LENDERS; (D) ANY PROFESSIONAL; (E) THE SECURED LENDERS; AND (F) WITH RESPECT TO (A) THROUGH (E), SUCH ENTITIES' RELATED PARTIES.

UNDER THE PLAN, "<u>RELEASING PARTIES</u>" MEANS COLLECTIVELY: (A) EACH RELEASED PARTY; (B) EACH HOLDER OF A CLAIM THAT IS GIVEN THE OPPORTUNITY TO, BUT DOES NOT, OPT OUT OF THE RELEASE PROVISIONS HEREIN IN ACCORDANCE WITH THIS PLAN; AND (C) TO THE EXTENT THE ENTITIES IN CLAUSES (A) AND (B) OF THIS DEFINITION MAY LEGALLY BIND THEM TO THE RELEASES HEREIN, THE RELATED PARTIES OF SUCH ENTITIES IN CLAUSES (A) AND (B).

UNDER THE PLAN, "<u>RELATED PARTIES</u>" MEANS COLLECTIVELY, WITH RESPECT TO ANY ENTITY OR PERSON, INCLUDING EACH RELEASED PARTY AND EXCULPATED PARTY, SUCH ENTITY OR PERSON'S, CURRENT, FORMER AND FUTURE AFFILIATES, MEMBER FIRMS AND ASSOCIATED ENTITIES, AND WITH RESPECT TO EACH OF THE FOREGOING, THEIR AFFILIATES, CURRENT DIRECTORS, CURRENT MANAGERS, CURRENT OFFICERS AND CURRENT EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, INVESTMENT FUND ADVISORS OR MANAGERS, INVESTMENT MANAGERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

NOTWITHSTANDING THE FOREGOING, AN ENTITY SHALL NOT BE A RELEASING PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE <u>IX.D</u> OF THE PLAN.

UNLESS YOU MAKE THE OPT OUT ELECTION BELOW, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY ELECT NOT TO GRANT SUCH RELEASES ONLY IF YOU CHECK THE BOX BELOW. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.

<u>The Holder of the Class 4 Watts Claim identified in Item 1 elects to:</u>

☐ **<u>OPT OUT of the Third-Party Release</u>**

5

**Item 3.**        **Certifications.**

By signing this Class 4 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

(a) as of the Voting Record Date, either (i) the Entity is the Holder of the Watts Claim being voted pursuant to this Class 4 Ballot; or (ii) the Entity is an authorized signatory for an Entity that is the Holder of the Watts Claim being voted pursuant to this Class 4 Ballot;

(b) the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the Entity has cast the same vote with respect to all its Class 4 Watts Claim; and

(d) no other Class 4 Ballot with respect to the amount of the Watts Claim identified in Item 1 has been cast or, if any other Class 4 Ballot has been cast with respect to such Watts Claim, then any such earlier Class 4 Ballot is hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |
| | _____ |

6

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>Via Paper Ballot</u>. **Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:**

Tedder Industries, LLC
c/o Vartabedian Katz Hester & Haynes LLP
Attn: Kristina Hartogh
301 Commerce Street, St. 2200
Fort Worth, Texas 76102

*- OR –*

<u>Via E-Mail Ballot</u>. **Complete, sign, and date this Ballot and return it (with an original signature) promptly via e-mail to: TedderBalloting@vkhh.com**

<u>**PLEASE SUBMIT YOUR CLASS 4 BALLOT PROMPTLY**</u>

> **IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE <u>AUGUST 27, 2026, AT 4:00 P.M. (PREVAILING CENTRAL TIME)</u> (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

\*   \*   \*   \*   \*   \*

7