**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEDDER INDUSTRIES, LLC, | Case No. 25-90805 (CML) |
| Debtor.[1] | Re: Docket No. 194 & 197 |

> **PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

---

[1] The last four digits of the Debtor's federal tax identification number are 7652. The location of the Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

**NOTICE OF (A) HEARING TO CONSIDER FINAL APPROVAL
OF PROPOSED DISCLOSURE STATEMENT AND CONFIRMATION
OF THE DEBTOR'S CHAPTER 11 PLAN, (B) DEADLINE FOR SUBMITTING
BALLOTS TO ACCEPT OR REJECT THE PLAN, (C) DEADLINE FOR FILING
AND SERVICE OF OBJECTIONS TO THE PLAN, AND (D) RELATED MATTERS**

**NOTICE IS HEREBY GIVEN** as follows:

1.     On December 8, 2025, Tedder Industries, LLC, as debtor and debtor-in-possession in the above captioned chapter 11 case ("**Debtor**") filed a voluntary petition for relief pursuant to chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

2.     On July 21, 2026, the Debtor filed the *Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Tedder Industries, LLC, Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 194] (as revised on July 27, 2026, and as may be further amended, supplemented, or otherwise modified from time to time, the "**Plan and Disclosure Statement**," the "**Plan**" or the "**Disclosure Statement**," as applicable), pursuant to sections 1125 and 1126 of the Bankruptcy Code.

3.     On July 27, 2026, the Court entered an order conditionally approving the Disclosure Statement for purposes of solicitation [Dkt. No. 197] (the "**Solicitation Order**").

**PLEASE TAKE FURTHER NOTICE OF THE FOLLOWING:**

**I.     HEARING TO CONSIDER ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**

1.     *Confirmation Hearing*. A hearing to consider confirmation of the Plan and final approval of the Disclosure Statement (the "**Confirmation Hearing**") has been scheduled for **September 8, 2026, at 1:00 p.m. (prevailing Central Time)** before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, in Courtroom 402, 4th floor, 515 Rusk, Houston, Texas, 77002.  You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez".

2.     The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than by a Court announcement providing for such adjournment or continuation on its agenda. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3.     *Voting Record Date*. Holders of Claims in Class 2 (Secured Lender Claim), Class 3 (General Unsecured Claims), and Class 4 (Watts Claim) who are otherwise eligible to vote shall be entitled to vote to accept or reject the Plan as of **July 27, 2026** (the "**Voting Record Date**").

4.      *Voting Deadline*. If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you must: (i) follow the instructions carefully; (ii) complete all of the required information on the Ballot; and (iii) execute and return your completed Ballot according to and as set forth in detail in the voting instructions on your Ballot so that it is actually received by the Debtor's solicitation and noticing agent, Vartabedian Katz Hester & Haynes LLP. (the "**Solicitation Agent**") on or before **August 27, 2026, at 4:00 p.m. (prevailing Central Time)** (the "**Voting Deadline**"). **ANY FAILURE TO FOLLOW THE VOTING INSTRUCTIONS INCLUDED WITH YOUR BALLOT MAY DISQUALIFY YOUR BALLOT AND YOUR VOTE.**

5.      *Parties in Interest Not Entitled to Vote*. Holders of Claims or Interests in Class 1 (Other Priority Claims) and Class 5 (Existing Interests) are not entitled to vote on the Plan and will not receive a Ballot. Pursuant to the Solicitation Procedures, if any creditor seeks to challenge the Allowed amount of its Claim for voting purposes, such creditor must file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018(a) Motion**"). Any Rule 3018(a) Motion must be filed with the Court not later than **August 17, 2026, at 4:00 p.m. (prevailing Central Time).** Upon the filing of any such Rule 3018(a) Motion, such creditor's Ballot shall be counted in accordance with the guidelines provided in the Solicitation Procedures attached as **Exhibit 2** to the Solicitation Order, unless temporarily Allowed in a different amount by an order of the Court entered prior to or concurrent with entry of an order confirming the Plan.

