**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **TEDDER INDUSTRIES, LLC.,**[1] | § § § | **Case No. 25-90805 (CML)** |
| **Debtor.** | § § § § | |

---

**DEBTOR'S FIRST OMNIBUS OBJECTION TO DUPLICATE CLAIMS
(CLAIM NOS. 6, 7, AND 12)**

---

> **This is an objection to your claim.  This objection asks the court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **Claimants receiving this Objection should locate their names and claims on Schedule 1 attached to the Proposed Order for this objection.**

Tedder Industries, LLC, as debtor and debtor-in-possession ("**Debtor**") in the above-captioned chapter 11 case, files this First Omnibus Objection to Duplicate Claims (this "**Objection**") and objects to Proofs of Claim Nos. 6, 7, and 12 (collectively, the "**Duplicate Claims**"). In support, Debtor relies on the *Declaration of Kevin Dooley in Support of the Debtor's First Omnibus Objection to Duplicate Claims (Claim Nos. 6, 7, and 12)* attached hereto as **Exhibit A** (the "**Dooley Declaration**") and respectfully states as follows:

---

[1] The last four digits of Debtor's federal tax identification number are 7652. The location of Debtor's service address is: 4411 W Riverbend Ave, Post Falls, ID 83854-8150.

1

## RELIEF REQUESTED

1. The Debtor requests entry of an order, substantially in the form filed with this Objection, disallowing and expunging the Duplicate Claims because each asserts all or part of the same alleged obligation asserted in Proof of Claim No. 9 (the "**Remaining Claim**").

## JURISDICTION AND VENUE

2. The Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The Debtor consents to entry of a final order on this Objection to the fullest extent permitted by law.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and procedural predicates for the relief requested are sections 105(a) and 502(b) of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and section M of the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

5. On December 8, 2025, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to manage its affairs as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. To date, no trustee, examiner, or committee of creditors has been appointed in this Chapter 11 Case.

7. On December 19, 2025, the United States Trustee filed and served the *Notice of Chapter 11 Bankruptcy Case* [Dkt. No. 44], identifying the deadline for all creditors (except governmental units) to file claims as April 13, 2026, and the deadline for governmental units to file claims as June 17, 2026.

8.      On April 1, 2026, the Court entered the *Order (I) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to §§ 363(b) and (f) of the Bankruptcy Code; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to § 365 of the Bankruptcy Code; and (III) Granting Related Relief* [Dkt. No. 156].

9.      On July 27, 2026, the Debtor filed the *Combined Disclosure Statement and Plan of Liquidation of Tedder Industries, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 194] (as may be further amended, supplemented, or otherwise modified from time to time, the "**Combined Plan**"), pursuant to sections 1125 and 1126 of the Bankruptcy Code. Among other things, the Combined Plan provides for distributions to general unsecured creditors from a single pool of assets, the ("**GUC Pool**").

10.     On July 27, 2026, the Court entered an order conditionally approving the Disclosure Statement for purposes of solicitation [Dkt. No. 197]. The Debtor has commenced solicitation of the Combined Plan.

11.     Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Tommy Magrath in Support of Debtor's Chapter 11 Petition and First Day Pleadings* [Dkt. No. 16] and the Combined Plan.

## BASIS FOR RELIEF

12.     Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Upon objection, a claim must be disallowed to the extent it is unenforceable against the debtor or property of the debtor under any agreement or applicable law. 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d)(2)(A) permits objections to multiple claims to be joined in an omnibus objection when the claims should

3

be disallowed, in whole or in part, because they duplicate other claims. This Objection is also governed by Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1.

13.     A properly filed proof of claim constitutes prima facie evidence of its validity and amount. FED. R. BANKR. P. 3001(f). That presumption may be overcome by evidence rebutting the claim, at which point the claimant must prove the validity of its claim by a preponderance of the evidence. *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988). A claim seeking duplicate recovery for the same debt is unenforceable to the extent of the duplication. *In re Pierport Dev. & Realty, Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013); *see also In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice.").

## DUPLICATE CLAIMS

14.     The Debtor and Arden Silverman d/b/a Capital Asset Protection ("**Silverman**") are parties to prepetition litigation now pending as *Silverman v. Tedder Industries, LLC*, Case No. 2:24-cv-06989-MRA-MAA in the United States District Court for the Central District of California (the "**California Litigation**"). The dispute concerns alleged fees under an April 5, 2023, tax services engagement pursuant to which Goldman Sachs Capital LLC agreed to assist the Debtor in obtaining federal employee retention tax credits (the "**Tax Services Agreement**").

15.     The Combined Plan defines the "**California Litigation Claim**" as Proofs of Claim Nos. 6, 7, 9, and 12, and identifies Claim No. 9 as amending Claim No. 6. [Dkt. No. 194, Art. I.A.14]. The four proofs of claim concern one disputed service-fee obligation pertaining to the Tax Services Agreement and do not represent four separate obligations.