6.      *Objections to Confirmation*. The deadline to object or respond to confirmation of the Plan or final approval of the Disclosure Statement is **August 27, 2026, at 4:00 p.m. (prevailing Central Time)** (the "**Confirmation Objection Deadline**").

7.      *Form and Manner of Objections to Confirmation*. Objections and responses, if any, to confirmation of the Plan or final approval of the Disclosure Statement, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and any order of the Court; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtor's estates or property; (iv) provide the basis for the objection and the specific grounds therefor, and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Court (with proof of service) via ECF or by mailing to the Bankruptcy Court at United States Bankruptcy Court Clerk's Office, United States Courthouse, 515 Rusk Avenue, Courtroom 402, 4th Floor, Houston, Texas 77002, so as to be actually received no later than the Confirmation Objection Deadline. In addition to being filed with the Court, any responses or objections must be served on the following parties (collectively, the "**Notice Parties**") so as to be received by such deadline:

   a.   Counsel for the Debtors, Vartabedian Katz Hester & Haynes, 301 Commerce Street, Ste 2200, Fort Worth, Texas, 76102, Attn: Jeff Prostok, Esq. (jeff.prostok@vkhh.com); Candice Carson, Esq. (candice.carson@vkhh.com); Mary Taylor Stanberry (mary.stanberry@vkhh.com); and J. Blake Glatstein (blake.glatstein@vkhh.com);

3

b. the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, TX 77002;

c. counsel to the Secured Lender, Porter Hedges, LLP, 1000 Main St., 36th Floor, Houston, Texas 77002, Attn.: Joshua W. Wolfshohl (jwolfshohl@porterhedges.com); and

d. any other party entitled to notice under Bankruptcy Rule 2002.

**IF AN OBJECTION TO CONFIRMATION OF THE PLAN OR FINAL APPROVAL OF THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THEN THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN OR FINAL APPROVAL OF THE DISCLOSURE STATEMENT OR THE ADEQUACY THEREOF AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## II. NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

1. You or one of your affiliates may be a counterparty to one or more contracts or leases that may be an Executory Contract or Unexpired Lease with the Debtor. Except as otherwise provided in the Plan, as of the Effective Date, the Debtor shall be deemed to have rejected each Executory Contract and Unexpired Lease to which it is a party in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (i) was previously assumed or rejected by the Debtor, pursuant to a Final Order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to reject filed by the Debtor on or before the Confirmation Date, or (iv) is specifically designated by the Debtor as a contract or lease to be assumed on the Schedule of Assumed Executory Contracts and Unexpired Leases.

2. The Debtor will serve the Schedule of Assumed Executory Contract and Unexpired Leases together with any "cure amounts" on counterparties to such contracts or leases by **August 17, 2026**.

3. Each Executory Contract and Unexpired Lease assumed or assumed and assigned pursuant to this Plan, or by Bankruptcy Court order, will transfer to and be fully enforceable by the Liquidating Debtor or its assignees in accordance with its terms, except as such terms may have been modified by order of the Bankruptcy Court. Notwithstanding the foregoing paragraph or anything to the contrary herein, the Debtor reserves the right to supplement the Schedule of Assumed Executory Contracts and Unexpired Leases prior to the Effective Date.