16.     As set forth in the Dooley Declaration, the Debtor has reviewed the proofs of claim, the claims register, the Tax Services Agreement and related invoices, and has determined that each

4

of the Duplicate Claims is subsumed within the Remaining Claim. The relevant facts for each Duplicate Claim are summarized on Schedule 1 to the Proposed Order.

17.    Mr. Arden Silverman filed Claim No. 6 on January 27, 2026, in the amount of $1,458,000. Claim No. 6 asserts a secured claim for services performed, based on a prejudgment writ of attachment. Although the proof of claim incorrectly identifies the Debtor as the current creditor, it directs notice to Mr. Silverman and was signed by Mr. Silverman as the creditor.

18.    On February 6, 2026, Mr. Silverman filed Claim No. 9 for the same amount of $1,458,000, the same services, and the same asserted secured status. Claim No. 9 expressly states that Mr. Silverman acquired the claim from Goldman Sachs Capital LLC and that Claim No. 9 amends Claim No. 6.

19.    Claim No. 6 and Claim No. 9 assert the same alleged obligation. Claim No. 6 is therefore duplicative of Claim No. 9 and should be disallowed and expunged.

20.    Ai Tax Solution filed Claim No. 7 on February 2, 2026, in the amount of $1,127,365.96. Claim No. 7 asserts a general unsecured claim for goods sold or services performed and states that the claim was not acquired from another party and does not amend another claim.

21.    Ai Tax Solution filed Claim No. 12 on February 17, 2026. Except for the Clerk's file stamp and the absence of a cover letter, Claim No. 12 is identical to Claim No. 7 in all other respects. Claim No. 12 thus appears to be the same document filed a second time without alteration.

22.    Claims 7 and 12 arise from and assert the same alleged obligation asserted in Claim No. 9. Although Claim No. 9 asserts a different amount than Claims 7 and 12, that discrepancy reflects a competing calculation and does not create a separate obligation. Claims 7 and 12 are therefore duplicative of Claim No. 9 and should be disallowed and expunged.

23.     After reviewing the proofs of claim, the Debtor's counsel contacted Mr. Silverman and Ai Tax Solution to discuss the apparent duplication. In response, Mr. Silverman provided the document attached as **Exhibit B**, which purports to assign all claims subject to the California Litigation from Goldman Sachs Capital to Mr. Silverman.[2] The document was also filed as Exhibit C to the Amended Complaint in the California Litigation. The Debtor's counsel received no response from Ai Tax Solution.

24.     Unless the Duplicate Claims are disallowed and expunged, the same alleged obligation could be counted more than once for voting, reserve, and distribution purposes and could result in unwarranted multiple recoveries. The Combined Plan includes the California Litigation Claim in Class 3 and provides that holders of Allowed General Unsecured Claims will share *pro rata* in the fixed $100,000 GUC Pool. [Dkt. No. 194, Art. III.A.6 n.3]. Leaving multiple proofs of claim on the claims register for the same alleged obligation could artificially increase the amount or number of claims asserted against the GUC Pool and reduce the recoveries available to other similarly situated creditors. Disallowing and expunging Claims 6, 7, and 12 will prevent that prejudice while leaving Claim No. 9 subject to all objections and defenses.

## RESERVATION OF RIGHTS

25.     The relief requested in this Objection is without prejudice to, nor does it constitute any waiver of, any claims, causes of action, or defenses to any claim belonging to (or that could be asserted by) the Debtor or its bankruptcy estate. The Debtor reserves the right to amend, supplement, or otherwise modify the Objection and to file additional objections, both technical and substantive, to the Duplicate Claims and the Remaining Claim.

---

[2] For purposes of this Objection, the Debtor takes no position on whether the document included as Exhibit B is a valid assignment.

26.     Notwithstanding anything contained in this Objection or the attached schedules or exhibits, nothing herein shall be construed as a waiver of any rights that the Debtor, or any successors in interest, may have to exercise rights of setoff against the holders of such Duplicate Claims or the Remaining Claim.

### SEPARATE CONTESTED MATTER

27.     To the extent that a response is filed regarding any Duplicate Claim and the Debtor is unable to resolve such response, each such Duplicate Claim and this Objection as it pertains to such Duplicate Claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Debtor requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each such proof of claim.

### NOTICE

28.     Notice of this Objection will be served pursuant to Bankruptcy Rule 3007, as directed by Bankruptcy Local Rule 9013-1(e).

### CONCLUSION

29.     For these reasons, the Debtor respectfully requests that the Court enter the proposed order: (a) sustaining this Objection; (b) disallowing and expunging Proofs of Claim Nos. 6, 7, and 12 as duplicate claims; (c) leaving Claim No. 9 on the claims register solely as the Remaining Claim, without allowance or adjudication and subject to the reservation above; (d) authorizing the Clerk of Court or other authorized claims-register administrator to modify the claims register accordingly; and (e) granting all other relief that is just and proper.