4.      **Objections to the Assumption of Executory Contracts and Unexpired Leases:** If you believe any further amounts are due as a result of the Debtor's monetary defaults under an Executory Contract or Unexpired Lease or you wish to object to the assumption of an Executory Contract or Unexpired Lease under the Plan, including an objection regarding the ability of the Liquidating Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) (each, an "**Assumption Rejection**"), you may assert an Assumption Rejection against the Debtor or Liquidating Debtor, as applicable, subject to all defenses the Debtor or Liquidating Debtor may have with respect to such Assumption Objection. Your Assumption Objection must: (i) be in writing; (ii) conform to the applicable Federal Rules and the Bankruptcy Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof and (d) be filed with the Court and served on the Notice Parties so as to be received by **August 27, 2026, at 4:00 p.m. (prevailing Central Time)** (or such other date as may be established by the Court) (the "**Assumption Objection Deadline**"). Any counterparty to an assumed Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of such Executory Contract or Unexpired Lease, including an objection regarding the ability of the Liquidating Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), prior to the Assumption Objection Deadline (i) shall be deemed to have assented to such proposed assumption and shall be deemed to have forever released and waived such Assumption Objection and shall be precluded from being heard at the Confirmation Hearing with respect to such objection, and (ii) shall be forever barred from imposing or charging against the Liquidating Debtor any accelerations, increases or any other fees as a result of any assumption pursuant to the Plan. For the avoidance of doubt, all rights of a counterparty to assert that further amounts are due as a result of the Debtor's monetary default under an Executory Contract or Unexpired Lease are preserved after the Effective Date and can be asserted in the ordinary course of business, regardless of whether such counterparty files an Assumption Objection, subject to all defenses the Debtor or Liquidating Debtor may have with respect to such claims.

**ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT DOES NOT TIMELY OBJECT TO THE PROPOSED ASSUMPTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE BY THE ASSUMPTION OBJECTION DEADLINE WILL BE DEEMED TO HAVE CONSENTED TO SUCH ASSUMPTION. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE COURT.**

III.    **SUMMARY OF PLAN**

1.      The table below provides a summary of the classification, description and treatment, of Claims and Interests under the Plan. Anticipated recoveries for such Claims and Interests will be included in the Plan Supplement. This information is provided in summary form below for illustrative purposes only and is qualified in its entirety by reference to the provisions of the Plan.

| Class | Designation | Impairment | Voting Status |
|-------|-------------|------------|---------------|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Secured Lender Claim | Impaired | Entitled to Vote |
| Class 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 | Watts Claim | Impaired | Entitled to Vote |
| Class 5 | Existing Interests | Unimpaired | Not Entitled to Vote (Presumed to Accept) |

2.      Key components of the Plan are as follows:

a.  Administrative Expense Claim and Priority Tax Claims: Except to the extent that a holder of such Claim agrees to a less favorable treatment, each holder of an Allowed Administrative Expense Claim or an Allowed Priority Tax Claim will receive, in full and final satisfaction of such Allowed Claim, cash in the amount equal to such Allowed Claim on the Effective Date or as soon as practicable thereafter or such other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code.

b.  DIP Claims: On the Effective Date, all DIP Claims, if any, shall be deemed satisfied based on the treatment of the Allowed Secured Lender Claim.

c.  Other Priority Claims (Class 1): Unless the Holder of an Allowed Other Priority Claim agrees to less favorable treatment of such Claim, each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of, and in exchange for such Allowed Other Priority Claim Cash in an amount equal to the Allowed amount of such Allowed Other Priority Claim as soon as reasonably practicable after the latest of (A) the Effective Date, (B) the date that such Claim becomes an Allowed Other Priority Claim, and (C) a date agreed to by the Holder of such Allowed Other Priority Claim.

d.  Secured Lender Claim (Class 2): The Secured Lender Claim shall be Allowed pursuant to this Plan in the total amount of $25,050,000.00. Each Holder of the Allowed Secured Lender Claim shall receive the following on account of its Allowed Secured Lender Claim:

i.  On the Effective Date, all Cash remaining in the Debtor's Estate after payment of Administrative Expense Claims (including Allowed Professional Fee Claims), Allowed Priority Tax Claims, Allowed Other Priority Claims, funding the GUC Pool, and funding the Wind Down Amount; and

ii.  Thereafter, any Remaining Assets after payments made pursuant to the above and the completion of the Wind Down pursuant to this Plan. For the avoidance of doubt, the Secured Lenders waive the right to receive any recovery from the GUC Pool under this Plan.