Dated: August 13, 2026

Respectfully submitted,

*/s/ Candice Carson*
Jeff P. Prostok (State Bar No. 16352500)
Mary Taylor Stanberry (State Bar No. 24143781)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 214-4990
Email: jeff.prostok@vkhh.com
        mary.stanberry@vkhh.com

Candice M. Carson (State Bar No. 24074006)
J. Blake Glatstein (State Bar No. 24123295)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue, Suite 5000
Dallas, Texas 75201
Telephone: (469) 654-1340
Email: candice.carson@vkhh.com
        blake.glatstein@vkhh.com

*Counsel to Debtor and Debtor-in-Possession*

8

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2026, a true and correct copy of the foregoing *Debtor's First Omnibus Objection to Duplicate Claims (Claim Nos. 6, 7, and 12)*, including Schedule 1, Exhibits A and B, and the proposed order, was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case and by first-class United States mail, postage prepaid, on the following:

| **Ai Tax Solution** | **Arden Silverman** | **John M. Kalajian** |
|---|---|---|
| 18653 Ventura Blvd., Suite 107 | **d/b/a Capital Asset Protection** | **Law Office of John M. Kalajian** |
| Tarzana, CA 91356 | 23679 Calabasas Rd., #677 | P.O. Box 1690 |
| | Calabasas, CA 91302 | Simi Valley, CA 93062 |

*Counsel for Arden Silverman*

**Exhibit A**

**Dooley Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **TEDDER INDUSTRIES, LLC,** | § § | **Case No. 25-90805 (CML)** |
| **Debtor.** | § § § § | |

---

**DECLARATION OF KEVIN DOOLEY IN SUPPORT OF DEBTOR'S FIRST OMNIBUS OBJECTION TO DUPLICATE CLAIMS (CLAIM NOS. 6, 7, AND 12)**

---

I, Kevin Dooley, hereby declare under penalty of perjury:

1.      I am the Chief Administrative Officer of Tedder Industries, LLC, the debtor and debtor in possession in the in the above-captioned chapter 11 case (the "**Debtor**").

2.      Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my discussions with the Debtor's personnel and/or its advisors, and based upon my experience and knowledge related to the Debtor's business operations and/or my review of the relevant documents and information prepared by the Debtor. If called upon to testify, I would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtor. I am familiar with the *Debtor's First Omnibus Objection to Duplicate Claims* (Claims Nos. 6,7, and 12) filed contemporaneously herewith.

3.      I am knowledgeable about the Debtor's business and financial affairs, including the prepetition litigation styled *Silverman v. Tedder Industries, LLC*, Case No. 2:24-cv-06989-MRA-MAA (C.D. Cal.) (the "**California Litigation**"). I am knowledgeable about the April 5, 2023, tax services agreement (the "**Tax Services Agreement**") between Goldman Sachs Capital LLC and the Debtor, which is the subject of the California Litigation.

4. To the best of my knowledge, the assertions made in the Objection are accurate. I reviewed the Objection and Proofs of Claim Nos. 6, 7, 9, and 12. Each proof of claim concerns the same alleged obligation for fees arising from tax services provided under the Tax Services Agreement.

5. Disallowing and expunging Claims 6, 7, and 12 as duplicate claims, while leaving Claim 9 on the register solely as the remaining proof of claim subject to all objections and defenses, is appropriate and will prevent multiple recoveries on account of a single alleged obligation.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge as of the date hereof.

Dated: August 13, 2026

/s/ Kevin Dooley
Kevin Dooley
Chief Administrative Officer
Tedder Industries, LLC

**Exhibit B**

Arden B. Silverman dba Capital Asset Protection Pro Per (Assignee)
23679 Calabasas Rd. #677
Calabasas, CA. 91302
818 404 9800

Arden Silverman dba Capital Asset            :  Assignment
Protection; Plaintiff/Assignee               :
                                             :
vs.                                          :

Tedder Industries, LLC; Tedder
Acquisitions, LLC; Inc. Tedder
Acquistion LLC C Layton POW; Sanaz
Little; Main Street Equity Interests,
Inc, MSC Equity Holding, LLC; Tetiri
Tedder; Thomas Tedder; TI Holdings LLC
etc. et. al
_____
Defendant(s)

Goldman Sachs Capital LLC

Assignor

_____

For good and valuable consideration, the receipt of which is hereby
acknowledged, Assignor named on p.1 above hereby assigns to assignee herein

-1-

their right title and interest to all claims they hold against all
Defendants.

Dated:

Capital Asset Protection

By: _____

Arden Silverman, assignee

Dated:

Goldman Sachs Capital

By: _____

Arian Egbali, assignor

-2-