6

e.  <u>General Unsecured Claims (Class 3)</u>: On the Effective Date or as soon as practicable thereafter, except to the extent such Holder agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction, compromise, settlement, release and discharge of and in exchange for such Allowed General Unsecured Claim its Pro Rata Share of the GUC Pool.

f.  <u>Watts Claim (Class 4)</u>: The Watts Claim shall be Allowed. On the Effective Date or as soon as practicable thereafter, the Holder of an Allowed Watts Claim shall receive, in full and final satisfaction, compromise, settlement, release and discharge of and in exchange for such Allowed Watts Claim, the Watts Assets.

g.  <u>Existing Interests (Class 5)</u>: The legal, equitable, and contractual rights of the Holders of Existing Interests are unaltered by the Plan and will remain effective and outstanding for administrative convenience and shall be owned and held by the same applicable Entity that held and/or owed such Existing Interests immediately prior to the Effective Date. No property will be distributed to the Holders of Existing Interests on account of such interests.

**IV.  NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.

**Injunction and Continuation of the Automatic Stay**

**Except as otherwise specifically provided in the Plan or the Confirmation Order, and subject to section 524(a) of the Bankruptcy Code, all Persons or Entities who have held, hold or may hold (a) Claims or Interests that arose prior to the Effective Date, (b) Causes of Action that are subject to exculpation pursuant to the Plan (but only to the extent of the exculpation provided in Section IX.C of the Plan), or (c) Claims, Interests or Causes of Action that are otherwise discharged, satisfied, stayed or terminated pursuant to the terms of the Plan and all other parties-in-interest seeking to enforce such Claims, Interests, or Causes of Action are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim (including a Subordinated Claim) against or Interest in the Debtor, other than to enforce any right to a distribution pursuant to the Plan, (ii) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or the Liquidating Debtor with respect to any such Claim or Interest, other than to enforce any right to a distribution pursuant to the Plan, (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against the Debtor or the Liquidating Debtor, other than to enforce any right to a distribution pursuant to this Plan, or (iv) asserting any right of setoff (except for setoffs validly exercised prepetition) or subrogation of any kind against any obligation due from the Debtor or the Liquidating**

7

Debtor with respect to any such Claim or Interest. Such injunction shall extend to any successors or assignees of the Debtor or the Liquidating Debtor and their respective properties and interests in properties.  Unless otherwise provided in the Plan or by Final Order of the Bankruptcy Court, all injunctions or automatic stays provided for in the Chapter 11 Case pursuant to section 105, if any, or section 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until entry of a Final Decree in these Chapter 11 Case at which time all such injunctions and automatic stays shall no longer be in effect.

## Exculpation

Effective as of the Effective Date, the Exculpated Party shall not have or incur liability for, and is exculpated from any Cause of Action related to any act or omission taking place between the Petition Date and the Effective Date, in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of this Plan and Disclosure Statement, the Plan Supplement, or any transaction under the Plan, contract, instrument, or document or transaction approved by the Bankruptcy Court in the Chapter 11 Case, except for (a) any Cause of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted fraud, willful misconduct, or gross negligence of such Person, and (b) any Cause of Action related to any liability of professionals to their clients pursuant to Texas Disciplinary Rules of Professional Conduct Rule 1.08(g).

## Releases

a.       Debtor Releases. NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO BANKRUPTCY CODE SECTION 1123(B) AND TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS DEEMED RELEASED AND DISCHARGED BY THE DEBTOR AND ITS ESTATE FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTOR OR ITS ESTATE, THAT THE DEBTOR AND ITS ESTATE WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), ANY SECURITIES ISSUED BY THE DEBTOR AND THE OWNERSHIP THEREOF, THE DEBTOR'S IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASE, THE WIND DOWN, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING, AS APPLICABLE, OF THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE WIND DOWN, OR ANY RESTRUCTURING TRANSACTION CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN

SUPPLEMENT, THE CHAPTER 11 CASE, THE FILING OF THE CHAPTER 11 CASE, THE DIP FINANCING DOCUMENTS, SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE TRANSFER OR DISTRIBUTION OF ANY SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, PURSUANT TO THE WIND DOWN, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN AND SHALL NOT RESULT IN A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE DEBTOR OR THE LIQUIDATING DEBTOR WITH RESPECT TO SUCH POST-EFFECTIVE DATE OBLIGATIONS OR (B) CLAIMS OR CAUSE OF ACTIONS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.

b.      <u>Releases by Releasing Parties</u>. **NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, AND TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW, OTHER THAN THE ALLOWED SECURED LENDER CLAIM HELD BY THE SECURED LENDERS, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ITSELF OR THE DEBTOR OR ITS ESTATE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), ANY SECURITIES ISSUED BY THE DEBTOR AND THE OWNERSHIP THEREOF, THE DEBTOR'S IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, ANY AVOIDANCE ACTIONS, THE CHAPTER 11 CASE, THE WIND DOWN, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, OR THE WIND DOWN, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DISCLOSURE STATEMENT, THE DIP FACILITY, THE PLAN, THE PLAN SUPPLEMENT, THE CHAPTER 11 CASE, THE FILING OF THE CHAPTER 11 CASE, THE DIP FINANCING DOCUMENTS, SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE TRANSFER OR DISTRIBUTION OF ANY SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED**

**ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (A) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, PURSUANT TO THE WIND DOWN, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN AND SHALL NOT RESULT IN A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE DEBTOR, THE LIQUIDATING DEBTOR, OR THE PLAN SPONSOR WITH RESPECT TO SUCH POST-EFFECTIVE DATE OBLIGATIONS OR (B) CLAIMS OR CAUSE OF ACTIONS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.**

Article I of the Plan contains the following definitions:

"**Exculpated Party**" means the Debtor.

"**Related Parties**" means collectively, with respect to any Entity or Person, including each Released Party and Exculpated Party, such Entity or Person's, current, former and future Affiliates, member firms and associated entities, and with respect to each of the foregoing, their Affiliates, current directors, current managers, current officers and current equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, participants, successors, assigns, subsidiaries, affiliates, managed accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, employees, agents, trustees, advisory board members, investment fund advisors or managers, investment managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

"**Released Parties**" means collectively: (a) the Debtor and its Estate; (b) the Liquidating Debtor and its Estate; (c) the DIP Lenders; (d) any Professional; (e) the Secured Lenders; and (f) with respect to (a) through (e), such Entities' Related Parties.

"**Releasing Parties**" means collectively: (a) each Released Party; (b) each holder of a Claim that is given the opportunity to, but does not, opt out of the Release provisions herein in accordance with this Plan; and (c) to the extent the Entities in clauses (a) and (b) of this definition may legally bind them to the releases herein, the Related Parties of such Entities in clauses (a) and (b).

"**Representatives**" means, with respect to any Person, any current and former Affiliates, equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals of such Person, in each case, in such capacity.

10

Dated: July 30, 2026

Respectfully submitted,

*/s/ Candice M. Carson*
Jeff P. Prostok (State Bar No. 16352500)
Mary Taylor Stanberry (State Bar No. 24143781)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Ste. 2200
Fort Worth, Texas 76107
Telephone: (817) 214-4990
jeff.prostok@vkhh.com
mary.stanberry@vkhh.com

Candice M. Carson (State Bar No. 24074006)
J. Blake Glatstein (State Bar No. 24123295)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue, Ste 4200W
Dallas, Texas 75201
Telephone: (469) 654-1340
candice.carson@vkhh.com
blake.glatstein@vkhh.com

*Counsel to the Debtor and Debtor-in-Possession*

11